UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM

To:      Counsel of Record

From:    Judge Peter J. Messitte

Re:      Rock Spring Plaza II, LLC v. Investors Warranty of Am., LLC
          Civil No. 20-1502 PJM

Date:    March 15, 2023

*********

Plaintiff Rock Spring Plaza II, landlord on a ground lease in Montgomery County, has sued Defendant Investors Warranty of America ("IWA") as tenant under the ground lease, alleging among other things that IWA has attempted to break the lease by assigning it to Defendant Rock Springs Drive ("RSD"), who Plaintiff suggests is essentially a sham entity. Plaintiff has argued, for example, that the purported assignment was made in secret; that the proposed assignee RSD only came into existence at virtually the same time the assignment to it was made; that RSD refused to provide basic information to Plaintiff, such as who its principals were and what its capitalization was; and that no deed of assignment was ever filed in the land records of the County.

Plaintiff contends that IWA's actions suggest that it has acted fraudulently in the transaction.

As part of the discovery in the case, Plaintiff, invoking the crime-fraud exception to the rule of attorney-client privilege, is seeking to discover correspondence between IWA and its attorneys that might buttress its claim of fraud (the Court does not understand that Plaintiff is alleging any crime on IWA's part).

The parties have already briefed, to a fair extent, the issue of the crime – fraud exception. At an oral hearing held on February 16, 2023, the Court ordered IWA's counsel submit to chambers for *in camera* review approximately 190 attorney-client exchanges. Upon review of the documents, the Court identified three (3) exchanges that it determined might be relevant to Plaintiff's fraud theory. However, before ordering release of the documents, the Court gave IWA's counsel ten (10) days to respond to the Court's tentative view by filing an appropriate *ex parte* pleading.

IWA's counsel did so, in the form of an eight-page single-spaced letter.

In their response, IWA's counsel went well beyond what the Court had in mind. In a form which was as much a stern lecture to the Court as conventional argument, IWA's counsel in effect re-argued the law of the crime – fraud exception and suggested that the Court could not "release" the documents but that it could only order counsel to "produce" the documents, which IWA's

1

counsel would only do in accord with what they took to be their client's rights under certain case law. Further, IWA's counsel made mention of seeking "mandamus" review if the Court failed to act in accordance with their wishes.

Importantly, IWA's counsel devoted only a small section of their submission to the actual documents the Court determined might be relevant. The vast bulk of the submission was, and is, exclusively legal in nature. Counsel to IWA's argument, in essence, urges the Court to reconsider the crime-fraud exception issue. But counsel to IWA's view of the law is no more than that – their view. In fairness, Plaintiff's counsel are entitled to respond to and, to the extent they wish or are able to do so, to rebut counsel to IWA's legal submissions.

The Court will not consider counsel for IWA's arguments on an *ex parte* basis.

That leaves IWA's counsel with but a few options. Allowing that IWA's counsel were told they might proceed *ex parte* they can:

1. Agree that the Court, after redacting the small section of their submission discussing the questioned documents, may deliver the full contents of their submission to Plaintiff's counsel;

2. Withdraw the submission and file a more conventional legal brief, seeking reconsideration of the crime-fraud exception, copy to Plaintiff's counsel, setting forth the legal argument they have sought to make *ex parte*;

3. Proceed, as in Item 2, but agree to have their original submission remain under seal.

IWA's counsel shall have five (5) days from the date of this Order to choose which option they wish to pursue. They shall make their decision in writing, copy to Plaintiff's counsel.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/ Peter J. Messitte
Peter J. Messitte
United States District Judge

CC:   Court File

2