UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**PETER J. MESSITTE**
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM

To:       Counsel of Record

From:     Judge Peter J. Messitte

Re:       Rock Spring Plaza II, LLC v. Investors Warranty of Am., LLC
          Civil No. 20-1502 PJM

Date:     May 30, 2023

\*\*\*\*\*\*\*\*

The Court has received Defendant Investors Warranty of America, LLC's Motion for Leave to Amend Counterclaim (ECF No. 300), Plaintiff Rock Spring Plaza II, LLC's opposition thereto (ECF No. 311), and IWA's Reply (ECF No. 313). IWA seeks to add one count for breach of contract, alleging that Plaintiff violated the 2006 Estoppel Agreement between them when it filed this lawsuit.

IWA's Motion for Leave to Amend Counterclaim (ECF No. 300) is **DENIED** as untimely.

"[A]fter the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16] must be satisfied to justify leave to amend." *Wooton v. CL, LLC*, 504 F. App'x 220, 223 (4th Cir. 2013). "Good cause" requires a showing that the party seeking to amend diligently attempted to comply with the deadline set forth in the scheduling order. *Amaya v. DGS Constr., LLC*, 326 F.R.D. 439, 451 (D. Md. 2018).

The deadline for amendments set forth in this matter's scheduling order was January 15, 2021. ECF No. 31. As a party to the 2006 Estoppel Agreement, IWA would have had all the information it needed to timely bring a breach of contract claim, but it did not seek leave to amend until more two and a half years after the deadline had passed and with only one month before discovery is set to end. In light of these facts, IWA has not shown diligence or "good cause" to justify the Court granting leave to amend.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/ Peter J. Messitte
Peter J. Messitte
United States District Judge

CC:       Court File

1