# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Maryland

| | | |
|---|---|---|
| Rock Spring Plaza II, LLC | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  8:20-cv-01502-PJM |
| Investors Warranty of America, LLC, et al. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  
Transamerica Corporation
4333 Edgewood Road, NE, Cedar Rapids, IA [SERVE ON: The Corporation Trust, Inc.]

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE Exhibit 1

| Place: Pillsbury Winthrop Shaw Pittman LLP  1200 Seventeenth Street, NW  Washington, DC  20036 | Date and Time:  06/16/2023 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/01/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | _alvin Dunn_ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Rock Spring Plaza II, LLC                                                         , who issues or requests this subpoena, are:

Alvin Dunn,  Pillsbury Winthrop Shaw Pittman LLP,  1200 17th St. NW, Washington, DC;  alvin.dunn@pillsburylaw.com;

202-663-8355

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   8:20-cv-01502-PJM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g)  Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

The Subpoena is governed by the following Definitions and Instructions:

**DEFINITIONS**

As used herein, the terms below shall have the following meanings:

1.      "Landlord" or "Plaintiff" refers to Plaintiff Rock Spring Plaza II, LLC, and any predecessors in interest, including Anne Camalier.

2.      "Original Tenant" refers to Rock Spring II Limited Partnership.

3.      "Tenant," "Assignor," or "IWA" refers to Defendant Investors Warranty of America, LLC, and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under IWA's control, or acting or purporting to act on behalf of IWA.

4.      "Assignee" or "RSD" refers to Defendant Rock Springs Drive, LLC, and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under RSD's control, or acting or purporting to act on behalf of RSD.

5.      "You" or "Your" or "Transamerica" refers to Transamerica Corporation and any of its subsidiaries owned 50 percent or more, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under Transamerica's control, or acting or purporting to act on behalf of Transamerica, including Transamerica Financial Life Insurance Company, Transamerica Life Insurance Company, Aegon USA Realty Advisors, LLC, Aegon USA Asset Management Holding, LLC, and AUSA Holding, LLC – but excluding IWA and RSD.

6.      "RCC North America" refers to RCC North America LLC and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives,

-1-

officers, directors, accountants, attorneys, and investigators, and any other persons or entities under RCC North America's control, or acting or purporting to act on behalf of RCC North America.

7.      "AEGON N.V." refers to AEGON N.V. and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under AEGON N.V.'s control, or acting or purporting to act on behalf of AEGON N.V.

8.      "AURA" refers to Aegon USA Realty Advisors, LLC and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under AURA's control, or acting or purporting to act on behalf of AURA.

9.      "Property" refers to the land and its attendant improvements at 6560 Rock Spring Drive in Bethesda, Maryland.

10.      "Ground Lease" refers to the November 14, 1990 Amended and Restated Ground Lease Indenture entered into between Landlord and Rock Spring II Limited Partnership. *See also* ECF No. 13-2.

11.      "Estoppel Agreement" refers to the June 2, 2006 Ground Lessor Estoppel and Non-Disturbance Agreement entered into between Landlord, Original Tenant, and Monumental Life Insurance Company. *See* ECF No. 13-3.

12.      "Document" shall be construed in the broadest possible sense within the meaning of the Federal Rules of Civil Procedure, and shall include without limitation, hard copy documents, electronically stored information ("ESI"), e-mails, text messages, electronic documents and data (residing on any type of media, including computers, phones, network servers, network drives, external hard drives, USB drives, CDs, DVDs, Blackberries, cellular phones, integrated circuit

systems (e.g., SIM cards), or on cloud-based storage drives (e.g., Google Drive, iCloud, and Dropbox), etc.), written Communications, originals, drafts, memoranda, reports, notes, diary entries, minutes, records, invoices, calendar notes, graphs, diagrams, faxes, voicemails, video recordings, audio recordings, instant messages, cards, telegrams, cables, telex messages, text messages, wage statements, pay envelopes, pay stubs, ledgers, time cards or time sheets, work schedules, correspondence, canceled checks, receipts, contracts, agreements, and photographs.

13.     "Concerning," "related to," or "relating to" shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting on, concerning, discussing, consisting of, arising out of, impacting upon, affecting, responding to, explaining, showing, indicating, describing, analyzing, reflecting, constituting, or in any way or matter, directly or indirectly, in whole or in part, are legally, factually, or logically connected with the matter referenced.

14.     "Communicate" or "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by Document, or whether face-to-face, by telephone, telecopier, mail, written correspondence, facsimile, personal delivery, electronic or computer transmission, overnight delivery or otherwise.  When asked to identify or describe a communication, please answer by stating, in as much detail as reasonably possible, who said what to whom; where and when the communication took place; and, to the best of your knowledge, who else was present to observe or overhear the communication.  Alternatively, if the communication is in writing, produce the communication.

15.     "Person" or "entity" shall mean the singular as well as the plural and include any natural person, corporation, partnership, company, joint venture, trust, agency, governmental

agency or department, and any other business, governmental, legal, for-profit or nonprofit organization, association or entity.

16.     "Identify" or "Identity" shall mean:

a.     When used in reference to a natural person, the person's: (i) full name, (ii) present (or last known) business address, and (iii) employer and job title.

b.     When used in reference to a corporation, business, association, or other legal entity, the entity's full legal name, state of incorporation, any trade names, any former names, and the address of its principal place of business.

c.     When used in reference to a Document, shall mean the date of the document, the author, recipients, and any copies of the document, the custodian of the document, and, if the document has been produced or is being produced in this litigation, the Bates number affixed to the document.

d.     When used in reference to a Communication, the date of the communication, the means of communication (e.g., face-to-face meeting, telephone call, letter, email, fax, etc.), the specific individuals who participated in the communication, and the subject matter of the communication.

17.     The terms "every," "each," "any," or "all" shall mean each and every.  All Requests are to be read so as to give the question the broadest possible meaning, so that, for example, when either of the terms "and" or "or" is used, it is to be construed as "and/or."  Similarly, use of the singular also includes the plural, use of any female pronouns also includes the male, the root word includes all derivations (i.e., "ing," "ed," etc.) and so forth.

## INSTRUCTIONS

1.      You are requested to serve upon Plaintiff, in accordance with Federal Rule of Civil Procedure 45, a written response to each item or category of this Subpoena Exhibit 1 stating that inspection and related activities will be permitted as requested or, in the event of any objection, the reason for each such objection.

2.      Unless otherwise specified, the Requests are intended to cover the period from January 1, 2015, through the date of any production.

3.      If any document is withheld from production based on a claim of attorney-client privilege or other grounds (such as the work product doctrine), provide a privilege log as required by the Federal Rules of Civil Procedure that contains the following information with respect to each document:

(a)      The date of the document;

(b)      The identity of the author(s) of the document;

(c)      The title or position of the author(s);

(d)      The recipient(s) or addressee(s) of the document, including any person designated to receive a copy, and their respective titles or positions;

(e)      The nature of the privilege or other protection asserted; and

(f)      A description of the subject matter of the document sufficient to enable Plaintiff and/or the Court to evaluate such claim of privilege or other protection.

4.      Notwithstanding the assertion of any objection, any Document claimed to be privileged or otherwise protected from discovery that contains non-privileged material should be disclosed, with the purportedly privileged section redacted.  The redacted portion should be listed on the Privilege Log provided to Plaintiff.

5.      The original or a duplicate of every document claimed to be privileged or otherwise protected from discovery (in whole or in part) shall be segregated and maintained for inspection by the Court or for production to Plaintiff if so ordered.

6.      You are required to produce all the requested documents which are in their possession, custody or control, including, but not limited to, documents in the possession, custody or control of Your owner(s), directors, officers, and employees.

7.      Your responses must include ESI, and documents must be produced in their native format with all reasonably available metadata.  If native format is unavailable, documents must be produced in another reasonably accessible format in which it was normally accessed, edited, or maintained.

8.      Responsive information contained in text messages must be produced in .xls (Microsoft Excel) or .csv format or, if .xls or .csv format is unavailable, in another text-searchable format.

9.      You should comply with Federal Rule of Civil Procedure 45 by producing the requested documents as they are kept in the usual course of business or by organizing and labeling them to correspond with the categories in this request.  If any document responsive to this request was maintained or kept in a file folder, binder or other storage device that was labeled (or otherwise bore any information), produce the original or a copy of such label (and such information), in a way that Plaintiff can determine the content of the label (or other information) on the file folder, binder or other storage device in which each such responsive document was maintained or kept.

10.      If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by any reason of

subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.

11.     This Subpoena is continuing in nature so as to require You to amend or supplement Your answers promptly if You obtain further information in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

12.     Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

## DOCUMENT REQUESTS

1.     All documents constituting, referencing, reflecting, or regarding Your correspondence with, or work performed for or on behalf of, RCC North America, AEGON N.V., AURA, or IWA in connection with IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

2.     All documents constituting, referencing, reflecting, or regarding any consolidation analysis, as referred to by IWA's corporate representative, Mr. David Feltman, in his deposition on March 17, 2023,[1] including the consolidation analysis itself, performed in connection with IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

---

[1] "A Let me back up. There -- I did ask -- because we always did a consolidation analysis when we did partnerships or joint ventures, I did ask for a consolidation analysis from Tito Aragon, who was the expert of consolidation at that time.
Q What is a consolidation analysis?
A **It's an analysis to determine that debt, if any, at the partnership or joint venture or LLC level would not be consolidated onto IWA's balance sheet.**" IWA 30(b)(6) Dep. Tr., Vol. 2, 458:15-459:2 (emphasis added).

3.　　All documents constituting, referencing, reflecting, or regarding any accounting, valuation, or reserve for IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

4.　　All documents constituting, referencing, reflecting, or regarding communications with lawyers in connection with the assignment of IWA's Ground Lease interest in the Property.

5.　　All documents constituting, referencing, reflecting, or regarding the review and approval of the assignment of IWA's Ground Lease interest in the Property by You or anyone in AEGON N.V., AURA, or IWA's accounting department or anyone with authority to review or approve the assignment.

6.　　All documents constituting, referencing, reflecting, or regarding any disposition lists related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD and any exit strategy or disposition related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

7.　　All documents constituting, referencing, reflecting, or regarding Your affiliation with RCC North America, AEGON N.V., AURA, IWA, and/or RSD.

8.　　All documents constituting, referencing, reflecting, or regarding any changes in RCC North America, AEGON N.V., AURA, or IWA's ownership, control, or structure and the business rationale for any such changes.

9.　　To the extent not produced in response to other Document Requests, all documents constituting, referencing, reflecting, or regarding disclosures made in filings with any government agency, including the U.S. Securities and Exchange Commission, regarding RSD, including all documents constituting, referencing, reflecting, or regarding corrections to any such disclosures regarding RSD.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | | |
|---|---|---|
| Rock Spring Plaza II, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 8:20-cv-01502-PJM |
| Investors Warranty of America, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Transamerica Life Insurance Company
4333 Edgewood Road, NE, Cedar Rapids, IA [SERVE ON: Maryland Insurance Administration]

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          SEE Exhibit 1

| Place: Pillsbury Winthrop Shaw Pittman LLP 1200 Seventeenth Street, NW Washington, DC  20036 | Date and Time: 06/16/2023 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          06/01/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | *alvi Dun* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Rock Spring Plaza II, LLC _____ , who issues or requests this subpoena, are:

Alvin Dunn,  Pillsbury Winthrop Shaw Pittman LLP,  1200 17th St. NW, Washington, DC;  alvin.dunn@pillsburylaw.com;

202-663-8355          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  8:20-cv-01502-PJM

### PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                *Server's signature*

                                       _____
                                                *Printed name and title*

                                       _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

The Subpoena is governed by the following Definitions and Instructions:

## DEFINITIONS

As used herein, the terms below shall have the following meanings:

1.     "Landlord" or "Plaintiff" refers to Plaintiff Rock Spring Plaza II, LLC, and any predecessors in interest, including Anne Camalier.

2.     "Original Tenant" refers to Rock Spring II Limited Partnership.

3.     "Tenant," "Assignor," or "IWA" refers to Defendant Investors Warranty of America, LLC, and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under IWA's control, or acting or purporting to act on behalf of IWA.

4.     "Assignee" or "RSD" refers to Defendant Rock Springs Drive, LLC, and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under RSD's control, or acting or purporting to act on behalf of RSD.

5.     "You" or "Your" or "Transamerica" refers to Transamerica Life Insurance Company and any of its subsidiaries owned 50 percent or more, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under Transamerica's control, or acting or purporting to act on behalf of Transamerica, including Transamerica Corporation, Transamerica Financial Life Insurance Company, Aegon USA Realty Advisors, LLC, Aegon USA Asset Management Holding, LLC, and AUSA Holding, LLC – but excluding IWA and RSD.

6.     "RCC North America" refers to RCC North America LLC and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives,

officers, directors, accountants, attorneys, and investigators, and any other persons or entities under RCC North America's control, or acting or purporting to act on behalf of RCC North America.

7.      "AEGON N.V." refers to AEGON N.V. and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under AEGON N.V.'s control, or acting or purporting to act on behalf of AEGON N.V.

8.      "AURA" refers to Aegon USA Realty Advisors, LLC and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under AURA's control, or acting or purporting to act on behalf of AURA.

9.      "Property" refers to the land and its attendant improvements at 6560 Rock Spring Drive in Bethesda, Maryland.

10.      "Ground Lease" refers to the November 14, 1990 Amended and Restated Ground Lease Indenture entered into between Landlord and Rock Spring II Limited Partnership.  *See also* ECF No. 13-2.

11.      "Estoppel Agreement" refers to the June 2, 2006 Ground Lessor Estoppel and Non-Disturbance Agreement entered into between Landlord, Original Tenant, and Monumental Life Insurance Company. *See* ECF No. 13-3.

12.      "Document" shall be construed in the broadest possible sense within the meaning of the Federal Rules of Civil Procedure, and shall include without limitation, hard copy documents, electronically stored information ("ESI"), e-mails, text messages, electronic documents and data (residing on any type of media, including computers, phones, network servers, network drives, external hard drives, USB drives, CDs, DVDs, Blackberries, cellular phones, integrated circuit

systems (e.g., SIM cards), or on cloud-based storage drives (e.g., Google Drive, iCloud, and Dropbox), etc.), written Communications, originals, drafts, memoranda, reports, notes, diary entries, minutes, records, invoices, calendar notes, graphs, diagrams, faxes, voicemails, video recordings, audio recordings, instant messages, cards, telegrams, cables, telex messages, text messages, wage statements, pay envelopes, pay stubs, ledgers, time cards or time sheets, work schedules, correspondence, canceled checks, receipts, contracts, agreements, and photographs.

13.     "Concerning," "related to," or "relating to" shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting on, concerning, discussing, consisting of, arising out of, impacting upon, affecting, responding to, explaining, showing, indicating, describing, analyzing, reflecting, constituting, or in any way or matter, directly or indirectly, in whole or in part, are legally, factually, or logically connected with the matter referenced.

14.     "Communicate" or "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by Document, or whether face-to-face, by telephone, telecopier, mail, written correspondence, facsimile, personal delivery, electronic or computer transmission, overnight delivery or otherwise.  When asked to identify or describe a communication, please answer by stating, in as much detail as reasonably possible, who said what to whom; where and when the communication took place; and, to the best of your knowledge, who else was present to observe or overhear the communication.  Alternatively, if the communication is in writing, produce the communication.

15.     "Person" or "entity" shall mean the singular as well as the plural and include any natural person, corporation, partnership, company, joint venture, trust, agency, governmental

agency or department, and any other business, governmental, legal, for-profit or nonprofit organization, association or entity.

16.     "Identify" or "Identity" shall mean:

a.      When used in reference to a natural person, the person's: (i) full name, (ii) present (or last known) business address, and (iii) employer and job title.

b.      When used in reference to a corporation, business, association, or other legal entity, the entity's full legal name, state of incorporation, any trade names, any former names, and the address of its principal place of business.

c.      When used in reference to a Document, shall mean the date of the document, the author, recipients, and any copies of the document, the custodian of the document, and, if the document has been produced or is being produced in this litigation, the Bates number affixed to the document.

d.      When used in reference to a Communication, the date of the communication, the means of communication (e.g., face-to-face meeting, telephone call, letter, email, fax, etc.), the specific individuals who participated in the communication, and the subject matter of the communication.

17.     The terms "every," "each," "any," or "all" shall mean each and every. All Requests are to be read so as to give the question the broadest possible meaning, so that, for example, when either of the terms "and" or "or" is used, it is to be construed as "and/or." Similarly, use of the singular also includes the plural, use of any female pronouns also includes the male, the root word includes all derivations (i.e., "ing," "ed," etc.) and so forth.

## <u>INSTRUCTIONS</u>

1.      You are requested to serve upon Plaintiff, in accordance with Federal Rule of Civil Procedure 45, a written response to each item or category of this Subpoena Exhibit 1 stating that inspection and related activities will be permitted as requested or, in the event of any objection, the reason for each such objection.

2.      Unless otherwise specified, the Requests are intended to cover the period from January 1, 2015, through the date of any production.

3.      If any document is withheld from production based on a claim of attorney-client privilege or other grounds (such as the work product doctrine), provide a privilege log as required by the Federal Rules of Civil Procedure that contains the following information with respect to each document:

   (a)      The date of the document;

   (b)      The identity of the author(s) of the document;

   (c)      The title or position of the author(s);

   (d)      The recipient(s) or addressee(s) of the document, including any person designated to receive a copy, and their respective titles or positions;

   (e)      The nature of the privilege or other protection asserted; and

   (f)      A description of the subject matter of the document sufficient to enable Plaintiff and/or the Court to evaluate such claim of privilege or other protection.

4.      Notwithstanding the assertion of any objection, any Document claimed to be privileged or otherwise protected from discovery that contains non-privileged material should be disclosed, with the purportedly privileged section redacted.  The redacted portion should be listed on the Privilege Log provided to Plaintiff.

5.      The original or a duplicate of every document claimed to be privileged or otherwise protected from discovery (in whole or in part) shall be segregated and maintained for inspection by the Court or for production to Plaintiff if so ordered.

6.      You are required to produce all the requested documents which are in their possession, custody or control, including, but not limited to, documents in the possession, custody or control of Your owner(s), directors, officers, and employees.

7.      Your responses must include ESI, and documents must be produced in their native format with all reasonably available metadata.  If native format is unavailable, documents must be produced in another reasonably accessible format in which it was normally accessed, edited, or maintained.

8.      Responsive information contained in text messages must be produced in .xls (Microsoft Excel) or .csv format or, if .xls or .csv format is unavailable, in another text-searchable format.

9.      You should comply with Federal Rule of Civil Procedure 45 by producing the requested documents as they are kept in the usual course of business or by organizing and labeling them to correspond with the categories in this request.  If any document responsive to this request was maintained or kept in a file folder, binder or other storage device that was labeled (or otherwise bore any information), produce the original or a copy of such label (and such information), in a way that Plaintiff can determine the content of the label (or other information) on the file folder, binder or other storage device in which each such responsive document was maintained or kept.

10.     If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by any reason of

subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.

11.     This Subpoena is continuing in nature so as to require You to amend or supplement Your answers promptly if You obtain further information in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

12.     Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

## DOCUMENT REQUESTS

1.     All documents constituting, referencing, reflecting, or regarding Your correspondence with, or work performed for or on behalf of, RCC North America, AEGON N.V., AURA, or IWA in connection with IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

2.     All documents constituting, referencing, reflecting, or regarding any consolidation analysis, as referred to by IWA's corporate representative, Mr. David Feltman, in his deposition on March 17, 2023,[1] including the consolidation analysis itself, performed in connection with IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

---

[1] "A Let me back up. There -- I did ask -- because we always did a consolidation analysis when we did partnerships or joint ventures, I did ask for a consolidation analysis from Tito Aragon, who was the expert of consolidation at that time.
Q What is a consolidation analysis?
A **It's an analysis to determine that debt, if any, at the partnership or joint venture or LLC level would not be consolidated onto IWA's balance sheet.**" IWA 30(b)(6) Dep. Tr., Vol. 2, 458:15-459:2 (emphasis added).

3.      All documents constituting, referencing, reflecting, or regarding any accounting, valuation, or reserve for IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

4.      All documents constituting, referencing, reflecting, or regarding communications with lawyers in connection with the assignment of IWA's Ground Lease interest in the Property.

5.      All documents constituting, referencing, reflecting, or regarding the review and approval of the assignment of IWA's Ground Lease interest in the Property by You or anyone in AEGON N.V., AURA, or IWA's accounting department or anyone with authority to review or approve the assignment.

6.      All documents constituting, referencing, reflecting, or regarding any disposition lists related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD and any exit strategy or disposition related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

7.      All documents constituting, referencing, reflecting, or regarding Your affiliation with RCC North America, AEGON N.V., AURA, IWA, and/or RSD.

8.      All documents constituting, referencing, reflecting, or regarding any changes in RCC North America, AEGON N.V., AURA, or IWA's ownership, control, or structure and the business rationale for any such changes.

9.      To the extent not produced in response to other Document Requests, all documents constituting, referencing, reflecting, or regarding disclosures made in filings with any government agency, including the U.S. Securities and Exchange Commission, regarding RSD, including all documents constituting, referencing, reflecting, or regarding corrections to any such disclosures regarding RSD.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| Rock Spring Plaza II, LLC | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   8:20-cv-01502-PJM |
| Investors Warranty of America, LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Transamerica Financial Life Insurance Company
          440 Mamaroneck Ave., Harrison NY 10528 [SERVE ON: Maryland Insurance Administration]

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          SEE Exhibit 1

| Place: Pillsbury Winthrop Shaw Pittman LLP<br>1200 Seventeenth Street, NW<br>Washington, DC  20036 | Date and Time:<br><br>06/16/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          06/01/2023

|  CLERK OF COURT | | |
|---|---|---|
| | OR | *alvin Dunn* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Rock Spring Plaza II, LLC                                            , who issues or requests this subpoena, are:

Alvin Dunn,  Pillsbury Winthrop Shaw Pittman LLP,  1200 17th St. NW, Washington, DC;  alvin.dunn@pillsburylaw.com;

202-663-8355          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   8:20-cv-01502-PJM

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

The Subpoena is governed by the following Definitions and Instructions:

**DEFINITIONS**

As used herein, the terms below shall have the following meanings:

1.      "Landlord" or "Plaintiff" refers to Plaintiff Rock Spring Plaza II, LLC, and any predecessors in interest, including Anne Camalier.

2.      "Original Tenant" refers to Rock Spring II Limited Partnership.

3.      "Tenant," "Assignor," or "IWA" refers to Defendant Investors Warranty of America, LLC, and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under IWA's control, or acting or purporting to act on behalf of IWA.

4.      "Assignee" or "RSD" refers to Defendant Rock Springs Drive, LLC, and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under RSD's control, or acting or purporting to act on behalf of RSD.

5.      "You" or "Your" or "Transamerica" refers to Transamerica Financial Life Insurance Company and any of its subsidiaries owned 50 percent or more, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under Transamerica's control, or acting or purporting to act on behalf of Transamerica, including Transamerica Corporation, Transamerica Life Insurance Company, Aegon USA Realty Advisors, LLC, Aegon USA Asset Management Holding, LLC, and AUSA Holding, LLC – but excluding IWA and RSD.

6.      "RCC North America" refers to RCC North America LLC and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives,

officers, directors, accountants, attorneys, and investigators, and any other persons or entities under RCC North America's control, or acting or purporting to act on behalf of RCC North America.

7.      "AEGON N.V." refers to AEGON N.V. and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under AEGON N.V.'s control, or acting or purporting to act on behalf of AEGON N.V.

8.      "AURA" refers to Aegon USA Realty Advisors, LLC and any of its subsidiaries, parents, affiliates, divisions, licensees, agents, servants, employees, representatives, officers, directors, accountants, attorneys, and investigators, and any other persons or entities under AURA's control, or acting or purporting to act on behalf of AURA.

9.      "Property" refers to the land and its attendant improvements at 6560 Rock Spring Drive in Bethesda, Maryland.

10.      "Ground Lease" refers to the November 14, 1990 Amended and Restated Ground Lease Indenture entered into between Landlord and Rock Spring II Limited Partnership.  *See also* ECF No. 13-2.

11.      "Estoppel Agreement" refers to the June 2, 2006 Ground Lessor Estoppel and Non-Disturbance Agreement entered into between Landlord, Original Tenant, and Monumental Life Insurance Company. *See* ECF No. 13-3.

12.      "Document" shall be construed in the broadest possible sense within the meaning of the Federal Rules of Civil Procedure, and shall include without limitation, hard copy documents, electronically stored information ("ESI"), e-mails, text messages, electronic documents and data (residing on any type of media, including computers, phones, network servers, network drives, external hard drives, USB drives, CDs, DVDs, Blackberries, cellular phones, integrated circuit

systems (e.g., SIM cards), or on cloud-based storage drives (e.g., Google Drive, iCloud, and Dropbox), etc.), written Communications, originals, drafts, memoranda, reports, notes, diary entries, minutes, records, invoices, calendar notes, graphs, diagrams, faxes, voicemails, video recordings, audio recordings, instant messages, cards, telegrams, cables, telex messages, text messages, wage statements, pay envelopes, pay stubs, ledgers, time cards or time sheets, work schedules, correspondence, canceled checks, receipts, contracts, agreements, and photographs.

13.     "Concerning," "related to," or "relating to" shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting on, concerning, discussing, consisting of, arising out of, impacting upon, affecting, responding to, explaining, showing, indicating, describing, analyzing, reflecting, constituting, or in any way or matter, directly or indirectly, in whole or in part, are legally, factually, or logically connected with the matter referenced.

14.     "Communicate" or "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by Document, or whether face-to-face, by telephone, telecopier, mail, written correspondence, facsimile, personal delivery, electronic or computer transmission, overnight delivery or otherwise.  When asked to identify or describe a communication, please answer by stating, in as much detail as reasonably possible, who said what to whom; where and when the communication took place; and, to the best of your knowledge, who else was present to observe or overhear the communication.  Alternatively, if the communication is in writing, produce the communication.

15.     "Person" or "entity" shall mean the singular as well as the plural and include any natural person, corporation, partnership, company, joint venture, trust, agency, governmental

agency or department, and any other business, governmental, legal, for-profit or nonprofit organization, association or entity.

16.     "Identify" or "Identity" shall mean:

a.      When used in reference to a natural person, the person's: (i) full name, (ii) present (or last known) business address, and (iii) employer and job title.

b.      When used in reference to a corporation, business, association, or other legal entity, the entity's full legal name, state of incorporation, any trade names, any former names, and the address of its principal place of business.

c.      When used in reference to a Document, shall mean the date of the document, the author, recipients, and any copies of the document, the custodian of the document, and, if the document has been produced or is being produced in this litigation, the Bates number affixed to the document.

d.      When used in reference to a Communication, the date of the communication, the means of communication (e.g., face-to-face meeting, telephone call, letter, email, fax, etc.), the specific individuals who participated in the communication, and the subject matter of the communication.

17.     The terms "every," "each," "any," or "all" shall mean each and every.  All Requests are to be read so as to give the question the broadest possible meaning, so that, for example, when either of the terms "and" or "or" is used, it is to be construed as "and/or."  Similarly, use of the singular also includes the plural, use of any female pronouns also includes the male, the root word includes all derivations (i.e., "ing," "ed," etc.) and so forth.

## <u>INSTRUCTIONS</u>

1.      You are requested to serve upon Plaintiff, in accordance with Federal Rule of Civil Procedure 45, a written response to each item or category of this Subpoena Exhibit 1 stating that inspection and related activities will be permitted as requested or, in the event of any objection, the reason for each such objection.

2.      Unless otherwise specified, the Requests are intended to cover the period from January 1, 2015, through the date of any production.

3.      If any document is withheld from production based on a claim of attorney-client privilege or other grounds (such as the work product doctrine), provide a privilege log as required by the Federal Rules of Civil Procedure that contains the following information with respect to each document:

(a)      The date of the document;

(b)      The identity of the author(s) of the document;

(c)      The title or position of the author(s);

(d)      The recipient(s) or addressee(s) of the document, including any person designated to receive a copy, and their respective titles or positions;

(e)      The nature of the privilege or other protection asserted; and

(f)      A description of the subject matter of the document sufficient to enable Plaintiff and/or the Court to evaluate such claim of privilege or other protection.

4.      Notwithstanding the assertion of any objection, any Document claimed to be privileged or otherwise protected from discovery that contains non-privileged material should be disclosed, with the purportedly privileged section redacted.  The redacted portion should be listed on the Privilege Log provided to Plaintiff.

5.      The original or a duplicate of every document claimed to be privileged or otherwise protected from discovery (in whole or in part) shall be segregated and maintained for inspection by the Court or for production to Plaintiff if so ordered.

6.      You are required to produce all the requested documents which are in their possession, custody or control, including, but not limited to, documents in the possession, custody or control of Your owner(s), directors, officers, and employees.

7.      Your responses must include ESI, and documents must be produced in their native format with all reasonably available metadata.  If native format is unavailable, documents must be produced in another reasonably accessible format in which it was normally accessed, edited, or maintained.

8.      Responsive information contained in text messages must be produced in .xls (Microsoft Excel) or .csv format or, if .xls or .csv format is unavailable, in another text-searchable format.

9.      You should comply with Federal Rule of Civil Procedure 45 by producing the requested documents as they are kept in the usual course of business or by organizing and labeling them to correspond with the categories in this request.  If any document responsive to this request was maintained or kept in a file folder, binder or other storage device that was labeled (or otherwise bore any information), produce the original or a copy of such label (and such information), in a way that Plaintiff can determine the content of the label (or other information) on the file folder, binder or other storage device in which each such responsive document was maintained or kept.

10.     If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by any reason of

subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.

11.      This Subpoena is continuing in nature so as to require You to amend or supplement Your answers promptly if You obtain further information in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

12.      Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

## DOCUMENT REQUESTS

1.      All documents constituting, referencing, reflecting, or regarding Your correspondence with, or work performed for or on behalf of, RCC North America, AEGON N.V., AURA, or IWA in connection with IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

2.      All documents constituting, referencing, reflecting, or regarding any consolidation analysis, as referred to by IWA's corporate representative, Mr. David Feltman, in his deposition on March 17, 2023,[1] including the consolidation analysis itself, performed in connection with IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

---

[1] "A Let me back up. There -- I did ask -- because we always did a consolidation analysis when we did partnerships or joint ventures, I did ask for a consolidation analysis from Tito Aragon, who was the expert of consolidation at that time.
Q What is a consolidation analysis?
A **It's an analysis to determine that debt, if any, at the partnership or joint venture or LLC level would not be consolidated onto IWA's balance sheet.**" IWA 30(b)(6) Dep. Tr., Vol. 2, 458:15-459:2 (emphasis added).

3.      All documents constituting, referencing, reflecting, or regarding any accounting, valuation, or reserve for IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

4.      All documents constituting, referencing, reflecting, or regarding communications with lawyers in connection with the assignment of IWA's Ground Lease interest in the Property.

5.      All documents constituting, referencing, reflecting, or regarding the review and approval of the assignment of IWA's Ground Lease interest in the Property by You or anyone in AEGON N.V., AURA, or IWA's accounting department or anyone with authority to review or approve the assignment.

6.      All documents constituting, referencing, reflecting, or regarding any disposition lists related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD and any exit strategy or disposition related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

7.      All documents constituting, referencing, reflecting, or regarding Your affiliation with RCC North America, AEGON N.V., AURA, IWA, and/or RSD.

8.      All documents constituting, referencing, reflecting, or regarding any changes in RCC North America, AEGON N.V., AURA, or IWA's ownership, control, or structure and the business rationale for any such changes.

9.      To the extent not produced in response to other Document Requests, all documents constituting, referencing, reflecting, or regarding disclosures made in filings with any government agency, including the U.S. Securities and Exchange Commission, regarding RSD, including all documents constituting, referencing, reflecting, or regarding corrections to any such disclosures regarding RSD.