# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>INVESTORS WARRANTY OF AMERICA, LLC, et al.,<br><br>      Defendants. | Civil Action No. 8:20-cv-01502-PJM |

**DEFENDANT INVESTORS WARRANTY OF AMERICA, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF ROCK SPRING PLAZA II, LLC'S SECOND SET OF INTERROGATORIES**

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules, Defendant Investors Warranty of America, LLC ("IWA"), by and through its attorneys, hereby submits the following Responses and Objections to Plaintiff Rock Spring Plaza II, LLC's ("Plaintiff") Second Set of Interrogatories (the "Interrogatories"), stating as follows:

**GENERAL OBJECTIONS**

The following General Objections apply to each Interrogatory and have the same force and effect as if fully set forth in each of IWA's specific responses:

1.     IWA provides these responses without conceding the admissibility, relevancy or materiality of the response or the subject matter of the Interrogatory, and IWA reserves its right to object to further discovery or to the admission of any evidence or proof concerning the subject matter of any Interrogatory, and also without prejudice to IWA's right to rely on other facts and documents at trial.

91562595v.3

2. IWA objects to each Interrogatory and Plaintiff's Definitions and Instruction to the extent they seek responses that exceed, are inconsistent with, are not authorized under, or are unreasonable pursuant to the Federal Rules of Civil Procedure, the Local Rules or any order or prior holding of this Court.

3. IWA objects to each Interrogatory to the extent that it calls for information not within IWA's knowledge, possession, custody or control.

4. IWA objects to each Interrogatory and Plaintiff's Definitions and Instructions to the extent they seek information protected by the attorney-client privilege, the work product protection doctrine, and/or any other applicable privilege, rule, doctrine, or immunity, whether created by statute or common law. Any response shall not be deemed to be a waiver of any objection set forth in the response, and IWA reserves the right to raise any applicable objections at any time. Similarly, any response will be made without waiving or intending to waive any privilege or other applicable protection or grounds for objection concerning the use or admissibility of any information provided in that response.

5. IWA objects to each Interrogatory to the extent it seeks a legal conclusion or asks that IWA formulate a legal conclusion to respond.

6. IWA objects to each Interrogatory to the extent that the discovery sought is not relevant, overly broad, unduly burdensome, vexatious, oppressive, designed to harass or to annoy, redundant, cumulative, duplicative, vague, ambiguous, and/or disproportionate to the needs of the case, taking into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." See Fed R. Civ. P. 26(b)(1).

7.	IWA objects to each interrogatory to the extent it seeks identification of "any" or "all" facts, statements or individuals relating to any conversation or other events or is otherwise unduly burdensome.

8.	IWA reserves the right to supplement and amend its responses pursuant to the Federal Rules of Civil Procedure, if necessary, in the event that it locates additional responsive information.

9.	IWA objects to each Interrogatory to the extent it seeks information that is already in Plaintiff's possession, publicly available, already produced, or that is otherwise as available to Plaintiff as it is to IWA.  Such Interrogatories are unduly burdensome, oppressive, and harassing. IWA will provide information only to the extent that such information is in IWA's knowledge, possession, custody or control.

10.	No incidental or implied admissions are intended by the responses herein.  No response by IWA to any individual Interrogatory should be taken as an admission that IWA accepts or admits the existence of any "facts" set forth or assumed by such Interrogatory.  The fact that IWA has answered part or all of any individual Interrogatory, and/or produced documents in response, is not intended to be, and shall not be construed to be, a waiver by IWA of any party of any objection to such Interrogatory.

11.	IWA does not waive any General Objections by providing specific responses to the Interrogatories.  To the extent that a specific objection is asserted in response to a specific Interrogatory, that objection is considered particularly relevant to that Interrogatory and is not asserted to the exclusion of other objections, including but not limited to the General Objections, which may be applicable.

12. IWA has made diligent and reasonable efforts to obtain information responsive to the Interrogatories, and the responses are based on IWA's understanding and interpretation of each Interrogatory.  IWA reserves the right to supplement its responses and objection as it deems necessary or is required.

13. IWA further objects to service of the Interrogatories by an attorney not of record in the litigation.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. IWA objects to all definitions and instructions to the extent that they enlarge the scope of permissible discovery authorized by applicable law including, but not limited to, the proportional scope of discovery mandated by the Federal rules of Civil Procedure, including Rules 26 and 33.

2. IWA objects to the definition of the terms "Tenant," "You," and "Your" to define Defendant Investor Warranty of America, LLC ("IWA").  IWA is not the tenant under the Ground Lease.  IWA also objects to the inclusion of IWA's subsidiaries, parents, affiliates, licensees, agents, servants, and representatives, and any persons acting on its behalf of IWA in Plaintiff's definition of IWA.  IWA will respond as if IWA refers only to Investor's Warranty of America, LLC.

3. IWA objects to definitions of Rock Springs Drive, LLC, Transamerica, RCC North America and AEGON N.V. to the extent such definitions include subsidiaries, parents, affiliates, licensees, agents, servants, and representatives, and any persons acting on their behalf.

4. IWA objects to the definitions of "Communicate" or "Communication" and "Documents" because they seek information beyond the scope of the Federal Rules of Civil Procedure.

4

## INTERROGATORIES

**INTERROGATORY NO. 1 [17]:**

Describe in detail the financial costs and benefits to the lessee of the Ground Lease and any estimates of such financial costs and benefits, including without limitation estimates of the lessee's ground rent payment obligations, from 2011 to the present, and the actual or projected income, by source, from sub-leasing some or all of the Property.

**ANSWER:**

IWA objects to the numbering of this Interrogatory as Interrogatory No. 1 since it should be Interrogatory No. 17.

IWA objects to this Request on each of the grounds stated in its General Objections and Objections to Definitions and Instructions. IWA further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine and calls for contract interpretation and a legal conclusion.

IWA further objects to this Interrogatory as disproportionate to the needs of the case, redundant, cumulative, and duplicative, as well as overbroad and unduly burdensome. IWA also objects to the Interrogatory because it exceeds the limits placed on discovery by the Court at the February 16, 2023, hearing.

IWA further objects to this Interrogatory as unduly burdensome to the extent it calls for IWA to recapitulate, in narrative answer format, provisions of the Ground Lease and Plaintiff's own accounting records. IWA further objects to the terms "financial costs" and "benefits" as ambiguous. Therefore, subject to and without waiving the General and Specific Objections, IWA responds to Interrogatory No. [17] based on the understanding that "financial costs" means payment of ground rent. During the time that the IWA was the tenant under the Ground Lease,

the "financial costs," or ground rent payment obligations, were established by the Ground Lease. IWA did not have any revenue from subleasing the Property when it was the tenant.

**INTERROGATORY NO. 2 [18]:**

Describe in detail IWA's and RSD's plans to meet its obligations under the Ground Lease, including without limitation (1) how each anticipates fulfilling its ground rent payment obligations and other financial obligations under the Ground Lease (2) the source of any funding, including for capital calls and any efforts to obtain funding from any source; and (3) any enforceable commitments to providing funding (including capital contributions) to RSD from the time IWA began considering acquiring the Ground Lease to the present.

**ANSWER:**

IWA objections to the numbering of the Interrogatory, which should be Interrogatory No. 18.

IWA objects to this Request on each of the grounds stated in its General Objections and Objections to Definitions and Instructions. IWA further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine and calls for contract interpretation and a legal conclusion.

IWA further objects to Plaintiff's use of a single interrogatory to ask three distinct questions, each of which exceeds the limits placed on discovery by the Court at the February 16, 2023, hearing.

IWA further objects to this Interrogatory as disproportionate to the needs of the case, redundant, cumulative, and duplicative, and overbroad and unduly burdensome to the extent that it requests information as to future plans for the next 67 years of the Ground Lease term and the extent that it requests information dating back to before the foreclosure.

IWA also objects to this Interrogatory as unduly burdensome to the extent it calls for IWA to recapitulate, in narrative answer format, provisions of the Ground Lease and the RSD Operating Agreement.  IWA further objects to the terms "financial obligations" as an ambiguous and undefined terms under the Ground Lease, and further objects to any allegation that IWA is obligated to make "capital calls" or "capital contributions."

Subject to and without waiving its General and Specific Objections, IWA was the tenant under the Ground Lease starting in 2012, and then it assigned the Ground Lease to RSD in 2017. RSD assumed the obligations of the Ground Lease.  IWA and RSD are separate legal entities. IWA does not have obligations under the Ground Lease and IWA's obligations with respect to RSD are established by the RSD Operating Agreement.

**INTERROGATORY NO. 19:**

Identify any communications (whether internal or with other parties) regarding or relating to any efforts to sell, transfer, or assign the Ground Lease or enter into a transaction that would in any way relieve IWA and/or RSD of its obligations under the Ground Lease or assist IWA and/or RSD in meeting its obligations under the Ground Lease.

**ANSWER:**

IWA objects to this Request on each of the grounds stated in its General Objections and Objections to Definitions and Instructions.  IWA further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine and calls for contract interpretation and a legal conclusion.  IWA also objects to the Interrogatory because it exceeds the limits placed on discovery by the Court at the February 16, 2023, hearing.

IWA further objects to this Interrogatory as disproportionate to the needs of the case, redundant, cumulative, overbroad, unduly burdensome and duplicative of information contained

7

in the RSD Operating Agreement and the Assumption and Assignment of Ground Lease. IWA further objects to Interrogatory No. 19 to the extent that it asserts that IWA is the tenant under the Ground Lease - the Ground Lease was assigned to RSD in 2017. IWA and RSD are separate legal entities.

Subject to and without waving the General and Specific Objections above, the Court has ruled that questions referring to "obligations under the Ground Lease" are improper discovery requests calling for a legal conclusion. Nevertheless, IWA has produced its non-privileged documents in its possession, custody, or control that are responsive to its request for the communications identified in Interrogatory No. 19. IWA also assigned its interests in the Ground Lease to RSD.

**INTERROGATORY NO. 20 [INTERROGATORY NOS. 20, 21, 22]:**

Identify all Persons who participated in IWA's decision to acquire the Ground Lease [20]; who participated in IWA's creation of and investment in RSD [21]; and who participated in IWA's management of its investment in RSD [22].

**ANSWER:**

IWA objects to this Request on each of the grounds stated in its General Objections and Objections to Definitions and Instructions. IWA further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine and calls for contract interpretation and a legal conclusion.

IWA further objects to this Interrogatory as disproportionate to the needs of the case, redundant, cumulative, overbroad, unduly burdensome and duplicative of information already provided to Plaintiff in response to other interrogatories or document requests.

IWA further objects to the term "acquire" as it relates to a foreclosure caused by the Camalier Family's default on its obligation to repay a $30 million loan and the Camalier

8

91562595v.3

Family's default on a Ground Lease.  IWA further objects to the statement that IWA has an "investment in RSD."  IWA does not have an "investment in RSD."

IWA also objects to any attempt by Plaintiff to combine three interrogatories into one enumerated interrogatory, and accordingly renumbers them as Interrogatory Nos. 20, 21 and 22.

Subject to and without waiving its General and Specific Objections, in response to Interrogatory No. 20, IWA states that the Persons who participated in IWA's decision to foreclose dates back to 2011, and is not proportionate to the needs of this case and exceeds the limits placed by the Court on the scope of discovery.

Subject to and without waiving its General and Specific Objections, in response to Interrogatory No. 21, IWA states David Feltman conceived of the joint venture between IWA and members of the Algon Group, which led to the creation of RSD.  RSD was formed by Robert Barron.

Subject to and without waiving its General and Specific Objections, in response to Interrogatory No. 22, IWA does not have an "investment" in RSD to manage.  However, the members of the Management Committee are identified in response to Interrogatory No. 23 (formerly Interrogatory No. 21), below.

**INTERROGATORY NO. 21 [23]:**

Identify all Persons who have been on the management committee for RSD or have a membership interest in RSD, from its formation to the present and explain the roles, responsibilities, qualifications, dates of service, employer(s) (from time of selection to the present), and basis of selection for each.

**ANSWER:**

IWA objects to this Request on each of the grounds stated in its General Objections and Objections to Definitions and Instructions. Plaintiff further objects to this Interrogatory to the

9

extent that it seeks information protected by the attorney-client privilege or the work product doctrine and calls for contract interpretation and a legal conclusion. IWA also objects to the inclusion of the phrase "membership interest in RSD" in the Interrogatory.

IWA further objects to this Interrogatory as disproportionate to the needs of the case, redundant, cumulative, overbroad, unduly burdensome and duplicative of information already provided to Plaintiff in response to other interrogatories or document requests.

Subject to and without waiving its General and Specific Objections, IWA responds that RSD is owned 98% by IWA and 2% by Longshore Ventures. Individuals who were or are on the Management Committee, as such term is defined in the RSD Operating Agreement, include: Nick Koluch, Bjorn Borgenhard, David Feltman, Blaine Shaffer, Greg Dryden and Greg Voss.

DATED:  February 24, 2023                    Respectfully submitted,

                                             SEYFARTH SHAW LLP


                                             By:  */s/ Rebecca A. Davis*
                                                  Rebecca A. Davis, Bar No. 23183
                                                  rdavis@seyfarth.com


SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

Attorneys for Defendant
INVESTORS WARRANTY OF AMERICA, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>INVESTORS WARRANTY OF AMERICA, LLC, et al.,<br><br>        Defendants. | Civil Action No. 8:20-cv-01502-PJM |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of February, 2023, I caused a copy of the foregoing DEFENDANT INVESTORS WARRANTY OF AMERICA, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF ROCK SPRING PLAZA II, LLC'S SECOND SET OF INTERROGATORIES to be served via email on all counsel of record.

        Respectfully submitted,

        /s/ *Rebecca A. Davis*