# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| Rock Spring Plaza II, LLC, | |
| *Plaintiff*, | |
| v. | No. 8:20-cv-01502-PJM |
| Investors Warranty of America, LLC, et al. | |
| *Defendants*. | |

**OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS TO NON-PARTY**
**TRANSAMERICA LIFE INSURANCE COMPANY**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Transamerica Life Insurance Company ("Transamerica Life"), by its attorneys, submits the following Objections to Subpoena to Produce Documents to Non-Party Transamerica Life Insurance Company (the "Subpoena") served upon it by Plaintiff Rock Spring Plaza, LLC ("RSP"). Transamerica Life submits these objections subject to, without intending to waive, and expressly preserving: (a) the right to object to other discovery procedures involving or relating to the subject matter of the Subpoena and (b) the right to revise, correct, supplement, or clarify any of the responses herein.

**GENERAL OBJECTIONS**

1. Transamerica Life objects to the Subpoena to the extent it purports to impose any obligations upon Transamerica Life that are not proportionate to its role as a non-party in this action or that are greater than or different from Transamerica Life's obligations under the Federal Rules, the local rules, or applicable case law.

2.      Transamerica Life objects to the Subpoena's definition of "You," "Your," and "Transamerica," to the extent that it purports to require Transamerica Life to produce documents for any entity other than Transamerica Life.

3.      Transamerica Life objects to the Subpoena insofar as it seeks information that is not relevant to the subject matter of the pending action or not proportional to the needs of the case, considering the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.      Transamerica Life objects to the Subpoena to the extent that it seeks documents which are confidential, sensitive, proprietary, or constitute trade secrets, and to the extent they call for other confidential research, development, commercial, financial, or proprietary information (including business information).

5.      Transamerica Life objects to the Subpoena to the extent that it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other constitutional, statutory, common law, or other applicable privilege or protection.

6.      Transamerica Life objects to the Subpoena to the extent that it seeks information or documents that are not in Transamerica Life's possession, custody, or control.

7.      Transamerica Life objects to the Subpoena to the extent that it seeks information that is already in Plaintiff's possession or is equally available to Plaintiff from other sources that are more convenient, less burdensome, and/or less expensive, including the parties to this action.

8.      Transamerica Life objects to the Subpoena to the extent that it is overly broad, vague, ambiguous, and/or unduly burdensome to respond.   Transamerica Life further objects to the

2

Subpoena to the extent that it fails to specify the information sought with reasonable particularity, or otherwise requires speculation on the part of Transamerica Life as to what information is requested.

9.      Transamerica Life objects to the Subpoena to the extent that it seeks discovery of information or testimony that is cumulative and/or duplicative of the discovery that RSP has already sought, received, and/or had the opportunity to seek earlier in this case.

10.     Transamerica Life objects to the Subpoena to the extent that any legal term of art contained therein is not defined and is thus, vague and ambiguous.

11.     Transamerica Life objects to the Subpoena to the extent that it is not an appropriate device for discovery of the requested information and/or seeks information in a manner that may be obtained in a manner less burdensome.

12.     Transamerica Life objects to the Subpoena on the grounds that the Court has not yet ruled on Defendant Investors Warranty of America, LLC's Motion to Quash Rock Spring Plaza II, LLC's Subpoenas to Nonparties, or in the Alternative, Motion for Protective Order ("IWA's Motion to Quash"), and hereby incorporates that Motion to Quash by reference and joins in it.

13.     Transamerica Life's decision to respond to any part of the Subpoena should not and shall not be construed as: (a) an admission that the material is relevant; or (b) a waiver of any of Transamerica Life's general objections or objections asserted in response to a specific request in the Subpoena.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS IN THE SUBPOENA

The foregoing General Objections apply to each of the requests in the Subpoena and are hereby incorporated in each of Transamerica Life's objections below.  Transamerica Life's objections may be specifically referred to in a response to a Request for the purpose of clarity;

however, the omission of such specific reference should not be construed as a waiver of the objection.

1.      All documents constituting, referencing, reflecting, or regarding Your correspondence with, or work performed for or on behalf of, RCC North America, AEGON N.V., AURA, or IWA in connection with IWA's Ground Lease Interest in the Property and/or IWA's interest in RSD.

**Specific Objections**: Transamerica Life objects to this Request to the extent that it is being asked to produce documents prior to the Court ruling on IWA's Motion to Quash, which Transamerica Life incorporates by reference and joins.  Transamerica Life specifically incorporates by reference each of the objections to this Request made in IWA's Motion to Quash.  Transamerica Life also objects on the grounds that the Request is overly broad, designed to seek information that is not relevant to the claims and defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in scope, and seeks without limitation "all documents," including documents that have nothing to do with the claims asserted in this action.  Transamerica Life further objects on the ground that this request is unduly burdensome and duplicative of discovery that has already been completed in this case.

2.      All documents constituting, referencing, reflecting, or regarding any consolidation analysis, as referred to by IWA's corporate representative, Mr. David Feltman, in his deposition on March 17, 2023, including the consolidation analysis itself, performed in connection with IWA's Ground Lease Interest in the Property and/or IWA's interest in RSD.

**Specific Objections**: Transamerica Life specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.  Transamerica Life further objects on the ground that this Request is irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence, as this Court has already held that IWA's financial records are not relevant to this action.

3.     All documents constituting, referencing, reflecting, or regarding any accounting, valuation, or reserve for IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

      **Specific Objections**: Transamerica Life specifically incorporates by reference its General Objections and Specific Objections to Request Nos. 1 and 2.

4.     All documents constituting, referencing, reflecting, or regarding communications with lawyers in connection with the assignment of IWA's Ground Lease interest in the Property.

      **Specific Objections**: Transamerica Life specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.  Transamerica Life further objects to this Request as it seeks information protected by attorney-client privilege, the work product doctrine, or other Privileges.

5.     All documents constituting, referencing, reflecting, or regarding the review and approval of the assignment of IWA's Ground Lease interest in the Property by You or anyone in AEGON N.V., AURA, or IWA's accounting department or anyone with authority to review or approve the assignment.

      **Specific Objections**: Transamerica Life specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.

6.     All documents constituting, referencing, reflecting, or regarding any disposition lists related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD and any exit strategy or disposition related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

     **Specific Objections**: Transamerica Life specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.

     7.     All documents constituting, referencing, reflecting, or regarding Your affiliation with RCC North America, AEGON N.V., AURA, IWA, and/or RSD.

     **Specific Objections**: Transamerica Life specifically incorporates by reference its General Objections and Specific Objections to Request No. 1. Transamerica Life further objects to the extent that this Request seeks the production and/or disclosure of trade secrets or information that is proprietary, confidential, and sensitive.

     8.     All documents constituting, referencing, reflecting, or regarding any changes in RCC North America, AEGON N.V., AURA, or IWA's ownership, control, or structure and the business rationale for any such changes.

     **Specific Objections**: Transamerica Life specifically incorporates by reference its General Objections and Specific Objections to Request No. 1. Transamerica Life further objects to the extent that this Request seeks the production and/or disclosure of trade secrets or information that is proprietary, confidential, and sensitive.

     9.     To the extent not produced in response to other Document Requests, all documents constituting, referencing, reflecting, or regarding disclosures made in filings with any government agency, including the U.S. Securities and Exchange Commission, regarding RSD, including all documents constituting, referring, reflecting, or regarding corrections to any such disclosures regarding RSD.

     **Specific Objections**: Transamerica Life specifically incorporates by reference its General Objections and Specific Objections to Request No. 1. Transamerica Life further objects to the extent that this Request seeks the production and/or disclosure of trade secrets or information that

is proprietary, confidential, and sensitive. Transamerica Life also objects to the extent that this Request seeks information that is publicly available and equally accessible to Plaintiff from those public sources.

Dated: July 21, 2023

/s/ *Anthony L. Meagher*
Anthony L. Meagher (Bar No. 05710)
Alexa Pauline Ain (Bar No. 30563)
DLA Piper LLP (US)
650 S. Exeter Street
Suite 1100
Baltimore, MD 21202
anthony.meagher@dlapiper.com
alexa.ain@dlapiper.com
(410) 580-3000

*Counsel for Transamerica Life Insurance Company*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of July 2023, a copy of the foregoing Objections to Subpoena to Produce Documents to Non-Party Transamerica Life Insurance Company was served via the Court's electronic filing system upon all counsel of record including:

William Bosch
Alvin Dunn
Katherine Danial
Anthony Cavanaugh
Pillsbury Winthrop Shaw Pittman, LLP
1200 Seventeenth Street, N.W.
Washington, DC 20036
william.bosch@pillsburylaw.com
alvin.dunn@pillsburylaw.com
katherine.danial @pillsburylaw.com
anthony.cavanaugh@pillsburylaw.com

*Counsel for Plaintiff Rock Spring Plaza*

Sara Kropf
Rebecca Guiterman
Kropf Moseley PLLC
100 H Street, N.W.
Suite 1220
Washington, DC 20005
sara@kmlafirm.com
rebecca@kmlawfirm.com

*Counsel for Defendant Rock Springs
Drive LLC*

Rebecca Davis
Arnall Golden Gregory
171 17th Street NW Suite 2100
Suite 2100
Atlanta, GA 30363
rebecca.davis@agg.com

*Counsel for Defendant
Investors Warranty of America, LLC*

*/s/ Anthony L. Meagher*
Anthony L. Meagher

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| Rock Spring Plaza II, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>Investors Warranty of America, LLC, et al.<br><br>*Defendants*. | No. 8:20-cv-01502-PJM |

**OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS TO NON-PARTY
TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Transamerica Financial Life Insurance Company ("Transamerica Financial"), by its attorneys, submits the following Objections to Subpoena to Produce Documents to Non-Party Transamerica Financial Life Insurance Company (the "Subpoena") served upon it by Plaintiff Rock Spring Plaza, LLC ("RSP"). Transamerica Financial submits these objections subject to, without intending to waive, and expressly preserving: (a) the right to object to other discovery procedures involving or relating to the subject matter of the Subpoena and (b) the right to revise, correct, supplement, or clarify any of the responses herein.

**GENERAL OBJECTIONS**

1.      Transamerica Financial objects to the Subpoena to the extent it purports to impose any obligations upon Transamerica Financial that are not proportionate to its role as a non-party in this action or that are greater than or different from Transamerica Financial's obligations under the Federal Rules, the local rules, or applicable case law.

2. Transamerica Financial objects to the Subpoena's definition of "You," "Your," and "Transamerica," to the extent that it purports to require Transamerica Financial to produce documents for any entity other than Transamerica Financial.

3. Transamerica Financial objects to the Subpoena insofar as it seeks information that is not relevant to the subject matter of the pending action or not proportional to the needs of the case, considering the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Transamerica Financial objects to the Subpoena to the extent that it seeks documents which are confidential, sensitive, proprietary, or constitute trade secrets, and to the extent they call for other confidential research, development, commercial, financial, or proprietary information (including business information).

5. Transamerica Financial objects to the Subpoena to the extent that it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other constitutional, statutory, common law, or other applicable privilege or protection.

6. Transamerica Financial objects to the Subpoena to the extent that it seeks information or documents that are not in Transamerica Financial's possession, custody, or control.

7. Transamerica Financial objects to the Subpoena to the extent that it seeks information that is already in Plaintiff's possession or is equally available to Plaintiff from other sources that are more convenient, less burdensome, and/or less expensive, including the parties to this action.

8. Transamerica Financial objects to the Subpoena to the extent that it is overly broad, vague, ambiguous, and/or unduly burdensome to respond. Transamerica Financial further objects to the Subpoena to the extent that it fails to specify the information sought with reasonable particularity,

2

or otherwise requires speculation on the part of Transamerica Financial as to what information is requested.

9. Transamerica Financial objects to the Subpoena to the extent that it seeks discovery of information or testimony that is cumulative and/or duplicative of the discovery that RSP has already sought, received, and/or had the opportunity to seek earlier in this case.

10. Transamerica Financial objects to the Subpoena to the extent that any legal term of art contained therein is not defined and is thus, vague and ambiguous.

11. Transamerica Financial objects to the Subpoena to the extent that it is not an appropriate device for discovery of the requested information and/or seeks information in a manner that may be obtained in a manner less burdensome.

12. Transamerica Financial objects to the Subpoena on the grounds that the Court has not yet ruled on Defendant Investors Warranty of America, LLC's Motion to Quash Rock Spring Plaza II, LLC's Subpoenas to Nonparties, or in the Alternative, Motion for Protective Order ("IWA's Motion to Quash"), and hereby incorporates that Motion to Quash by reference and joins in it.

13. Transamerica Financial's decision to respond to any part of the Subpoena should not and shall not be construed as: (a) an admission that the material is relevant; or (b) a waiver of any of Transamerica Financial's general objections or objections asserted in response to a specific request in the Subpoena.

**SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS IN THE SUBPOENA**

The foregoing General Objections apply to each of the requests in the Subpoena and are hereby incorporated in each of Transamerica Financial's objections below. Transamerica Financial's objections may be specifically referred to in a response to a Request for the purpose of

clarity; however, the omission of such specific reference should not be construed as a waiver of the objection.

Subject to and without waiving the foregoing General Objections, or the specific objections below, Transamerica Financial responds that it is a New York Corporation, founded solely for purposes of doing business in the state of New York, and as such, had no involvement with the matters at issue in this case. As such, it has no non-privileged documents responsive to the Requests in the Subpoena in its possession, custody, or control.

1.　All documents constituting, referencing, reflecting, or regarding Your correspondence with, or work performed for or on behalf of, RCC North America, AEGON N.V., AURA, or IWA in connection with IWA's Ground Lease Interest in the Property and/or IWA's interest in RSD.

**Specific Objections**: Transamerica Financial objects to this Request to the extent that it is being asked to produce documents prior to the Court ruling on IWA's Motion to Quash, which Transamerica Financial incorporates by reference and joins. Transamerica Financial specifically incorporates by reference each of the objections to this Request made in IWA's Motion to Quash. Transamerica Financial also objects on the grounds that the Request is overly broad, designed to seek information that is not relevant to the claims and defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in scope, and seeks without limitation "all documents," including documents that have nothing to do with the claims asserted in this action. Transamerica Financial further objects on the ground that this request is unduly burdensome and duplicative of discovery that has already been completed in this case.

2.　All documents constituting, referencing, reflecting, or regarding any consolidation analysis, as referred to by IWA's corporate representative, Mr. David Feltman, in his deposition

on March 17, 2023, including the consolidation analysis itself, performed in connection with IWA's Ground Lease Interest in the Property and/or IWA's interest in RSD.

**Specific Objections**: Transamerica Financial specifically incorporates by reference its General Objections and Specific Objections to Request No. 1. Transamerica Financial further objects on the ground that this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as this Court has already held that IWA's financial records are not relevant to this action.

3. All documents constituting, referencing, reflecting, or regarding any accounting, valuation, or reserve for IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

**Specific Objections**: Transamerica Financial specifically incorporates by reference its General Objections and Specific Objections to Request Nos. 1 and 2.

4. All documents constituting, referencing, reflecting, or regarding communications with lawyers in connection with the assignment of IWA's Ground Lease interest in the Property.

**Specific Objections**: Transamerica Financial specifically incorporates by reference its General Objections and Specific Objections to Request No. 1. Transamerica Financial further objects to this Request as it seeks information protected by attorney-client privilege and the work product doctrine.

5. All documents constituting, referencing, reflecting, or regarding the review and approval of the assignment of IWA's Ground Lease interest in the Property by You or anyone in AEGON N.V., AURA, or IWA's accounting department or anyone with authority to review or approve the assignment.

5

   **Specific Objections**: Transamerica Financial specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.

  6. All documents constituting, referencing, reflecting, or regarding any disposition lists related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD and any exit strategy or disposition related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

   **Specific Objections**: Transamerica Financial specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.

  7. All documents constituting, referencing, reflecting, or regarding Your affiliation with RCC North America, AEGON N.V., AURA, IWA, and/or RSD.

   **Specific Objections**: Transamerica Financial specifically incorporates by reference its General Objections and Specific Objections to Request No. 1. Transamerica Financial also objects to the extent that this Request seeks the production and/or disclosure of trade secrets or information that is proprietary, confidential, and sensitive.

  8. All documents constituting, referencing, reflecting, or regarding any changes in RCC North America, AEGON N.V., AURA, or IWA's ownership, control, or structure and the business rationale for any such changes.

   **Specific Objections**: Transamerica Financial specifically incorporates by reference its General Objections and Specific Objections to Request No. 1. Transamerica Financial also objects to the extent that this Request seeks the production and/or disclosure of trade secrets or information that is proprietary, confidential, and sensitive.

  9. To the extent not produced in response to other Document Requests, all documents constituting, referencing, reflecting, or regarding disclosures made in filings with any government

agency, including the U.S. Securities and Exchange Commission, regarding RSD, including all documents constituting, referring, reflecting, or regarding corrections to any such disclosures regarding RSD.

      **Specific Objections**: Transamerica Financial specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.  Transamerica Financial also objects to the extent that this Request seeks the production and/or disclosure of trade secrets or information that is proprietary, confidential, and sensitive.  Transamerica Financial also objects to the extent that this Request seeks information that is publicly available and equally accessible to Plaintiff from those public sources.

Dated: July 21, 2023

/s/ *Anthony L. Meagher*
Anthony L. Meagher (Bar No. 05710)
Alexa Pauline Ain (Bar No. 30563)
DLA Piper LLP (US)
650 S. Exeter Street
Suite 1100
Baltimore, MD 21202
anthony.meagher@dlapiper.com
alexa.ain@dlapiper.com
(410) 580-3000

*Counsel for Transamerica Financial Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of July 2023, a copy of the foregoing Objections to Subpoena to Produce Documents to Non-Party Transamerica Financial Life Insurance Company was served via the Court's electronic filing system upon all counsel of record including:

William Bosch
Alvin Dunn
Katherine Danial
Anthony Cavanaugh
Pillsbury Winthrop Shaw Pittman, LLP
1200 Seventeenth Street, N.W.
Washington, DC 20036
william.bosch@pillsburylaw.com
alvin.dunn@pillsburylaw.com
katherine.danial @pillsburylaw.com
anthony.cavanaugh@pillsburylaw.com

*Counsel for Plaintiff Rock Spring Plaza*

Sara Kropf
Rebecca Guiterman
Kropf Moseley PLLC
100 H Street, N.W.
Suite 1220
Washington, DC 20005
sara@kmlafirm.com
rebecca@kmlawfirm.com

*Counsel for Defendant Rock Springs
Drive LLC*

Rebecca Davis
Arnall Golden Gregory
171 17th Street NW Suite 2100
Suite 2100
Atlanta, GA 30363
rebecca.davis@agg.com

*Counsel for Defendant
Investors Warranty of America, LLC*

*/s/ Anthony L. Meagher*
Anthony L. Meagher

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| Rock Spring Plaza II, LLC, | |
| *Plaintiff*, | |
| v. | No. 8:20-cv-01502-PJM |
| Investors Warranty of America, LLC, et al. | |
| *Defendants*. | |

## OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS TO NON-PARTY TRANSAMERICA CORPORATION

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Transamerica Corporation, by its attorneys, submits the following Objections to Subpoena to Produce Documents to Non-Party Transamerica Corporation (the "Subpoena") served upon it by Plaintiff Rock Spring Plaza, LLC ("RSP"). Transamerica Corporation submits these objections subject to, without intending to waive, and expressly preserving: (a) the right to object to other discovery procedures involving or relating to the subject matter of the Subpoena and (b) the right to revise, correct, supplement, or clarify any of the responses herein.

## GENERAL OBJECTIONS

1. Transamerica Corporation objects to the Subpoena to the extent it purports to impose any obligations upon Transamerica Corporation that are not proportionate to its role as a non-party in this action or that are greater than or different from Transamerica Corporation's obligations under the Federal Rules, the local rules, or applicable case law.

2.      Transamerica Corporation objects to the Subpoena's definition of "You," "Your," and "Transamerica," to the extent that it purports to require Transamerica Corporation to produce documents for any entity other than Transamerica Corporation.

3.      Transamerica Corporation objects to the Subpoena insofar as it seeks information that is not relevant to the subject matter of the pending action or not proportional to the needs of the case, considering the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.      Transamerica Corporation objects to the Subpoena to the extent that it seeks documents which are confidential, sensitive, proprietary, or constitute trade secrets, and to the extent they call for other confidential research, development, commercial, financial, or proprietary information (including business information).

5.      Transamerica Corporation objects to the Subpoena to the extent that it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other constitutional, statutory, common law, or other applicable privilege or protection.

6.      Transamerica Corporation objects to the Subpoena to the extent that it seeks information or documents that are not in Transamerica Corporation's possession, custody, or control.

7.      Transamerica Corporation objects to the Subpoena to the extent that it seeks information that is already in Plaintiff's possession or is equally available to Plaintiff from other sources that are more convenient, less burdensome, and/or less expensive, including the parties to this action.

8.      Transamerica Corporation objects to the Subpoena to the extent that it is overly broad, vague, ambiguous, and/or unduly burdensome to respond.  Transamerica Corporation further objects

to the Subpoena to the extent that it fails to specify the information sought with reasonable particularity, or otherwise requires speculation on the part of Transamerica Corporation as to what information is requested.

9.     Transamerica Corporation objects to the Subpoena to the extent that it seeks discovery of information or testimony that is cumulative and/or duplicative of the discovery that RSP has already sought, received, and/or had the opportunity to seek earlier in this case.

10.    Transamerica Corporation objects to the Subpoena to the extent that any legal term of art contained therein is not defined and is thus, vague and ambiguous.

11.    Transamerica Corporation objects to the Subpoena to the extent that it is not an appropriate device for discovery of the requested information and/or seeks information in a manner that may be obtained in a manner less burdensome.

12.    Transamerica Corporation objects to the Subpoena on the grounds that the Court has not yet ruled on Defendant Investors Warranty of America, LLC's Motion to Quash Rock Spring Plaza II, LLC's Subpoenas to Nonparties, or in the Alternative, Motion for Protective Order ("IWA's Motion to Quash"), and hereby incorporates that Motion to Quash by reference and joins in it.

13.    Transamerica Corporation's decision to respond to any part of the Subpoena should not and shall not be construed as: (a) an admission that the material is relevant; or (b) a waiver of any of Transamerica Corporation's general objections or objections asserted in response to a specific request in the Subpoena.

**SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS IN THE SUBPOENA**

The foregoing General Objections apply to each of the requests in the Subpoena and are hereby incorporated in each of Transamerica Corporation's objections below.    Transamerica Corporation's objections may be specifically referred to in a response to a Request for the purpose

of clarity; however, the omission of such specific reference should not be construed as a waiver of the objection.

Subject to and without waiving the foregoing General Objections, or the specific objections below, Transamerica Corporations responds that it has no additional non-privileged documents responsive to the Requests in the Subpoena in its possession, custody, or control.

1.      All documents constituting, referencing, reflecting, or regarding Your correspondence with, or work performed for or on behalf of, RCC North America, AEGON N.V., AURA, or IWA in connection with IWA's Ground Lease Interest in the Property and/or IWA's interest in RSD.

**Specific Objections**: Transamerica Corporation objects to this Request to the extent that it is being asked to produce documents prior to the Court ruling on IWA's Motion to Quash, which Transamerica Corporation incorporates by reference and joins.  Transamerica Corporation specifically incorporates by reference each of the objections to this Request made in IWA's Motion to Quash.  Transamerica Corporation also objects on the grounds that the Request is overly broad, designed to seek information that is not relevant to the claims and defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in scope, and seeks without limitation "all documents," including documents that have nothing to do with the claims asserted in this action.  Transamerica Corporation further objects on the ground that this request is unduly burdensome and duplicative of discovery that has already been completed in this case.  This is the third time that Transamerica Corporation has been subjected to requests for documents in this matter, first responding to a Subpoena as a non-party, and then responding to Requests for Production of Documents and fully producing all non-privileged responsive documents

4

after being added as a party in the case. Now it has again been served with a document subpoena as a non-party. It is improper for Plaintiff to again seek documents from Transamerica Corporation.

2.     All documents constituting, referencing, reflecting, or regarding any consolidation analysis, as referred to by IWA's corporate representative, Mr. David Feltman, in his deposition on March 17, 2023, including the consolidation analysis itself, performed in connection with IWA's Ground Lease Interest in the Property and/or IWA's interest in RSD.

**Specific Objections**: Transamerica Corporation specifically incorporates by reference its General Objections and Specific Objections to Request No. 1. Transamerica Corporation further objects to this Request on the grounds that this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as this Court has already held that IWA's financial records are not relevant to this action.

3.     All documents constituting, referencing, reflecting, or regarding any accounting, valuation, or reserve for IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

**Specific Objections**: Transamerica Corporation specifically incorporates by reference its General Objections and Specific Objections to Request Nos. 1 and 2.

4.     All documents constituting, referencing, reflecting, or regarding communications with lawyers in connection with the assignment of IWA's Ground Lease interest in the Property.

**Specific Objections**: Transamerica Corporation specifically incorporates by reference its General Objections and Specific Objections to Request No. 1. Transamerica Corporation further objects to this Request as it seeks information protected by attorney-client privilege and the work product doctrine.

5.     All documents constituting, referencing, reflecting, or regarding the review and approval of the assignment of IWA's Ground Lease interest in the Property by You or anyone in AEGON N.V., AURA, or IWA's accounting department or anyone with authority to review or approve the assignment.

**Specific Objections**: Transamerica Corporation specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.

6.     All documents constituting, referencing, reflecting, or regarding any disposition lists related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD and any exit strategy or disposition related to IWA's Ground Lease interest in the Property and/or IWA's interest in RSD.

**Specific Objections**: Transamerica Corporation specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.

7.     All documents constituting, referencing, reflecting, or regarding Your affiliation with RCC North America, AEGON N.V., AURA, IWA, and/or RSD.

**Specific Objections**: Transamerica Corporation specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.  Transamerica Corporation further objects to the extent that this Request seeks the production and/or disclosure of trade secrets or information that is proprietary, confidential, and sensitive.

8.     All documents constituting, referencing, reflecting, or regarding any changes in RCC North America, AEGON N.V., AURA, or IWA's ownership, control, or structure and the business rationale for any such changes.

**Specific Objections**: Transamerica Corporation specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.  Transamerica

Corporation further objects to the extent that this Request seeks the production and/or disclosure of trade secrets or information that is proprietary, confidential, and sensitive.

9.      To the extent not produced in response to other Document Requests, all documents constituting, referencing, reflecting, or regarding disclosures made in filings with any government agency, including the U.S. Securities and Exchange Commission, regarding RSD, including all documents constituting, referring, reflecting, or regarding corrections to any such disclosures regarding RSD.

**Specific Objections**: Transamerica Corporation specifically incorporates by reference its General Objections and Specific Objections to Request No. 1.   Transamerica Corporation further objects to the extent that this Request seeks the production and/or disclosure of trade secrets or information that is proprietary, confidential, and sensitive.  Transamerica Corporation also objects to the extent that this Request seeks information that is publicly available and equally accessible to Plaintiff from those public sources.

Dated: July 21, 2023

/s/ *Anthony L. Meagher*
Anthony L. Meagher (Bar No. 05710)
Alexa Pauline Ain (Bar No. 30563)
DLA Piper LLP (US)
650 S. Exeter Street
Suite 1100
Baltimore, MD 21202
anthony.meagher@dlapiper.com
alexa.ain@dlapiper.com
(410) 580-3000

*Counsel     for     Transamerica Corporation*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of July 2023, a copy of the foregoing Objections to Subpoena to Produce Documents to Non-Party Transamerica Corporation was served via the Court's electronic filing system upon all counsel of record including:

William Bosch
Alvin Dunn
Katherine Danial
Anthony Cavanaugh
Pillsbury Winthrop Shaw Pittman, LLP
1200 Seventeenth Street, N.W.
Washington, DC 20036
william.bosch@pillsburylaw.com
alvin.dunn@pillsburylaw.com
katherine.danial @pillsburylaw.com
anthony.cavanaugh@pillsburylaw.com

*Counsel for Plaintiff Rock Spring Plaza*

Sara Kropf
Rebecca Guiterman
Kropf Moseley PLLC
100 H Street, N.W.
Suite 1220
Washington, DC 20005
sara@kmlafirm.com
rebecca@kmlawfirm.com

*Counsel for Defendant Rock Springs
Drive LLC*

Rebecca Davis
Arnall Golden Gregory
171 17th Street NW Suite 2100
Suite 2100
Atlanta, GA 30363
rebecca.davis@agg.com

*Counsel for Defendant
Investors Warranty of America, LLC*

*/s/ Anthony L. Meagher*
Anthony L. Meagher

8