# Exhibit E




**DLA Piper LLP (US)**
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
www.dlapiper.com

Nicole Marie Kozlowski
nicole.kozlowski@us.dlapiper.com
T 410.580.4106
F 410.580.3106

November 17, 2022

*VIA E-MAIL*

Katherine Danial
Pillsbury Winthrop Shaw Pittman LLP
1200 17th Street, NW
Washington, DC 20036

**Re: *Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC et al.*, No. 8:20-cv-01502-PJM -- Transamerica's Discovery Responses**

Dear Ms. Danial:

We are in receipt of your letter regarding Transamerica Corporation's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents ("RFP Responses") and its Responses and Objections to Plaintiff's First Set of Interrogatories ("Interrogatory Responses") (collectively "Responses") served on September 30, 2022.

In your first point, you acknowledge that Transamerica Corporation produced documents which disclose the names of its officers and directors from March 2017 forward. You appear to complain that Transamerica Corporation did not produce documents sufficient to show its officers and directors prior to that date and failed to produce documents sufficient to show the officers and directors of RCC North America, IWA and RSD. Those are separate entities from Transamerica Corporation and, as indicated in its responses, Transamerica is only producing documents on behalf of Transamerica Corporation and objected to the inappropriate definition of "'You,' 'Your,' or 'Defendant' to the extent that it purports to include entities other than Transamerica Corporation." Transamerica Corporation stands by that objection. In addition, two of those other entities are parties to this action and the third was the subject of a document subpoena issued by Plaintiff, so presumably Plaintiff already has obtained the requested documentation from those entities. In addition, Transamerica objected to producing documents for the period prior to January 1, 2017 given that the assignment at issue in the First Amended Complaint took place on August 31, 2017. *See* General Objection No. 13. Transamerica likewise stands by the objection as the identity of officers and directors of Transamerica in prior years is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

In your second point, Plaintiff takes issue with three of Transamerica Corporation's general objections to the document requests and three general objections to the Interrogatories. These are addressed below.





- **Documents In Plaintiffs' Possession or Equally Available to Plaintiff (RFP Response General Objection No. 8 and Interrogatory Response General Objection No. 7)**

  - Transamerica Corporation made the general objection that it "objects to these Requests to the extent that they seek information that is already in Plaintiff's possession or is equally available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive." *See* RFP Response General Objection No. 8 and Interrogatory Response General Objection No. 7. While Plaintiff has asserted that the rule in the Fourth Circuit is that this is an improper objection, that is not so. For example, in *In re Campuzano-Trevino*, the Court determined that a subpoena was unduly burdensome in that much of the information sought in the subpoena was available to the requesting party through another party who was an adversary in another proceeding. *See In re Campuzano-Trevino* No. CV SAG-22-00365, 2022 WL 570254, at *3, 7 (D. Md. Feb. 24, 2022) (noting that the scope of discovery permissible under a subpoena is that same as that of discovery under Rule 26). Plaintiff propounded twelve document requests and six interrogatories seeking information concerning RSD and IWA, both of which are parties to this case and the information can be, and presumably has been, requested and obtained from these parties. Thus, Transamerica Corporation's objection is proper, and Transamerica Corporation stands by it.

- **Time Period Applicable to the Requests (RFP Response General Objection No. 13 and Interrogatory Response General Objection No. 11)**

  - Plaintiff identified a 16-year time period for which it is seeking documents (January 1, 2006 to present). As noted above, Transamerica Corporation objected to providing documents prior to January 1, 2017 because the assignment at issue did not occur until later in 2017 and documents relating to years prior to that assignment are not relevant to the issues in this case and are not reasonably calculated to lead to the discovery of admissible evidence.[1] The time period utilized by Transamerica Corporation is reasonable based on the allegations in the First Amended Complaint. In the First Amended Complaint, Plaintiff cites ***no*** conduct by any party prior to August 2017, other than the entry of the Ground Lease in 1990, which did not involve any of the parties other than the Plaintiff. Using the period of January 1, 2017 to present, which begins eight months prior to

---

[1] Plaintiff incorrectly states that Transamerica Corporation "limit[ed] the scope of information requested to August 1, 2017 to present." RFP Response General Objection No. 13 and Interrogatory Response General Objection No. 11 both provide that Transamerica Corporation will "use the period from January 1, 2017 through present."





the assignment of the Ground Lease, is reasonable based on Plaintiff's allegations. Plaintiff has stated in its letter that this is an "arbitrary timeline," but fails to cite allegations in its First Amended Complaint that would support the unreasonably expansive sixteen-year time period proposed by Plaintiff. Transamerica is willing to meet and confer concerning the appropriate time period if Plaintiff can explain why the time period used by Transamerica Corporation should be expanded.

- **<u>Undue Burden (RFP Response General Objection No. 16 and Interrogatory Response General Objection No. 14)</u>**

  - Transamerica agrees to revise its RFP Response General Objection No. 16 and Interrogatory Response General Objection No. 14 to remove the "unduly burdensome" objection. The general objection will now state, "Transamerica Corporation objects to the [Interrogatories/Requests] to the extent they are overly broad and not proportionate to the needs of this case."

In your third point, you first claim that Transamerica Corporation has not adequately responded to Documents Request Nos. 3-12 and 19. Transamerica Corporation has no employees. The documents Plaintiff cites in its letter merely include recipients whose email addresses include the domain "@transamerica.com." These individuals may work for other entities that utilize that domain name, but they are not employees of Transamerica Corporation. As indicated in its responses, Transamerica Corporation conducted a reasonable search and did not locate any non-privileged documents responsive to these Requests. With respect Document Request Nos. 13-16 and 21-23, which you also mention, again, Transamerica Corporation conducted a reasonable search and did locate any non-privileged documents responsive to these Requests. Transamerica stands by its responses.

In your fourth point, you claim that certain of Transamerica Corporation's interrogatory answers are deficient. With respect to Interrogatory No. 1, Transamerica Corporation has listed the individual on behalf of Transamerica Corporation with knowledge of the claims or defenses in this case. Transamerica Corporation had no involvement in the matters underlying the claims in this case and does not know who else may have such knowledge. The only other way for Transamerica Corporation to identify "all" persons who may have such knowledge would be to review all the documents that have been produced by the parties in this action and list all the names found in them, supposing that such persons may have such knowledge. Plaintiff can do the same thing, so it is unreasonable to ask Transamerica Corporation to do so. Transamerica Corporation stands by its answer. With respect to the remaining referenced Interrogatories, it is unclear from your letter what remaining information you are seeking. Transamerica Corporation has fully responded to Interrogatory Nos. 2-5, 8, 17, and 19 noting the corporate relationship among the parties for the






relevant entities, based on the allegations in the First Amended Complaint. *See e.g.*, Response to Interrogatory No. 4 ("Subject to and without waiving the foregoing, Transamerica Corporation responds that it is the parent company of RCC North America, LLC); Response to Interrogatory No. 8 ("Transamerica has no knowledge of and had no involvement in the creation of, and acquisition by IWA of voting shares in, RSD, and the purposes and objectives of RSD. As such it has no information responsive to this interrogatory.").[2] Transamerica Corporation has responded based on the information within its knowledge and Plaintiff has not identified any specific deficiency in these responses. With regard to Interrogatory Nos. 8-14, and 18, Transamerica Corporation has accurately responded that it lacks knowledge concerning the assignment. Again, Transamerica Corporation has never been a party to the Ground Lease and was not a party to the assignment. Your statement that the assignment "clearly involve[s] Transamerica employees" is incorrect. Because Transamerica Corporation fully responded to these Interrogatories, it stands by its answers.

If this letter does not resolve the issues raised in Plaintiff's November 8, 2022, letter, Transamerica Corporation remains willing to meet and confer in good faith to further understand Plaintiff's position on these matters and attempt to resolve them.

Sincerely,

/s/ Nicole Kozlowski

Nicole Kozlowski

cc: All counsel of record via email

[2] Plaintiff seeks information concerning Aegon N.V. in Interrogatory No. 3. It is not clear how this entity relates to any allegations in the First Amended Complaint, and thus, Transamerica properly objected to Interrogatory No. 3.