# Exhibit F



**Seyfarth Shaw LLP**
1075 Peachtree Street, Suiite 2500
Altanta, Georgia 30317
**T** (404) 885-1500


rdavis@seyfarth.com
T (404) 888-1874

www.seyfarth.com

May 24, 2023

**VIA ELECTRONIC MAIL**

Katherine Danial
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, D.C. 20036
katherine.danial@pillsburylaw.com

    Re:   *Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC, et al.*

Dear Katherine:

    We are in receipt of your May 24, 2023 letter and find it puzzling at best. IWA has complied with its discovery obligations and there are no "outstanding gaps" in IWA's discovery responses. Moreover, the statements in your letter completely contradict Plaintiff's prior agreement that IWA's discovery is full and complete on all matters except for IWA's financial records. IWA has previously objected to Plaintiff's attempts to obtain IWA's financial records, and the Court has agreed with IWA and made clear at the February 16, 2023 Hearing (the "Hearing") that Plaintiff cannot seek discovery on IWA's financial information.

    Moreover, Plaintiff's belated demand that IWA identify documents it has produced in connection with Plaintiff's Requests for Production ("Requests") Nos. 1, 4, 5, 7, 8, 9, 10, 11, 12, 13, 21, 23, 24, 27 and 29 is intended to serve no other purpose than to harass and oppress IWA. To the extent that non-privileged documents responsive to Requests Nos. 1 – 22 exist and are in IWA's custody and control, IWA produced such documents approximately ***two years ago***. Provided that IWA responded to these requests nearly two years ago, any motion to compel that Plaintiff plans to file is time-barred pursuant to Local Civil Rule 104(8)(a). Also, specific to Requests Nos. 12, 13, 14 and 21, the Court has already denied Plaintiff's Motion to Compel seeking documents pursuant to these exact Requests. As to the other Requests, IWA has served appropriate objections to Requests Nos. 23, 23, 27 and 29.

    Turning to the specific demands in your letter, you have identified six purported "gaps" in discovery that improperly categorize varying Requests. However, as detailed further below, Plaintiff has not requested any documents in four of the six categories. As to "documents reflecting drafts of the Estoppel Agreement," as requested through Request No. 11, IWA has already produced documents responsive to this Request. Regarding the "relationship, if any, between RSD



May 24, 2023
Page 2

and RCC North America, LLC," that relationship has been thoroughly explained.  RCC North America, LLC is the sole member of RSD.

Regarding "[d]ocuments reflecting financial reporting to IWA from Rock Springs Drive, LLC ("RSD")," the Requests you reference (Nos. 9, 13, 21, 23 and 24) do not in any way relate to the supposed financial reports Plaintiff claims to seek (and again, the Court has already rejected a prior motion to compel filed in connection with Requests Nos. 13 and 21).  Nevertheless, your argument is nonsensical because both IWA and RSD have produced documents relating to financial reporting by RSD, including financial statements and annual budgets.  Further still, IWA's expert, Ian Ratner, provided a detailed analysis of the documents that Plaintiff claims were not produced.  Also, IWA's financial documents are beyond the scope of this litigation and are not relevant pursuant to the Court's ruling at the Hearing.  *See* Hrg Tr. 176:10-12 ("Number 2 is plaintiff's motion to compel supplementary discovery from IWA, ECF No. 261.  The Court ruled that IWA's financial records are not relevant.")

Regarding documents reflecting reserves maintained by IWA or any of IWA's affiliates in connection with IWA's interest in RSD, Plaintiff's new request is nonsensical in that the request is completely inconsistent with the facts of this case.  Moreover, pursuant to the Court's ruling at the Hearing, IWA's financial documents, which would include the establishment of any "reserves" and its books are financial document, and thus beyond the scope of discoverable information.  Also, even if the information was within the permissible scope of discovery, Requests Nos. 4, 8, 10, 12, 13, 23 and 24 do not seek information about "reserves maintained by IWA."  And finally, IWA is not obligated to produce documents on behalf of other entities, including any purported affiliates.

Regarding documents reflecting communications "regarding whether and how to account for IWA's interest in RSD on the books and records of any AEGON N.V. related entity," the Requests referenced, Nos. 13, 24, 29, do not in any way seek that category of documents you reference in your May 17, 2023 letter.  Moreover, the requested information is beyond the scope of this litigation pursuant to the Court's ruling at the Hearing.  Also, IWA does not control or possess documents relating to accounting and records of other companies, and thus will not produce any documents from "any [other] AEGON N.V. related entity."

The final category also does not relate to any Requests or Interrogatory No. 9.  No Request seeks "documents supporting IWA's claim that Plaintiff covenanted not to challenge the assignment" at issue in this litigation.  Nevertheless, as Plaintiff is aware, "Plaintiff covenanted not to challenge an assignment" in the Estoppel Agreement.  The assignment at issue in this case, which was made to a third party, was based on reasonable business decisions and was expressly allowed by two separate contracts.  IWA cannot produce documents relating to either an assignment not made in good faith and/or an assignment that may constitute a fraudulent conveyance because neither allegation is true.  In other words, IWA cannot produce documents relating to a fraudulent conveyance that never occurred.  No responsive documents exist.

Second, the Court has unequivocally ruled that IWA's financial documents, including its balance sheets, are not relevant to this litigation and are beyond the scope of discovery.  Yet, even still, IWA completed its production before the Hearing, and already has produced Tito Aragon's decision that there were "no consolidation issues."  *See* IWA0016178.  However, since the Court

**Seyfarth**

May 24, 2023
Page 3

has determined that this information is beyond the scope of discovery, IWA requests that Plaintiff return to IWA the document identified as IWA0016178, as well as all documents referencing IWA's balance sheets or relating thereto, or in the alternative, that Plaintiff destroy the document and provide IWA with certification of same.

Third, IWA has not improperly withheld any documents or communications based on the common interest privilege. RSD was formed as a joint venture between IWA and Longshore Ventures, LLC on August 25, 2017, and the common interest privilege attached at the time of formation, if not sooner. That the members of RSD did not execute the Operating Agreement for RSD at the time of formation is not relevant to the inquiry. An operating agreement does not form the company, and in fact an operating agreement is not even required for a limited liability company under Maryland law.

Fourth, Plaintiff's Interrogatory No. 24 does not seek facts, but instead calls for a legal conclusion, and seeks an opinion as to the accuracy of a statement to a regulatory agency by a third party. IWA's objections and response to Interrogatory No. 24 were proper.

In short, there are no discovery deficiencies in IWA's discovery responses that IWA needs to remedy. To the extent that Plaintiff contends that its letter does "not … address every issue or deficiency," IWA maintains that no other issues exist. IWA reserves the right to assert further facts arguments and defense as it deems necessary and nothing in this letter should be construed as a waiver or forfeiture of any argument by IWA with respect to any matters discussed herein.

        Sincerely,
        SEYFARTH SHAW LLP

        *Rebecca A. Davis*

        Rebecca A. Davis