# Exhibit G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (Greenbelt Division)

| | |
|---|---|
| **ROCK SPRING PLAZA II, LLC,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 8:20-cv-01502-PJM |
| **INVESTORS WARRANTY OF AMERICA, LLC, et al.,** | |
| **Defendants.** | |

## DEFENDANT INVESTORS WARRANTY OF AMERICA, LLC'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Investors Warranty of America, LLC ("IWA"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, submits the following answers to Plaintiff Rock Spring Plaza II, LLC's First Set of Interrogatories (the "Interrogatories"), as follows:

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. IWA objects to Plaintiff's Definitions to the extent they exceed the scope of discovery permitted by the Federal Rules of Civil Procedure and the Local Rules of the US District Court for the District of Maryland.

2. IWA objects to Instruction 4 to the extent that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law, or rule. Nothing contained in these responses or any production of documents by IWA is intended to be or may be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law, or rule.

67409401v.2

3.      IWA objects to the definitions of "IWA," "RSD," "Assignee," "Transamerica," "RCC North America," "AEGON N.V" to the extent that such definitions purport to suggest that any such entity is not a lawfully formed legal entity, and that each entity is not a separate and distinct entity from any parent, subsidiary, or affiliate. Accordingly, all responses to any interrogatory herein, when it refers to "IWA," "RSD," "Assignee," "Transamerica," "RCC North America," "AEGON N.V." shall not include or refer to any parent, subsidiary, or affiliate of the company identified.

4.      IWA objects to Plaintiff's Interrogatories, including the definitions and instructions, because they are not limited to matters at issue in or relevant to this litigation.

## RESERVATION OF RIGHTS

Any response to these Interrogatories is made subject to IWA's right to object to the admission of any and all such responses on the grounds they are irrelevant to the issues in this action or are otherwise inadmissible. IWA responds to these Interrogatories subject to the accompanying objections, without waiving and expressly preserving all such objections. IWA also submits these responses subject to, without intending to waive, and expressly preserving (a) any objection as to privilege or work product; and (b) the right to object to other discovery procedures concerning the subject matter of the interrogatories to which it responds herein. These responses are based on IWA's present knowledge, information, and belief and are subject to amendment and supplementation as IWA acquires additional information or documents and completes its discovery of the facts underlying this case.

## SPECIFIC OBJECTIONS AND ANSWERS

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify in detail IWA's corporate members, including the amount of voting shares in IWA held by each member.

**ANSWER:**

IWA objects to Interrogatory No. 1 because it seeks information that is not relevant to any party's claim or defense. IWA further objects to the interrogatory to the extent it presumes that IWA is not a discrete and separate legal entity from any parent, subsidiary, or affiliate of IWA. Subject to and without waiving its objections, IWA states that IWA is an Iowa domestic corporation that was originally formed on December 12, 1980. Investors Warranty of America, Inc. was converted to Investors Warranty of America, LLC on September 21, 2015. The member of IWA is RCC North America LLC. RCC North America LLC is a Delaware limited liability company formed on February 26, 2002. RCC North America LLC's sole member is Transamerica Corporation. Transamerica Corporation is a Delaware corporation formed on August 15, 2003. The sole shareholder of Transamerica Corporation is the AEGON Trust, which is located in The Hague, The Netherlands. The AEGON Trust is owned by AEGON International B.V., which is owned by AEGON N.V., both of The Hague, The Netherlands. AEGON N.V. is a publicly traded entity.

**INTERROGATORY NO. 2:**

Describe in detail IWA's corporate relationship with AEGON N.V.

**ANSWER:**

IWA objects to Interrogatory No. 2 because it seeks information that is not relevant to any party's claim or defense. IWA further objects to the interrogatory to the extent that it presumes that there is a direct relationship between IWA and AEGON N.V., or a direct

relationship between IWA and any other separate legal entity.  IWA further objects to the interrogatory to the extent it presumes that IWA is not a discrete and separate legal entity from any other corporate entity, including any parent, subsidiary, or affiliate of IWA.  Subject to and without waiving the preceding objections, IWA incorporates by reference its response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Describe in detail IWA's corporate relationship with Transamerica.

**ANSWER:**

IWA objects to Interrogatory No. 3 because it seeks information that is not relevant to any party's claim or defense.  IWA further objects to the interrogatory to the extent that it presumes that there is a direct relationship between IWA and Transamerica, or a direct relationship between IWA and any other separate legal entity.  IWA further objects to the interrogatory to the extent it presumes that IWA is not a discrete and separate legal entity from any other corporate entity, including any parent, subsidiary, or affiliate of IWA.  Subject to and without waiving the preceding objections, IWA incorporates by reference its response to Interrogatory No. 1.

**INTERROGATORY NO. 4:**

Describe in detail IWA's corporate relationship with RCC North America.

**ANSWER:**

IWA objects to Interrogatory No. 4 because it seeks information that is not relevant to any party's claim or defense.  IWA further objects to the interrogatory to the extent that it presumes that there is a direct relationship between IWA and RCC North America, or a direct relationship between IWA and any other separate legal entity.  IWA further objects to the interrogatory to the extent it presumes that IWA is not a discrete and separate legal entity from

any other corporate entity, including any parent, subsidiary, or affiliate of IWA. Subject to and without waiving the preceding objections, IWA incorporates by reference its response to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

Identify any and all persons from IWA who communicated with Transamerica, AEGON N.V., or RCC North America from June 1, 2006, to present in connection with the Ground Lease, Estoppel Agreement, or the Property, and describe when each communication occurred.

**ANSWER:**

IWA objects to Interrogatory No. 5 because it lacks a relevant temporal limitation since IWA had not association with the Property on June 1, 2006. IWA also objects to Interrogatory No. 5 because it is overly broad, unduly burdensome, and disproportionate to the issues presented in this litigation. IWA also objects to Interrogatory No. 5 to the extent that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law, or rule. IWA further objects to Interrogatory No. 5 because it is not one interrogatory, but three separate interrogatories. Subject to and without waiving the preceding objections, IWA is not presently aware of any communications with Transamerica, AEGON N.V., or RCC North America from June 1, 2006, to prior to the commencement of the litigation, in connection with the Ground Lease, Estoppel Agreement, or the Property. Transamerica was alerted to the litigation after it was filed. IWA is a separate legal entity that is distinct from Transamerica, AEGON N.V., and RCC North America, and day-to-day operations and assets are not directly controlled, managed, operated, maintained, or serviced by Transamerica, AEGON N.V., or RCC North America. IWA is still reviewing documents, and if any communications responsive to this Interrogatory are identified, IWA reserves the right to supplement its response to Interrogatory No. 5, and also reserves its rights

67409401v.2

under Rule 33(d) to refer Plaintiff to documents produced by IWA, any co-defendant, or any non-party.

**INTERROGATORY NO. 6:**

Describe in detail any IWA documents or communications concerning the financial performance of the Property, including any amounts due under the Ground Lease, IWA's ability to satisfy monthly rent payments under the Ground Lease from June 1, 2006 to September 1, 2017, and any efforts to sublease the Property or assign Tenant's interest in the Property.

**ANSWER:**

IWA objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, and disproportionate to the issues presented in this litigation because, among other reasons, IWA did not foreclose on the Ground Lease until 2012. IWA also objects to Interrogatory No. 6 because it seeks information that is equally, if not more available, to Landlord than IWA. Specifically, and as Landlord is aware, its affiliate, Original Tenant was responsible for payment of rent under the Ground Lease up until the foreclosure in 2012. Moreover, as Landlord also is aware, IWA paid rent when it was the tenant under the Ground Lease. IWA also objects to Interrogatory No. 6 to the extent that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law, or rule. Subject to and without waiving the preceding objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, IWA refers Landlord to documents produced by IWA containing information as to attempts to market and lease the Property to potential tenants and the financial performance of the Property.

**INTERROGATORY NO. 7:**

Identify each person or entity, including IWA, who communicated with Attorney Robert W. Barron concerning the August 31, 2017 Letter from Tenant to Landlord regarding Tenant's assignment of its interest in the Ground Lease to RSD.

**ANSWER:**

IWA objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome, and disproportionate to the issues presented in this litigation in that it seeks to place an impermissible burden on IWA to respond on behalf of other parties.  IWA further objects to this interrogatory to the extent it suggests that Robert W. Barron represents, or has represented IWA.  The letter was issued by IWA to Landlord on August 31, 2017, and directs that Landlord contact Mr. Barron, counsel for RSD, with any post-assignment questions.  Subject to and without waiving the preceding objections, IWA is not represented by Mr. Barron, and IWA is not aware of any communications directly between IWA and Mr. Barron regarding the August 31, 2017 letter, but to the extent there were any communications, they likely would have been between Mr. Barron and counsel for IWA.  IWA is still reviewing documents, and if any communications responsive to this request are identified, IWA reserves the right to supplement its response to Interrogatory No. 7, and also reserves its rights under Rule 33(d) to refer Plaintiff to documents produced by IWA, any co-defendant, or any non-party.

**INTERROGATORY NO. 8:**

Describe in detail the business reasons surrounding the creation of, and acquisition of voting shares in, RSD, including the purposes and objectives of RSD and the purposes for which RSD intends to use the Property, and identify all related documents and communications.

**ANSWER:**

IWA objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome, and disproportionate to the issues presented in this litigation.  IWA further objects as to relevance, and to the extent that it seeks confidential and proprietary business and financial information.  Also, IWA object on the grounds that RSD and IWA are separate legal entities, and that to the extent it seeks communications from RSD that are better obtained through requests to RSD.  IWA also objects to this interrogatory to the extent that it seeks information or documents

67409401v.2

protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law, or rule.

Subject to and without waiving the preceding objections, when Original Tenant was the tenant and before the foreclosure in 2012, the tenant vacated the Property. As such, prior to the 2012 foreclosure, the Property was vacant. After foreclosing on the Property in 2012, IWA made necessary repairs to the improvements and multiple systems, and sought assistance from multiple commercial real estate professionals to lease the Property. IWA also tried to work with Landlord to adjust the ground rent under the Ground Lease to help make the Property more marketable. Landlord, an affiliate of Original Tenant, declined to assist IWA with any efforts to increase the marketability or appeal of the Property.

In 2017, IWA began discussions with Algon Group, LLC ("Algon"), regarding a possible relationship to facilitate the marketing and leasing, and possibly even the sale, of the leasehold interest created by the Ground Lease. Algon has substantial expertise relevant to the Property, including expertise in financial restructuring and maximizing value of real estate assets. After arms-length negotiations, Algon and IWA formed a new company, RSD, which has an IWA member and Longshore Ventures, LLC. Longshore Ventures contributes and is compensated for its asset management, accounting, operational, and restructuring expertise, and Longshore is further compensated through the proceeds through its membership interest. Longshore Ventures, LLC also was retained to perform property management services, and is paid a monthly management fee for those services.

Subject to and without waiving the preceding objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, IWA refers Landlord to documents produced by IWA

containing information responsive to Interrogatory No. 8, including the Operating Agreement for RSD, RSD's Articles of Incorporation, and the Management Agreement.

**INTERROGATORY NO. 9:**

Describe in detail the circumstances surrounding Original Tenant assigning its interest in the Property to IWA.

**ANSWER:**

IWA also objects to Interrogatory No. 9 because it seeks information that is equally, if not more available, to Landlord than IWA,  IWA further objects because Interrogatory No. 9 relies on a false premise that Original Tenant simply assigned its interest in the Property to IWA.

Subject to and without waiving the preceding objections, IWA responds that on January 13, 2012, Investors Warranty of America, Inc. and Original Tenant entered into an Agreement to Consent to Foreclosure Sale ("Foreclosure Agreement").   Pursuant to the Foreclosure Agreement, Original Tenant agreed that Investors Warranty of America, Inc., as beneficiary under that certain Amended and Restated Deed of Trust, Security Agreement and Fixture Filing dated June 2, 2006, could proceed with a foreclosure sale.   Thereafter, by virtue of foreclosure proceedings commenced in the Circuit Court for Montgomery County, Maryland in Civil Action No. 358310V, the leasehold interest created by the Ground Lease was sold on February 28, 2012, to Investors Warranty of America, Inc. for $3,700,000.  The Circuit Court for Montgomery County, Maryland ratified the aforesaid foreclosure sale by Order entered August 24, 2012.  By that certain Trustee's Deed of Assignment dated August 28, 2012, by and between John P. Machen, as Trustee and Investors Warranty of America, Inc., the Original Tenant's leasehold interest was conveyed to Investors Warranty of America, Inc.  Investors Warranty of America, Inc. was then converted to IWA via Articles of Conversion to a Limited Liability Company dated September 15, 2015.

**INTERROGATORY NO. 10:**

Describe in detail any and all consideration received by RSD from IWA related to the assignment of the Ground Lease to RSD and identify all documents demonstrating that consideration was received.

**ANSWER:**

IWA objects to Interrogatory No. 10 on the grounds that it is overly broad, unduly burdensome, and disproportionate to the issues presented in this litigation. IWA further objects to this interrogatory on the basis of relevance, and to the extent that it seeks confidential and proprietary business and financial information. IWA also objects to Interrogatory No. 10 to the extent that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law, or rule. Also, IWA objects to Interrogatory No. 10 on the basis that it seeks an improper legal conclusion.

Subject to and without waiving the preceding objections, IWA incorporates by reference its response to Interrogatory No. 8. Responding further, among other consideration, RSD received from IWA all rights to the Property created by the Ground Lease, and the opportunity to lease, and realize profits from either the lease or the Property or sale of the leasehold interest created by Ground Lease. RSD also has received consideration in the form of cash for asset management.

Subject to and without waiving the preceding objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, IWA refers Landlord to documents produced by IWA containing information responsive to Interrogatory No. 10, including the Operating Agreement for RSD and the Management Agreement.

**INTERROGATORY NO. 11:**

Describe in detail the business reasons concerning IWA's assignment of its interest in the Ground Lease to RSD.

- 10 -

67409401v.2

**ANSWER:**

IWA objects to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome, and disproportionate to the issues presented in this litigation. IWA further objects to this interrogatory on the basis of relevance, and to the extent that it seeks confidential and proprietary business and financial information. Also, IWA objects to the use of the term "business reasons" because the term is vague and ambiguous, and could be interpreted to have various meanings. IWA also objects to this interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law or rule.

Assuming that the interrogatory is requesting information as to why IWA assigned its interest in the Ground Lease to RSD, subject to and without waiving the preceding objections, IWA incorporates by reference its responses to Interrogatory Nos. 8 and 10. Also, the assignment was made because the manager of RSD has particular expertise in maximizing the value of underperforming real estate assets. The business relationship between IWA and RSD was negotiated at arms-length, and both members of RSD are receiving mutual benefits from the current arrangement.

**INTERROGATORY NO. 12:**

Describe in detail any communications and related documents between IWA, RSD, and Transamerica regarding IWA's assignment of its interest in the Ground Lease to RSD.

**ANSWER:**

IWA objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome, and disproportionate to the issues presented in this litigation. IWA further objects as to relevance, and to the extent that it seeks confidential and proprietary business and financial information. IWA further objects on the grounds that it presumes certain communications took

place or existed. Furthermore, IWA objects to Interrogatory No. 12 on the basis that it seeks to place an impermissible burden on IWA to respond on behalf of other parties. Also, IWA objects to this interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law or rule.

Subject to and without waiving the preceding objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, IWA refers Landlord to documents produced by IWA containing information responsive to Interrogatory No. 12.

**INTERROGATORY NO. 13:**

Describe in detail why IWA failed to record the assignment of the Ground Lease as required by Maryland law.

**ANSWER:**

IWA further objects to this interrogatory on the basis of relevance, and to the extent that it seeks confidential and proprietary business and financial information. IWA also objects to Interrogatory No. 13 to the extent that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law, or rule. Also, IWA objects to Interrogatory No. 13 on the basis that it seeks an improper legal conclusion.

Subject to and without waiving the preceding objections, IWA does not believe it was required to record the assignment of the Ground Lease.

**INTERROGATORY NO. 14:**

Identify any and all persons and entities that IWA considered as a potential subtenant or assignee to the Property and describe in detail any communications concerning each person or entity.

**ANSWER:**

IWA objects to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome, and disproportionate to the issues presented in this litigation. IWA further objects as to relevance, and to the extent that it seeks confidential and proprietary business and financial information. IWA also objects to this interrogatory to the extent it relies on a false premise that the tenant under the Ground Lease is required or obligated to consider potential subtenants or assignees. Also, IWA objects to this interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law, or rule. Subject to and without waiving the preceding objections, prior to the assignment, IWA investigated the possibility of leasing space through multiple real estate brokers, including CBRE, Cushman & Wakefield, and Jones Lang LaSalle. RSD has communicated with multiple high-end brokers that service Bethesda, and has also considered requests for proposals from Marriott and the General Services Administration. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, IWA refers Landlord to documents produced by IWA containing information responsive to Interrogatory No. 14, including the March 30, 2018 letter from Berger Singerman attached as Exhibit D to the Complaint.

**INTERROGATORY NO. 15:**

Identify the sources of all funds used in connection with the operation, maintenance, and payment of ground rent for the Property, including the identity of the owners of any accounts used to fund the operation, maintenance, and payment of ground rent for the Property.

**ANSWER:**

IWA objects to Interrogatory 15 on the basis of relevance, and to the extent that it seeks confidential and proprietary business and financial information. Subject to and without waiving the preceding objection, sources of the funding for the operation, maintenance, and payment of

ground rent for the Property are considered membership contributions of IWA, as described in that certain Operating Agreement, as amended.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, IWA also refers Landlord to documents produced by IWA containing information responsive to Interrogatory No. 15.

**INTERROGATORY NO. 16:**

Identify the date and time you first contacted an attorney to represent you concerning the underlying allegations in this case and identify the name, address, and telephone number of the attorney.

**ANSWER:**

IWA objects to this Interrogatory as to relevance, and also to the extent that it seeks confidential and proprietary business and financial information.  Also, IWA objects to this interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, law or rule. Subject to and without waiving the preceding objections, IWA believes it was first represented concerning the underlying allegations in this case in 2012, and that such representation related to Original Tenant's default of its loan obligations, and the subsequent foreclosure on the Property.

**VERIFICATION**

    I, Gregory Voss, Senior Director at AEGON USA Realty Advisors, LLC, have read the foregoing responses to interrogatories.  The information in these responses has been obtained from persons familiar with the subject matter of the litigation, whom I believe reliable and capable of ascertaining the facts stated therein.  As to those matters set forth in the responses about which I have personal knowledge, I believe these answers to be true; as to those matters on which I have no personal knowledge and am relying upon those who have prepared those answers, I have no reason to believe those answers are not true.

                                                                               _____
                                                                                 Gregory Voss

DATED: January 13, 2020                    Respectfully submitted,

                                                                      SEYFARTH SHAW LLP

                                                                      By: */s/ Anthony J. LaPlaca*
                                                                          Edward V. Arnold, Bar No. 29401
                                                                          earnold@seyfarth.com
                                                                          Anthony J. LaPlaca, Bar No. 20885
                                                                          alaplaca@seyfarth.com
                                                                          975 F Street, NW
                                                                          Washington, D.C. 20004
                                                                          Telephone:  (202) 463-2400
                                                                          Facsimile:   (202) 828-5393

                                                                          Rebecca A. Davis (*admitted pro hac vice*)
                                                                          (Georgia Bar No. 141711)
                                                                          rdavis@seyfarth.com
                                                                          1075 Peachtree Street NE, Suite 2500
                                                                          Atlanta, Georgia 30309
                                                                          Telephone:  (404) 885-1500
                                                                          Facsimile:   (404) 892-7056

                                                                          *Counsel for Defendant Investors Warranty of America, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **ROCK SPRING PLAZA II, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 20-cv-01502-PJM |
| ) | |
| **INVESTORS WARRANTY OF AMERICA,** ) | |
| **LLC, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and accurate copy of the foregoing was served via U. S. Mail, proper postage affixed, and electronic mail on Plaintiff's counsel of record, addressed as follows:

>   Preston Smith
>   ARNOLD & PROCTER KAYE SCHOLER LLP
>   601 Massachusetts Avenue, N.W.
>   Washington, DC  20001-3743
>   preston.smith@arnoldporter.com

This 13th day of January, 2021.

>   Respectfully Submitted,
>
>   SEYFARTH SHAW LLP
>
>   By:  */s/ Edward V. Arnold*
>   Edward V. Arnold, Bar No. 29401
>   earnold@seyfarth.com
>   Anthony J. LaPlaca, Bar No. 20885
>   alaplaca@seyfarth.com
>   975 F Street, NW
>   Washington, D.C. 20004
>   Telephone:  (202) 463-2400
>   Facsimile:   (202) 828-5393

                              Rebecca A. Davis (*admitted pro hac vice*)
                              (Georgia Bar No. 141711)
                              rdavis@seyfarth.com
                              1075 Peachtree Street NE, Suite 2500
                              Atlanta, Georgia 30309
                              Telephone:  (404) 885-1500
                              Facsimile:   (404) 892-7056

                              *Counsel for Defendant Investors Warranty of America, LLC*