# Exhibit H

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

ROCK SPRING PLAZA II, LLC,

Plaintiff,

     v.

Case No.: 20-CV-01502-PJM

TRANSAMERICA CORPORATION, et al.,

Defendants.

---

**DEFENDANT TRANSAMERICA CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 104 of the Local Rules for the District of Maryland, Defendant Transamerica Corporation submits these responses and objections to Plaintiff Rock Spring Plaza II LLC's ("Plaintiff") First Set of Requests for Production of Documents (the "Requests").

**GENERAL OBJECTIONS**

The following General Objections pertain to all of the Requests (including the Definitions and Instructions) whether or not separately stated in response thereto:

1.    Transamerica Corporation objects to Plaintiff's definition of "You", "Your", or "Defendant" to the extent that it requires that Transamerica Corporation produce documents for any entity other than Transamerica Corporation.  Transamerica Corporation will only produce documents from Transamerica Corporation.

2.    Transamerica Corporation objects to instruction number 6 requiring Transamerica Corporation to produce documents in the possession, custody, and control of Transamerica Corporation's owners.  Transamerica Corporation will only produce documents from Transamerica Corporation.

3.       Transamerica Corporation objects to the Requests to the extent any request seeks information that was generated, received or obtained by or on behalf of Transamerica Corporation after the commencement of, or in anticipation of, this case, or that is otherwise protected from disclosure by the work product doctrine, attorney-client privilege, a joint defense privilege, settlement immunity, protective order or confidentiality agreement in this or another case, or by any other applicable privilege or discovery immunity.

4.       Transamerica Corporation objects to the Requests to the extent they seek documents which are confidential, sensitive, proprietary, or constitute trade secrets, and to the extent they call for other confidential research, development, commercial, financial, or proprietary information (including business information).

5.       Transamerica Corporation objects to the Requests to the extent they seek to expand the scope of, or impose obligations greater than, those imposed by the Federal Rules of Civil Procedure, the Court's Local Rules and/or the Scheduling Order entered in this case.

6.       Transamerica Corporation objects to these Requests to the extent that they require an unreasonable investigation to secure the information necessary to respond.

7.       Transamerica Corporation objects to these Requests to the extent that they seek information from any entity other than Transamerica Corporation or purports to require Transamerica Corporation to respond on behalf of any other persons or parties other than Transamerica Corporation.

8.       Transamerica Corporation objects to these Requests to the extent that they seek information that is already in Plaintiff's possession or is equally available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive.

9. Transamerica Corporation objects to these Requests to the extent that they seek information that is neither relevant to a claim or defense of any party.

10. Any definitions or terms used in these responses are used only for purposes of responding to discovery and for no other purpose. Transamerica Corporation does not admit that any definition or instruction contained in the Requests is either factually correct or legally binding upon it, and therefore reserves all objections.

11. By providing information in response to these discovery requests, Transamerica Corporation does not admit the relevance or admissibility of any of the information but instead reserves the right to object to the relevance and admissibility of such information or documents.

12. The absence of a specific objection to a particular Request does not mean and should not be construed to mean that Transamerica Corporation has responsive information in its possession.

13. Transamerica objects to these Requests insofar as the time period specified is from January 1, 2006 to present. Subject to this objection, and without waiving any other objections set forth herein, Transamerica intends to use the period from January 1, 2017 through present for purposes of searching for information responsive to these discovery requests, except that Transamerica objects to providing information concerning knowledge it now has from filings or discovery in this matter. Any responses describing Transamerica's knowledge or information excludes any such knowledge or information.

14. Each of Transamerica Corporation's specific responses to the Requests is made subject to, and without waiving, these General Objections, which are incorporated by reference into Transamerica Corporation's response to each Request.

15.     The following responses are given without prejudice to Transamerica Corporation's right to produce or rely on subsequently discovered information.  Transamerica Corporation accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered information as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.

16.     Transamerica Corporation objects to the Requests to the extent they are overly broad, unduly burdensome, and not proportionate to the needs of this case.

17.     Transamerica Corporation will produce documents on a rolling basis to be completed by the close of discovery.

Subject to the foregoing objections, Transamerica Corporation responds as follows:

## DOCUMENT REQUESTS

1.      All documents You relied upon in drafting the objections or responses to any written discovery requests served on You in this case.

**Response**: Transamerica Corporation will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

2.      All agreements with RSD, including all documents signed by RSD or on its behalf.

**Response**: Transamerica Corporation does not have documents responsive to this Request.

3.      All documents constituting, referencing, reflecting, or regarding communications concerning the Property or the Ground Lease from January 1, 2010, to the present, including without limitation such documents between or among You, RCC North America, TWA, or RSD.

**Response**: Transamerica Corporation does not have documents responsive to this Request.

4.      All documents constituting, referencing, reflecting, or regarding communications concerning the assignment of the Ground Lease to RSD, including any documents constituting, referencing, reflecting, or regarding consideration given or promised for the assignment. All documents constituting, referencing, reflecting, or regarding communications referencing or concerning AEGON N.V. that refer or relate to the acquisition of (including without limitation through foreclosure) or assignment of any interest in the Property or the Ground Lease from January 1, 2011, to the present.

**Response**: Transamerica Corporation does not have documents responsive to this Request.

5.      All documents constituting, referencing, reflecting, or regarding communications referencing or concerning RSD.

**Response**: Transamerica Corporation does not have documents responsive to this Request.

6.      All documents constituting, referencing, reflecting, or regarding communications between You and any other person or entity concerning the Property, Ground Lease, or Landlord from January 1, 2011, to the present.

**Response**: Transamerica Corporation does not have documents responsive to this Request.

7.      All documents constituting, referencing, reflecting, or regarding communications between You and any other person or entity concerning the assignment provisions of the Estoppel

Agreement, including without limitation any drafts or correspondence prior to or following the execution of the Estoppel Agreement concerning the assignment provisions.

        **Response**: Transamerica Corporation does not have documents responsive to this Request.

    8.    All documents constituting, referencing, reflecting, or regarding the location (i.e., bank accounts) and sources of all funds in connection with the operation of, maintenance of, and payment of ground rent for, the Property from January 1, 2012, to the present.

        **Response**: Transamerica Corporation does not have documents responsive to this Request.

    9.    All documents sufficient to identify the amounts, sources and payment obligations on any debt incurred by TA, RCC North America, IWA, or RSD from and after January 1, 2012 in connection with the Property or Ground Lease.

        **Response**: Transamerica Corporation does not have documents responsive to this Request.

    10.    All documents referencing, reflecting, or relating to proposals, evaluation, or planning regarding a sale, conveyance, assignment, or transfer of any kind of any interest in the Property or the Ground Lease, including without limitation documents referencing, reflecting, or relating to the recordation of any of the foregoing.

        **Response**: Transamerica Corporation does not have documents responsive to this Request.

    11.    All documents referencing or reflecting the value (or estimates of value) of any interest held in the Property by TA, RCC North America, IWA, or RSD from January 1, 2010, to the present.

**Response**: Transamerica Corporation does not have documents responsive to this Request.

12.     All documents referencing or reflecting Your knowledge of or involvement in the acquisition or assignment of any interest in the Property or the Ground Lease from January 1, 2010, to the present.

**Response**: Transamerica Corporation does not have documents responsive to this Request.

13.     All documents sufficient to show any changes in RCC North America's ownership or control since January 1, 2010, and the business rationale for any such changes.

**Response**: Transamerica Corporation objects to this Request as not relevant to any claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents concerning RCC North America, a non-party to the case.  As such, Transamerica Corporation objects to producing documents responsive to this Request.

14.     All documents sufficient to show the business rationale for converting IWA from a corporation to an LLC.

**Response**: Transamerica Corporation does not have documents responsive to this Request.

15.     All documents sufficient to show any changes in IWA's ownership or control since January 1, 2010, and the business rationale for any such changes.

**Response**:   Transamerica Corporation does not have documents responsive to this Request.

16.     All documents sufficient to show any changes in RSD's ownership or control since January 1, 2010, and the business rationale for any such changes.

**Response**: Transamerica Corporation does not have documents responsive to this Request.

17.   All annual reports of TA, RCC North America, IWA, and RSD from January 1, 2010, to the present.

**Response**: Transamerica Corporation does not have documents responsive to this Request.

18.   All documents discussing, referring, or relating to whether the Property or the Ground Lease has STAT ramifications.

**Response**: Transamerica Corporation objects to this Request on the grounds of vagueness.  Transamerica does not know what Plaintiff means by "STAT ramifications" and that term is not defined in the Requests.  Subject to and without waiving the foregoing objections, Transamerica does not have documents responsive to this Request.

19.   Any consolidation analyses performed with respect to RSD, IWA, RCC North America, or TA related to the Property or the Ground Lease.

**Response**: Transamerica Corporation does not have documents responsive to this Request.

20.   Corporate organizational charts or other documents sufficient to show the officers and directors of TA, RCC North America, IWA, and RSD, from January 1, 2010, to the present.

**Response**:  Transamerica Corporation will conduct a reasonable search for and produce documents sufficient to show officers and directors for Transamerica Corporation.

21.   All operating agreements of RCC North America, IWA, and RSD from January 1, 2010 to the present.

**Response**:  Transamerica Corporation objects to the extent this Request seeks information regarding IWA, RCC North America, or RSD, when that information is available from IWA, RCC North America, or RSD.  Subject to and without waiving the foregoing objection, Transamerica Corporation does not have documents responsive to this Request.

22.    All meeting agendas, meeting materials, and meeting minutes of TA, RCC North America, IWA, or RSD from January 1, 2010 to the present that reference the Property or the Ground Lease.

**Response**:  Transamerica Corporation does not have documents responsive to this Request.

23.    All meeting agendas, meeting materials, and meeting minutes of RCC North America, IWA, or RSD from January 1, 2010 to the present.

**Response**:  Transamerica Corporation objects to the extent this Request seeks information regarding IWA, RCC North America, or RSD, when that information is available from IWA, RCC North America, or RSD.  Subject to and without waiving the foregoing, Transamerica Corporation does not have documents responsive to this Request.

 Dated:  September 30, 2022

Respectfully submitted,

/s/ *Nicole M. Kozlowski*
Anthony Meagher (Bar No. 05710)
Nicole M. Kozlowski (Bar No. 20430)
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000
anthony.meagher@dlapiper.com
nicole.kozlowski@dlapiper.com

*Attorneys for Transamerica Corp.*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of September, 2022, the foregoing pleading was served by electronic mail on all counsel of record.

<u>/s/ <i>Nicole M. Kozlowski</i></u><br>
Nicole M. Kozlowski