IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-cv-01502-PJM |
| INVESTORS WARRANTY OF AMERICA, LLC, et al., | ) |
| Defendants. | ) |

**DEFENDANT ROCK SPRINGS DRIVE LLC'S MOTION TO QUASH
SUBPOENA ON NONPARTY APRIO LLP**

Plaintiff served a Rule 45 subpoena on nonparty Aprio LLP, Defendant Rock Springs Drive LLC's (RSD) accountant, directing Aprio to appear for a deposition and produce documents by August 25, 2023. Exhibit A. Aprio has filed a motion to quash the subpoena in the U.S. District Court for the Northern District of Georgia, where Aprio is located. Aprio argues that the subpoena subjects Aprio to an undue burden, and the documents requested are privileged and constitute protected work product under the accountant-client privilege. RSD likewise moves to quash the subpoena because (1) Plaintiff never served RSD in violation of Rule 45(a)(4), and (2) the documents requested are protected by the accountant-client privilege.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45(a)(4) requires a party to serve a subpoena for documents on all other parties before serving it on the nonparty. Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."); *see also*

1

*Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 380 (D. Md. 1999) ("When a party fails to receive prior notice of the information sought from a non-party, a party is deprived of its greatest safeguard under the Rule, that is, the ability to object to the release of the information prior to disclosure.").

A party has standing to challenge a subpoena issued to a nonparty when the party claims "some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). Federal Rule of Civil Procedure 45(d)(3) requires the Court to modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii); *Ringdahl v. Afsharjavan*, No. 8:18-CV-01006-PX, 2019 WL 2270693, at *3 (D. Md. May 24, 2019). The party asserting the privilege bears the burden of demonstrating that the privilege precludes disclosure of the subpoenaed information. *Vellone v. First Union Brokerage Servs., Inc.*, 203 F.R.D. 231, 234 (D. Md. 2001).

## ARGUMENT

**I.  The subpoena must be quashed because Plaintiff failed to comply with Rule 45.**

If the subpoena commands a nonparty to produce documents, Rule 45 requires the subpoenaing party to serve a notice and a copy of the subpoena on all parties prior to serving the subpoena on the nonparty. *See* Fed. R. Civ. P. 45(a)(4). Plaintiff not only failed to comply with this advance notice requirement, but also never served RSD at all. Because Plaintiff violated Rule 45(a)(4), the Court should quash the subpoena. Plaintiff was well aware that RSD asserted the account-client privilege over its communications with its accountant since that privilege was noted on RSD's September 2021 privilege log, yet it denied RSD contemporaneous notice of the subpoena.

## II.   The subpoena must be quashed because it seeks documents protected by the accountant-client privilege.

Alternatively, the subpoena must be quashed pursuant to Rule 45(d)(3)(A)(iii) because the documents requested are protected by the accountant-client privilege and RSD has not waived the privilege. Maryland's statutory accountant-client privilege "constitutes the enunciation of a strong public policy in favor of the protection of accountant-client communications." *Minogue v. Modell*, No. CIV. CCB-03-3391, 2012 WL 4105312, at *4 (D. Md. Sept. 17, 2012) [1]. It covers (1) any confidential communication made to a licensed certified public accountant or firm by a client who employs the accountant or firm to audit, examine, or report on any account, book, record, or statement of the client, and (2) any information that the licensed certified public accountant or firm, in rendering professional services, derives from the client in the course of a confidential communication with the client, or from material of the client given to the accountant in the course of a confidential communication. *See* Md. Code, Cts. & Jud. Proc. § 9-110; *Vellone v. First Union Brokerage Servs., Inc.*, 203 F.R.D. 231, 234 (D. Md. 2001).

RSD asserted the accountant-client privilege in its privilege log served on Plaintiff in September 2022. During the depositions of RSD's two corporate representatives, they both confirmed that Aprio is RSD's accounting firm. As Aprio explained in its motion to quash filed in the U.S. District Court for the Northern District of Georgia where it is located, the document requests and subject matters of inquiry implicate the accountant-client privilege. Document requests 1-6 all directly ask for communications between Aprio employees and RSD and/or

---

[1] Because the Court has diversity jurisdiction, Maryland law governs the applicability of the accountant-client privilege. *See Powers v. Braun*, No. ELH-13-01622, 2013 WL 6623193, at *3 (D. Md. Dec. 16, 2013). Aprio has asserted Georgia law over the accountant-client privilege in its filing before the Georgia court. There does not appear to be any conflict in these laws to resolve since both states protect a client's communications with its accountant.

3

documents exchanged between Aprio and RSD. Document request 7 may also consist of information learned from communications between Aprio and RSD or documents exchanged between Aprio and RSD. Similarly, every subject matter of inquiry asks about information that Aprio would only have been able to derive from RSD in the course of a confidential communication with RSD. Accordingly, Rule 45(d)(3)(A)(iii) requires the Court to quash the subpoena.

## **CONCLUSION**

For these reasons, RSD respectfully requests that the Court quash Plaintiff's subpoena on nonparty Aprio LLP.

A proposed order is attached.

Dated: August 22, 2023                                      Respectfully submitted,

/s/ Sara E. Kropf
Sara E. Kropf (Bar No. 26818)
Kropf Moseley PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900
sara@kmlawfirm.com

*Attorney for Rock Springs Drive LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of August 2023, the foregoing motion was filed and served through the court's electronic filing system on all counsel of record.

                                    /s/ Sara E. Kropf
                                    Sara E. Kropf