# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 8:20-cv-01502-PJM |
| INVESTORS WARRANTY OF AMERICA, LLC, et al., | |
| Defendants. | |

## PLAINTIFF ROCK SPRING PLAZA II, LLC'S OBJECTIONS TO DEFENDANT INVESTORS WARRANTY OF AMERICA, LLC'S SUPPLEMENTAL NOTICE OF 30(b)(6) DEPOSITION

Plaintiff Rock Spring Plaza II, LLC ("Plaintiff") hereby submits the following objections to Defendant Investors Warranty of America, LLC's ("IWA" or "Defendant") Supplemental Notice of 30(b)(6) Deposition of Plaintiff (the "Notice"). Plaintiff's objections to deposition testimony on the basis of relevance, materiality, and/or admissibility, and all other objections which would require the exclusion of any testimony, are expressly reserved and may be interposed at the deposition or at the time of trial.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Subject Matters of Inquiry in the Notice (the "Subject Matters") and shall have the same force and effect as if fully set forth in each of Plaintiff's specific responses.

1.     Plaintiff objects to the Subject Matters to the extent they purport to require Plaintiff to provide information broader than, inconsistent with, not authorized under, or not reasonable pursuant to the Federal Rules of Civil Procedure or any order of the Court.

2.      Plaintiff objects to each Subject Matter to the extent it calls for information not within Plaintiff's knowledge, possession, custody, or control and information and testimony that the witness is not capable of providing under Federal Rule of Civil Procedure 30(b)(6).

3.      Plaintiff objects to each Subject Matter to the extent it seeks information protected by the attorney-client privilege, the work product protection doctrine, and/or any other applicable privilege, rule, doctrine, or immunity, whether created by statute or common law.

4.      Plaintiff objects to each Subject Matter to the extent it seeks a legal conclusion or requires Plaintiff to formulate a legal conclusion to fully respond.

5.      Plaintiff objects to each Subject Matter to the extent the discovery sought is not relevant, overly broad, unduly burdensome, vexatious, oppressive, designed to harass or to annoy, redundant, cumulative, duplicative, vague, ambiguous, and/or disproportionate to the needs of the case, taking into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). This objection extends to situations where written discovery, including documents produced (or to be produced) in this litigation, will more efficiently provide the requested information.

6.      Plaintiff objects to each Subject Matter to the extent it seeks information that is already in Defendant's possession, publicly available, already produced, or which is otherwise as available to Defendant as it is to Plaintiff. Such Subject Matters are unduly burdensome, oppressive, and harassing. Plaintiff will provide information only to the extent that such information is in the knowledge, possession, custody, or control of Plaintiff and not publicly available or otherwise already in Defendant's possession.

2

7.      Plaintiff objects to the Subject Matters on the basis of the foregoing General Objections and on the basis of such other additional specific objections as set forth in the following responses. The objections set forth herein shall not be deemed a waiver of any objection not set forth that could be made to any portion of the Notice. Plaintiff reserves its right to amend these objections at any time, including but not limited to during the deposition and/or during the trial of this action.

8.      Except as set forth below, Plaintiff will designate a witness in connection with the Subject Matters identified in the Notice.

## RESPONSES AND OBJECTIONS TO SUBJECT MATTERS OF INQUIRY

### Subject Matter No. 1

*Drafting and negotiation of the Ground Lease.*

### Objection and Response to Subject Matter No. 1

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter to the extent that it seeks information that is protected from disclosure by applicable privileges and protections, including without limitation the attorney-client privilege and work product protection. Plaintiff further objects to this Subject Matter on the grounds that it is vague and ambiguous. IWA does not specify either *what* about the "drafting and negotiation" of the Ground Lease or *who* within the universe of individuals involved in the undefined "drafting and negotiation" process it intends to inquire about. Moreover, Plaintiff objects to this Subject Matter as disproportionate to the needs of the case, overly broad, unduly burdensome, vexatious, oppressive, and/or designed to harass or to annoy. Regardless of the undefined scope, the "drafting and negotiation of the Ground Lease" by the Original Tenant is irrelevant to the subject matter, claims, or defenses at issue in this litigation and exceeds the limits on discovery imposed by the Court at the February 16, 2023 hearing.

3

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding the provisions of the Ground Lease pertaining to the Assignment.

**Subject Matter No. 2**

*Negotiation and execution of the Estoppel Agreement.*

**Objection and Response to Subject Matter No. 2**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter to the extent that it seeks information that is protected from disclosure by applicable privileges and protections, including without limitation the attorney-client privilege and work product protection. Plaintiff further objects to this Subject Matter on the grounds that it is vague and ambiguous. IWA does not specify either *what* about the "negotiation and execution" of the Estoppel Agreement or *who* within the universe of individuals involved in the undefined "negotiation and execution" process it intends to inquire about. Moreover, Plaintiff objects to this Subject Matter as disproportionate to the needs of the case, overly broad, unduly burdensome, vexatious, oppressive, and/or designed to harass or to annoy. Regardless of the undefined scope, the "negotiation and execution of the Estoppel Agreement" by Rock Spring II, LP and Monumental Life Insurance Company – two parties unrelated to this case – is irrelevant to the subject matter, claims, or defenses at issue in this litigation and exceeds the limits on discovery imposed by the Court at the February 16, 2023 hearing.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding the provisions of the Estoppel Agreement pertaining to the Assignment.

4

**Subject Matter No. 3**

*Attempts to sublease the Property, lease the Property or secure income from January 1, 2017, to the present.*

**Objection and Response to Subject Matter No. 3**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter to the extent that it seeks information that is protected from disclosure by applicable privileges and protections, including without limitation the attorney-client privilege and work product protection. Plaintiff objects to this Subject Matter as disproportionate to the needs of the case, overly broad, unduly burdensome, vexatious, oppressive, and/or designed to harass or to annoy. Plaintiff's "attempts to sublease the Property, lease the Property or secure income" prior to IWA purchasing the Leasehold Estate is wholly irrelevant to the subject matter, claims, or defenses at issue in this litigation and exceeds the limits on discovery imposed by the Court at the February 16, 2023 hearing. Further, Plaintiff objects to this Subject Matter to the extent that it seeks information that is not in Plaintiff's possession, custody, or control and/or is already in IWA's possession, publicly available, or otherwise as available to IWA as it is to Plaintiff.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding potential sublease opportunities presented to RSD.

**Subject Matter No. 4**

*Any defaults of the Ground Lease by RSD or IWA.*

**Objection and Response to Subject Matter No. 4**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to "defaults" as calling for a legal conclusion, being irrelevant to the

5

subject matter, claims, or defenses at issue in this litigation, and exceeding the limits on

discovery imposed by the Court at the February 16, 2023 hearing. Plaintiff objects to this Subject

Matter to the extent that it seeks information that is not in Plaintiff's possession, custody, or

control and/or is already in IWA's possession, publicly available, or otherwise as available to

IWA as it is to Plaintiff. Subject to and without waiving the foregoing general and specific

objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding this

Subject Matter.

**Subject Matter No. 5**

*Plaintiff's demands, knowledge or claims regarding:*
   a. *any requirement for a certain capitalization level for RSD or type of funding source for operations;*
   b. *any requirement that RSD sublease the building;*
   c. *any requirement that RSD use the building for a certain business purposes; and*
   d. *any requirement that RSD earn any amount of income or generate revenue from the Leasehold Estate.*

**Objection and Response to Subject Matter No. 5**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein.

Plaintiff further objects to this Subject Matter on the grounds that what IWA means by

"requirement" is vague and ambiguous. Plaintiff objects to this Subject Matter to the extent that

it seeks information that is not in Plaintiff's possession, custody, or control and/or is already in

IWA's possession, publicly available, or otherwise as available to IWA as it is to Plaintiff.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is

willing to designate a witness to testify on Plaintiff's behalf regarding this Subject Matter.

**Subject Matter No. 6**

*Any communications, offers or agreements with any person or entity to act as a guarantor or surety of the Ground Lease, including as to any requirement of a guarantor or surety for the assignment of the Ground Lease.*

**Objection and Response to Subject Matter No. 6**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter on the grounds that what IWA means by "requirement," "guarantor" and "surety" is vague and ambiguous and appears to call for a legal conclusion. Plaintiff objects to this Subject Matter to the extent that it seeks information that is not in Plaintiff's possession, custody, or control and/or is already in IWA's possession, publicly available, or otherwise as available to IWA as it is to Plaintiff.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding IWA's undertaking that it would not be released from its contractual obligations under the Ground Lease through an assignment to RSD.

**Subject Matter No. 7**

*The Assignment and any objections by Plaintiff thereto.*

**Objection and Response to Subject Matter No. 7**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter on the grounds that it is vague and ambiguous. IWA does not specify what about *its* purported assignment to RSD that Plaintiff would be expected to testify about, in addition to Plaintiff's "objections" to that purported assignment, much less what information Plaintiff would be expected to have concerning IWA's assignment beyond the information IWA provided indirectly through Robert Barron or through documents produced in this case (and pursuant to Court order). As such, Plaintiff objects to this Subject Matter to the extent that it seeks information that is not in Plaintiff's possession, custody, or control and/or is already in IWA's possession, publicly available, or otherwise as available to

7

IWA as it is to Plaintiff. Further, Plaintiff objects to this Subject Matter to the extent it calls for

Plaintiff to recapitulate, in narrative answer format, facts alleged in the Complaint and/or

described in documents that are otherwise available to Defendant.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is

willing to designate a witness to testify on Plaintiff's behalf regarding what it knows about the

Assignment and why the Assignment is a sham.

**Subject Matter No. 8**

*Plaintiff's knowledge of, and communications with, RSD from 2017 to the present*
*regarding:*
   *a. RSD's capitalization;*
   *b. RSD's business purpose;*
   *c. potential tenants or subtenants; and*
   *d. Identity of principals*

**Objection and Response to Subject Matter No. 8**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein.

Plaintiff objects to this Subject Matter to the extent that it seeks information that is not in

Plaintiff's possession, custody, or control and/or is already in IWA's possession, publicly

available, or otherwise as available to IWA as it is to Plaintiff.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is

willing to designate a witness to testify on Plaintiff's behalf regarding this Subject Matter.

**Subject Matter No. 9**

*The identify of any Jane Does named in Paragraph 6 of the Second Amended Complaint and all*
*facts in support of including them as defendants.*

**Objection and Response to Subject Matter No. 9**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein.

Plaintiff objects to this Subject Matter to the extent that it seeks information that is not in

Plaintiff's possession, custody, or control and/or is premature given that discovery is on-going

and IWA to date has not identified all entities or individuals involved in the formation of RSD and the Assignment, as well as refused to disclose basic information about RSD including its membership and inability to perform the financial obligations of the Ground Lease without continued funding from IWA.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding this Subject Matter.

## Subject Matter No. 10

*Plaintiff's communications with Rock Spring Properties, brokers, potential tenants, potential subtenants, and any other person regarding the leasing or selling of the Property between January 1, 2016, to the Present.*

## Objection and Response to Subject Matter No. 10

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter to the extent that it seeks information that is protected from disclosure by applicable privileges and protections, including without limitation the attorney-client privilege and work product protection. Plaintiff objects to this Subject Matter as disproportionate to the needs of the case, overly broad, unduly burdensome, vexatious, oppressive, and/or designed to harass or to annoy. Plaintiff's "attempts to sublease the Property, lease the Property or secure income" prior to IWA purchasing the Leasehold Estate is wholly irrelevant to the subject matter, claims, or defenses at issue in this litigation and exceeds the limits on discovery imposed by the Court at the February 16, 2023 hearing.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding this Subject Matter if Defendants do the same.

9

**Subject Matter No. 11**

*The facts in support of Plaintiff's claim that the Assignment was a fraudulent conveyance, and any other facts to support any allegation of fraud against either of the Defendants or any non-party or former party with respect the Assignment.*

**Objection and Response to Subject Matter No. 10**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter to the extent it calls for Plaintiff to recapitulate, in narrative testimony, facts alleged in the Complaint and/or described in documents that are otherwise available to Defendant and exceeds the limits on discovery imposed by the Court at the February 16, 2023 hearing.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding this Subject Matter if Defendants do the same as to their defenses to the Second Amended Complaint.

**Subject Matter No. 12**

*Plaintiff's agreements with brokers regarding the leading, selling, marketing or any other activities with respect to the Property.*

**Objection and Response to Subject Matter No. 12**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff objects to this Subject Matter to the extent that it characterizes "leading [sic], selling, marketing" the Property as Plaintiff's responsibility. Plaintiff further objects to this Subject Matter as exceeding the limits on discovery imposed by the Court at the February 16, 2023 hearing.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding this Subject Matter, but limited in time from and after August 31, 2015, if Defendants do the same.

10

**Subject Matter No. 13**

*Plaintiff's communications with RSD since the date of the Assignment and before the Complaint was filed including communications involving Plaintiff's counsel and Rock Spring Properties.*

**Objection and Response to Subject Matter No. 13**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter to the extent that it seeks information that is protected from disclosure by applicable privileges and protections, including without limitation the attorney-client privilege and work product protection. Plaintiff further objects on the grounds that the phrase "including communications involving Plaintiff's counsel and Rock Spring Properties" is vague and ambiguous. Plaintiff further objects to this Subject Matter as exceeding the limits on discovery imposed by the Court at the February 16, 2023, hearing.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify regarding Plaintiff's communications with RSD since the date of the Assignment that pre-date the filing of the Complaint.

**Subject Matter No. 14**

*Plaintiff's communications with IWA since the date of the Assignment and before the filing of the Complaint, including communications involving Plaintiff's counsel and Rock Spring Properties.*

**Objection and Response to Subject Matter No. 14**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter to the extent that it seeks information that is protected from disclosure by applicable privileges and protections, including without limitation the attorney-client privilege and work product protection. Plaintiff objects to this Subject Matter to the extent that it seeks information that is already in IWA's possession or otherwise as available to IWA as it is to Plaintiff. Plaintiff further objects on the grounds that the phrase

11

"including communications involving Plaintiff's counsel and Rock Spring Properties" is vague and ambiguous. Finally, Plaintiff objects to this Subject Matter as exceeding the limits on discovery imposed by the Court at the February 16, 2023 hearing.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding communications between itself or Plaintiff's counsel and IWA pertaining to the purported Assignment that pre-date the filing of the Complaint.

**Subject Matter No. 15**

*The decision-making authority of (i) Anne Camalier; (ii) Charles Camalier, III; and (iii) F. Davis Camalier with respect to the Ground Lease.*

**Objection and Response to Subject Matter No. 15**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter on the grounds that it is vague and ambiguous. IWA does not define either the scope of the "decision-making authority" or the entity over which such undefined authority is referring to. Moreover, Plaintiff objects to this Subject Matter as disproportionate to the needs of the case, overly broad, unduly burdensome, vexatious, oppressive, and/or designed to harass or to annoy.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding the decision-making authority of (i) Anne Camalier; (ii) Charles Camalier, III; and (iii) F. Davis Camalier on behalf of Plaintiff pertaining to the Ground Lease from August 31, 2015, to present.

**Subject Matter No. 16**

*Plaintiff's corporate structure, including Plaintiff's direct subsidiaries and Plaintiff's parent companies, members or owners.*

12

**Objection and Response to Subject Matter No. 16**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter as disproportionate to the needs of the case, overly broad, unduly burdensome, vexatious, oppressive, and/or designed to harass or to annoy.

Subject to and without waiving the foregoing general objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding this Subject Matter limited to identifying the members of Plaintiff.

**Subject Matter No. 17**

*The retention of legal counsel in connection with the:*
  *a.  the Estoppel Agreement;*
  *b.  the Assignment;*
  *c.  the instant litigation; and*
  *d.  Attempts to lease, sell or sublease the Property since the Assignment.*

**Objection and Response to Subject Matter No. 17**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter to the extent that it seeks information that is protected from disclosure by applicable privileges and protections, including without limitation the attorney-client privilege and work product protection. IWA has not alleged that Plaintiff has utilized counsel to perpetrate a crime or fraud and is therefore not permitted to pierce the applicable privileges and protections. Plaintiff objects to this Subject Matter as disproportionate to the needs of the case, overly broad, unduly burdensome, vexatious, oppressive, and/or designed to harass or to annoy and exceeds the limits on discovery imposed by the Court at the February 16, 2023 hearing. Further, Plaintiff objects to this Subject Matter to the extent that it seeks information that is not in Plaintiff's possession, custody, or control and/or is already in IWA's possession, publicly available, or otherwise as available to IWA as it is to Plaintiff.

13

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on the timing of Plaintiff's retention of counsel to represent the interests of Plaintiff in connection with IWA's purported assignment of the Ground Lease to RSD.

**Subject Matter No. 18**

*Forecasts, budgets, appraisals, market assessments in connection with the Property from 2017 to the present, whether prepared by Plaintiff or a third party.*

**Objection and Response to Subject Matter No. 18**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff objects to this Subject Matter as disproportionate to the needs of the case, overly broad, unduly burdensome, vexatious, oppressive, and/or designed to harass or to annoy and exceeds the limits on discovery imposed by the Court at the February 16, 2023 hearing.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding this Subject Matter if Defendants do the same for their forecasts, budgets, appraisals, and market assessments.

**Subject Matter No. 19**

*Plaintiff's plans/strategies with respect to the Property and the Ground Lease from and after 2016.*

**Objection and Response to Subject Matter No. 19**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Subject to and without waiving the foregoing general objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding this Subject Matter.

**Subject Matter No. 20**

*Analyses of income, expenses, profits and losses in connection with the Property or the Ground Lease from and after 2016.*

14

**Objection and Response to Subject Matter No. 20**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff objects to this Subject Matter as disproportionate to the needs of the case, overly broad, unduly burdensome, vexatious, oppressive, and/or designed to harass or to annoy. Plaintiff's "[a]nalyses…in connection with the Property or the Ground Lease" are wholly irrelevant to the subject matter, claims, or defenses at issue in this litigation and exceed the limits on discovery imposed by the Court at the February 16, 2023 hearing.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding the income from the Ground Lease.

**Subject Matter No. 21**

*Plaintiff's search for and production of documents in connection with this lawsuit and its written responses to discovery requests.*

**Objection and Response to Subject Matter No. 21**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter to the extent that it seeks information that is protected from disclosure by applicable privileges and protections, including without limitation the attorney-client privilege and work product protection.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding this Subject Matter.

**Subject Matter No. 22**

*Communications with any other person or parties (including Plaintiff's members, representatives, property managers, asset managers, parents and affiliates) regarding Plaintiff's claims and defenses in this case.*

15

**Objection and Response to Subject Matter No. 22**

Plaintiff refers to and incorporates the General Objections as though set forth fully herein. Plaintiff further objects to this Subject Matter to the extent that it seeks information that is protected from disclosure by applicable privileges and protections, including without limitation the attorney-client privilege and work product protection.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is willing to designate a witness to testify on Plaintiff's behalf regarding this Subject Matter.

Dated:  March 7, 2023                               Respectfully submitted,

                                                   */s/ William M. Bosch*_____
                                                   William M. Bosch
                                                   Anthony Cavanaugh
                                                   Alvin Dunn
                                                   Katherine Danial
                                                   Pillsbury Winthrop Shaw Pittman LLP
                                                   1200 Seventeenth Street NW
                                                   Washington, DC 20036
                                                   Telephone:  202-663-8000
                                                   Facsimile:  202-663-8007
                                                   william.bosch@pillsburylaw.com
                                                   alvin.dunn@pillsburylaw.com
                                                   katherine.danial@pillsburylaw.com

                                                   *Attorneys for Plaintiff Rock Springs Plaza II, LLC*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2023, I caused a copy of the foregoing to be served via email on all counsel of record.

*/s/ Nicole Steinberg*

17