# EXHIBIT E

Page 1

1          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
2                   CIVIL DIVISION
3          Civil Action No:  8:20-cv-01502-PJM
4

ROCK SPRING PLAZA II, LLC,

5

          Plaintiff,

6

vs.

7

INVESTORS WARRANTY OF AMERICA, LLC,

8    et al.,

9          Defendants.

10   _____

11

12

13     VIDEOTAPE DEPOSITION OF CHARLES A. CAMALIER, III

14

15

              Wednesday, March 22, 2023

16            11:08 a.m. to 11:58 a.m.

17

18

19

              Stenographically reported by:

20             Shauna T. Dietel, RPR

            Registered Professional Reporter

21

22

23

24

25

Charles A. Camalier , III                          March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 7

1    said, single purpose or special purpose.

2         Q    Okay.  Do you know what a single-purpose

3    entity is, Mr. Camalier, based on your 46 years as a

4    real estate attorney?

5              MR. BOSCH:  Objection to form.

6         A    Again, my real estate background is in

7    challenging property assessments, so not in creating

8    entities.

9         Q    (BY MS. KROPF)  How about in your role as

10   -- you -- you deal with real estate quite frequently

11   with your family; is that correct?

12        A    Yes.

13        Q    Okay.  And has the Camalier family ever

14   created a single-purpose entity?

15             MR. BOSCH:  Objection to form.  Are we

16   tying this to this property, or are you asking about

17   their other properties?

18        Q    (BY MS. KROPF)  I'm just asking you

19   generally.

20             MR. BOSCH:  All right.  So then I'll

21   instruct you not to answer.  It's beyond the scope of

22   permissible testimony in this case.

23        Q    (BY MS. KROPF)  How about between 2015 and

24   the present, has the Camalier family formed any

25   single-purpose entities?

Charles A. Camalier , III                         March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 8

1            MR. BOSCH:  Again, I'll instruct -- to the

2    extent that that question asks you to answer with

3    respect to any property other than the property at

4    issue in this lawsuit, 6560 Rock Springs Drive.

5            A    So do you want to repeat your --

6            Q    (BY MS. KROPF)  Sure.

7            A    -- question?

8            Q    Has the Camalier family made -- created any

9    single-purpose entities in relation to 6560?

10           A    Forever?

11           Q    Yes.

12           A    Or from '15?

13           Q    Forever.

14           MR. BOSCH:  Well, no.  You'll have to limit

15    it by date.

16           MS. KROPF:  Okay.  So are you instructing

17    him not to answer the question if I don't limit it by

18    date?

19           MR. BOSCH:  Yes, I am.

20           MS. KROPF:  Okay.

21           MR. BOSCH:  Consistent with the Court's

22    rulings.

23           MS. KROPF:  So Mr. -- well, I disagree with

24    you on that.

25           MR. BOSCH:  Wait, wait, wait.  What's the

Charles A. Camalier , III                    March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 9

1   basis -- let's see if we can resolve this.  What's

2   the basis for your view that the Court has allowed

3   discovery preceding 2015?

4        MS. KROPF:  The Court has certainly allowed

5   discovery on the ground lease.  And one of our -- one

6   of our 30(b)(6) topics was the negotiation of the

7   ground lease.

8        What I'm asking him about, and what I plan

9   to ask him about is the -- whether or not the

10  entities on the ground lease were single-purpose

11  entities.  The ground lease is directly at issue.  I

12  believe the Court would allow -- it has allowed this

13  kind -- would allow this kind of testimony.

14       If you want to instruct him not to answer,

15  I leave that up to you, but that is where I'm going

16  with it.

17       MR. BOSCH:  All right.  I instruct you not

18  to answer.

19       MS. KROPF:  Okay.  So let me go ahead and

20  ask my question so you can instruct him not to answer

21  on each one of them.

22  Q    (BY MS. KROPF)  So has the Camalier family

23  ever created an SPE, or single-purpose or

24  special-purpose entity, in relation to 6560?

25       MR. BOSCH:  I'm going to instruct you to

Charles A. Camalier , III                          March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 10

1    answer to the extent that it pertains to anything

2    other than this ground lease from 2015 and

3    thereafter.

4         Q    (BY MS. KROPF)  So can you answer it to the

5    extent your counsel will allow you to answer it.

6              THE WITNESS:  But I'm confused.  Am I

7    answering your question or Ms. Kropf's question

8    because --

9              MS. KROPF:  Well, let me try and answer

10   (sic) it and see if Mr. --

11             THE WITNESS:  -- if you could --

12             MS. KROPF:  Let me see if Mr. Bosch will

13   allow me to ask this question, and then I'll ask the

14   other questions.

15        Q    (BY MS. KROPF)  Has the Camalier family

16   ever created an SPE in relation to 6560?

17             MR. BOSCH:  Objection to form, and I

18   instruct you not to answer.

19             MS. KROPF:  Has the Camalier family -- did

20   the Camalier family create an SPE to be the original

21   tenant under the ground lease?

22             MR. BOSCH:  Objection.  Instruct you not to

23   answer.

24        Q    (BY MS. KROPF)  Is the original tenant

25   under the ground lease an SPE?

Charles A. Camalier , III                    March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 11

1          MR. BOSCH:  Objection.  Instruct you not to
2     answer.
3          Q    (MS. KROPF)  Is the Plaintiff an SPE?
4          MR. BOSCH:  Objection.  Instruct you not to
5     answer.
6          MS. KROPF:  What's the basis for that
7     objection?
8          MR. BOSCH:  It's not relevant.  It goes
9     beyond the scope of any reasonable discovery, and the
10    Court has also ruled on this issue, I believe.
11         MS. KROPF:  I am asking him about the
12    plaintiff in this case and whether or not they're a
13    special-purpose entity, and you are instructing him
14    not to answer that question?
15         MR. BOSCH:  And it's also -- it calls for a
16    legal conclusion.  This witness has testified --
17         MS. KROPF:  Well, that's an objection to
18    form.  So he could still answer it.  So are you
19    instructing him not to answer it, or are you -- or
20    are you just objecting to form?
21         MR. BOSCH:  I'll allow him to answer it,
22    whether the plaintiff is an SPE, as you've --
23         MS. KROPF:  Thank you.
24         MR. BOSCH:  -- stated it, but I'll also
25    object to the form of the question.

Charles A. Camalier , III                    March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 12

1        MS. KROPF:  That's fine.

2        Q    (BY MS. KROPF)  Mr. Camalier, is the

3   plaintiff an SPE?

4        A    I don't know.

5        Q    Okay.  Is the plaintiff a single-purpose

6   entity?

7        MR. BOSCH:  Objection to form.

8        A    I don't know.

9        Q    (BY MS. KROPF)  Is the plaintiff a

10  special-purpose entity?

11       MR. BOSCH:  Objection to form.

12       A    I don't know.

13       Q    (BY MS. KROPF)  Does the plaintiff hold any

14  other real estate?

15       MR. BOSCH:  I'm going to instruct you not

16  to answer.  This Court has ruled that any property

17  outside of the existing property is outside the

18  scope.

19       Q    (BY MS. KROPF)  Does the plaintiff have any

20  purpose other than -- just yes or no.  You don't have

21  to identify any other purpose.

22            Does the plaintiff have any other purpose,

23  other than to be the landlord on the ground lease?

24       A    The -- the purpose of the plaintiff is to

25  own real estate.

Charles A. Camalier , III                     March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 14

1      Q     (BY MS. KROPF)  Okay.  Have you heard the

2   phrase "exit strategy" in relation to real estate?

3      A     I assume it could be used in many different

4   areas of life.

5      Q     Okay.  My -- my question is specific to

6   real estate.  Have you heard the phrase "exit

7   strategy" used in relation to real estate?

8      A     Probably.

9      Q     Okay.  And have you used the phrase "exit

10  strategy" in relation to real estate?

11     A     I don't recall.

12     Q     You don't recall ever using that phrase?

13     A     No.

14           MR. BOSCH:  Objection to form.

15     Q     (BY MS. KROPF)  Okay.  Do you have any

16  understanding of what the phrase means -- what the

17  phrase "exit strategy" means in relation to real

18  estate?

19     A     I would assume it means exiting the real

20  estate.

21     Q     Okay.  Could that -- you're -- could it

22  mean selling the property at a profit?

23           MR. BOSCH:  Objection to form.

24     A     I suppose.

25     Q     (BY MS. KROPF)  Okay.  Could it mean

Charles A. Camalier , III                    March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 15

1   selling the property at a loss?

2           MR.  BOSCH:  Objection to form.

3      A    It -- it could mean anything.

4      Q    (BY MS. KROPF)  Okay.  Mr. Camalier, is

5   there any requirement in the estoppel agreement that

6   the lender would have to assign the lease at the time

7   of a foreclosure?

8           MR. BOSCH:  I'm going to instruct you not

9   to answer.

10          MS. KROPF:  On what basis?

11          MR. BOSCH:  You're asking him to interpret

12  a legal document that speaks for itself.

13          MS. KROPF:  So is that an objection to

14  form?  Or -- because it sounds like you're objecting

15  that I'm asking a question that calls for a legal

16  conclusion, which would properly be stated as an

17  objection to form, and he could then answer it.

18          Are you --

19          MR. BOSCH:  Except in this case --

20          MS. KROPF:  Excuse me.

21          MR. BOSCH:  Okay.  Go ahead.  Please, go

22  ahead.  Finish.

23          MS. KROPF:  Could he -- are you instructing

24  him not to answer it, or are you just objecting to

25  the form that I'm asking for a legal conclusion?

Charles A. Camalier , III                    March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 16

1          MR. BOSCH:  I said, and will repeat, I am

2     instructing him not to answer that, and the Court has

3     already ruled that that's an improper discovery in

4     this case.  So I -- I don't need to wait for the

5     Court's ruling; we already have it.

6          MS. KROPF:  Okay.  So I disagree, because I

7     think what you're referring to, is the Court ruled

8     that your-all's requests for admission to IWA were

9     improper, because they were asking IWA for a legal

10    conclusion.

11         The Court has never ruled that we can't ask

12    parties in this case what their understanding of

13    legal documents were.  And I believe you spent some

14    time with Mr. Feltman asking him about certain

15    requirements and asking him to look at documents and

16    draw his conclusions, not legal conclusions, about

17    what they meant.

18         So I disagree with your characterization,

19    one, of the Court's ruling.  It was about your RFAs,

20    not about depositions.  No one has ever raised it

21    with regard to any depositions.

22         And so I will re-ask the question.  If you

23    want to instruct him not to answer, then we will

24    consider going to the Court on it once I've seen the

25    whole transcript.

Charles A. Camalier , III                    March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 17

1        MR.  BOSCH:  Well, actually, I would

2    suggest that if you'd like to get the Court's ruling

3    on this question and the series of questions while

4    you have Mr. Camalier seated here, you actually ask

5    the Court.  Because my understanding of the Court's

6    ruling is that it is improper discovery to ask a

7    witness what his or her interpretation of the legal

8    document is here.

9        MS. KROPF:  That's fine.  My -- what I'm

10   going to do is review the transcript so I can raise

11   all the issues from this deposition at one time.

12       If you want to call the Court and ask the

13   Court the question, I leave it up to you.  My -- what

14   I'm going to do, and my usual practice is, review the

15   whole transcript, raise all the issues from that

16   deposition with the Judge at one time.

17       But I leave it up to you.  If you'd like to

18   go off the record and call the Judge, we can do that.

19       MR. BOSCH:  Yes, let's go off the record.

20       MS. KROPF:  Okay.

21       THE VIDEOGRAPHER:  Going off the record.

22   The time is 11:21 a.m.

23       (Recess taken, 11:21 a.m. until 11:27 a.m.)

24       THE VIDEOGRAPHER:  Back on the record.  The

25   time is 11:27 a.m.

Charles A. Camalier , III                                        March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 18

1          MS. KROPF:  All right.  So let me ask the

2    question, and I assume you'll instruct him not to

3    answer, Mr. Bosch.

4          Q     (BY MS. KROPF)  Is there a requirement,

5    Mr. Camalier, in the estoppel agreement that the

6    lender had to assign the lease at the time of the

7    foreclosure?

8          MR. BOSCH:  Objection to form.  I'll

9    instruct you not to answer.

10          (Deposition Exhibit 77 was marked.)

11          Q     (BY MS. KROPF)  Mr. Camalier, I've shown

12    you what has been marked as Exhibit 77.  Do you see

13    that that's an e-mail from Robert Braunohler,

14    B-R-A-U-N-O-H-L-E-R, to Scott DeCain, dated April

15    17th, 2020?

16          A     Yes.

17          Q     Okay.  And who is Mr. Braunohler?

18          A     He used to be an employee of Rock Spring

19    Properties.

20          Q     Was he -- was he the chief operating

21    officer of Rock Spring Properties?

22          A     That's correct.

23          Q     Okay.  And was he the chief operating

24    officer at the time he sent this e-mail?

25          A     Yes.

Page 21

1    in that first column is to Rock Spring Plaza, 6560

2    Rock Spring Drive?

3         A    Yes.

4         Q    Okay.  And that's the property we've been

5    talking about today, right?

6         A    Correct.

7         Q    Okay.  And that is listed under the column

8    with "building with ground rent," correct?

9         A    That's correct.

10        Q    It's not listed under the column, "Building

11   with ground rent and owned in whole or in part by

12   Camalier," correct?

13        A    Correct.

14        Q    At the time, in April of 2020, did -- did

15   the Camalier family own, in whole or in part, 6560

16   Rock Spring Drive?

17             MR. BOSCH:  Objection to form.

18        A    I'm sorry.  Could you repeat the question?

19        Q    (BY MS. KROPF)  Sure.

20             In April of 2020, did the Camalier family

21   own, in whole or in part, 6560 Rock Spring Drive?

22             MR. BOSCH:  Objection to form.

23        A    The -- are you talking about the building?

24        Q    (BY MS. KROPF)  I'm talking about any part

25   of 6560 Rock Spring Drive.

Charles A. Camalier , III                    March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 22

1          MR. BOSCH:  All right.  So why don't you

2     ask that question?

3          MS. KROPF:  I just clarified it.

4          MR. BOSCH:  Okay.  Let's have the record be

5     clear.  You need to --

6     Q    (BY MS. KROPF)  Do you need me to reask the

7     question, Mr. Camalier?

8          MR. BOSCH:  I need you to.

9          MS. KROPF:  Oh, okay.  I'm sorry.  I didn't

10    realize you didn't understand it.

11    Q    (BY MS. KROPF)  So my question for you,

12    Mr. Camalier, is, in April of 2020, did the Camalier

13    family own, in whole or in part, any portion of 6560

14    Rock Spring Drive?

15    A    And are you talking about the building?

16    Q    I mean, the building or the fee simple real

17    estate underneath the building.

18         MR. BOSCH:  Object to the form of the

19    question.

20              You can answer it.

21    A    They did not own the building or the fee

22    simple.

23    Q    (BY MS. KROPF)  Okay.  And do you know who

24    owned the fee simple under 6560 Rock Spring Drive in

25    April of 2020?

Charles A. Camalier , III                              March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 23

1              MR.  BOSCH:  Objection to form.

2        A    No.

3        Q    (BY MS. KROPF)  Do you know who owns the

4   fee simple under 6560 Rock Spring Drive today?

5              MR.  BOSCH:  Objection to form.

6        A    No.

7        Q    (BY MS. KROPF)  Do you know who owned the

8   fee simple under 6560 Rock Spring Drive in June of

9   2020?

10              MR. BOSCH:  Objection to the form.

11        A    No.

12        Q    (BY MS. KROPF)  Okay.  What interest does

13   the Camalier family have in 6560 Rock Spring Drive,

14   either the building or the real estate?

15              MR. BOSCH:  Objection to form.

16        A    They have an interest in the land.

17        Q    (BY MS. KROPF)  Okay.  Is it not a fee

18   simple ownership?

19              MR. BOSCH:  Objection to the form.

20        A    That is correct.

21        Q    (BY MS. KROPF)  Okay.  What is the nature

22   of the ownership that the Camalier -- that the

23   plaintiff has -- that the Camalier family has in the

24   land under the building at 6560 Rock Spring Drive?

25              MR. BOSCH:  Objection to form.

Charles A. Camalier , III                          March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 24

1       A    A lease fee.

2       Q    (BY MS. KROPF)  What does that mean, "a

3  lease fee"?

4            MR. BOSCH:  Objection to form.

5       A    It's an ownership of the ground subject to

6  a ground lease.

7       Q    (BY MS. KROPF)  But it's not a fee simple

8  ownership?

9            MR. BOSCH:  Objection --

10      A    Right.

11           MR. BOSCH:  -- to form.

12      Q    (BY MS. KROPF)  Okay.  So is it -- what --

13  what the Camalier family owns is an interest as the

14  landlord on the ground lease?

15           MR. BOSCH:  Objection to form.

16      A    Yes.

17      Q    (BY MS. KROPF)  Did -- does the Camalier

18  family have any other interest in either the building

19  or the land located at 6560 Rock Spring Drive?

20           MR. BOSCH:  Objection to form.

21      A    So we probably have a remainder interest in

22  the building.

23      Q    (BY MS. KROPF)  What do you mean by

24  "remainder interest"?

25      A    The interest in the building at the end of

Charles A. Camalier , III                     March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 25

1   the ground lease.

2        Q     Okay.  Is that written down somewhere --

3        A     No.

4        Q     -- the interest that the Camalier family

5   has, related to the ground lease?

6        A     No.

7        Q     How does the Camalier family know -- how do

8   you know that the Camalier family has an interest if

9   it's not written down anywhere?

10             MR. BOSCH:  Objection to form.

11       A     I can't tell you.  I'm just -- you asked me

12  a question; that's my understanding.

13       Q     (BY MS. KROPF)  Is the Camalier family's

14  interest in either the land or the building or the

15  ground lease at 6560 recorded in the land records in

16  Maryland?

17       A     I believe it is.

18       Q     Okay.  What kind of instrument was used to

19  record the Camalier's -- Camalier family's current

20  interest in the land, the building, or the ground

21  lease for 6560 Rock Spring Drive?

22       A     I believe there was a memorandum of the

23  ground lease filed.

24       Q     Okay.  Do you know when that was filed?

25       A     I would think around 1990.

Charles Â. Camalier , III                    March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 26

1      Q      Okay.  All right.  And has that interest

2   changed?  Has the Camalier family's interest in the

3   land, the building, or the ground lease changed since

4   the recording of that memorandum of lease in 1990?

5           MR.  BOSCH:  Objection to form.  Instruct

6   you not to answer it to the extent that it calls for

7   you to go back prior to 2015.

8      Q      (BY MS. KROPF)  Do you understand your

9   counsel's instruction to you?

10     A      He told me not to answer.

11     Q      Okay.  That -- that's -- that's not what he

12  said, so let me re-ask the question, and then

13  Mr. Bosch can instruct you not to answer my question,

14  and then I'll restate it.

15          Since 1990, has the Camalier family's

16  interest in the land, the ground lease, or the

17  building at 6560 Rock Spring Drive changed?

18          MR. BOSCH:  Objection.  I'll instruct you

19  not to answer.  It goes beyond the scope of

20  permissible discovery in this case.

21     Q      (BY MS. KROPF)  Since 2015, Mr. Camalier,

22  has the Camalier family's interest in the building,

23  the ground lease, or the property at 6560 changed?

24          MR. BOSCH:  Objection to form.

25     A      I don't believe so.

Charles A. Camalier , III                                   March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 27

1      Q    (BY MS. KROPF)   Okay.   And if it had

2  changed, would that have been recorded in the ground

3  -- in the land records for Maryland since 2015?

4           MR. BOSCH:   Objection to form.

5      A    It might have.

6      Q    (BY MS. KROPF)   Okay.   But you don't know?

7           MR. BOSCH:   Objection to form.

8      A    I don't know.

9      Q    All right.   Since 2015, Mr. Camalier, did

10  ING, as a lender to the Camalier family, call the

11  loan that the Camalier family had on 6560 Rock Spring

12  Drive?

13          MR. BOSCH:   Objection.   I'll instruct you

14  not to answer.   The Court has ruled that this is not

15  permissible discovery.

16     Q    (BY MS. KROPF)   Since 2015, Mr. Camalier,

17  has the Camalier family paid off the -- the debt that

18  it owed to ING related to 6560 Rock Spring Drive?

19          MR. BOSCH:   Objection.   I'm going to

20  instruct you not to answer.   This goes beyond the

21  scope of permissible discovery, as the Court has

22  ruled.

23     Q    (BY MS. KROPF)   Since 2015, Mr. Camalier,

24  has the Camalier family used ground rents paid by IWA

25  or RSD to pay off the debt it owed to ING related to

Charles A. Camalier, III                March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 28

1    6560 Rock Spring Drive?

2               MR. BOSCH:  Objection.  Same instruction.

3               MS. KROPF:  You're instructing him on that?

4               MR. BOSCH:  Yes.  It goes to the loan on

5    the property.  The Court has said that that's

6    improper discovery.  It's not relevant.

7         Q    (BY MS. KROPF)  Okay.  Mr. Camalier, since

8    2015, has the Camalier family been unable to pay its

9    debt to ING because of -- because the ground rent

10   payments were not made under the ground lease?

11              MR. BOSCH:  Objection.  Instruct you not to

12   answer.

13              MS. KROPF:  So, Mr. Bosch, that one is

14   directly relevant to whether or not the landlord's

15   interest has been impaired.  So I think it is

16   relevant, and I think the Court would allow me to ask

17   it, and I'd ask you to reconsider your objection.

18              MR. BOSCH:  When we get the Court on the

19   line, you can ask the Judge that question then.

20              MS. KROPF:  Well, we're going to complete

21   the deposition before the Court calls back.  So how

22   would you like to handle that?  It's your call to the

23   Court.  I'm going to finish, I think, before the

24   Court calls back.

25              So would you like to reconsider your

Charles A. Camalier , III                     March 22, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 29

1   objection, or shall we do it in -- if we file

2   something with the Court once we get the transcript?

3           MR. BOSCH:  The latter.

4           MS. KROPF:  Okay.

5       Q   (BY MS. KROPF)  Mr. Camalier, do you

6   believe that the -- the flow of ground rents to the

7   Camalier family has been impaired or affected -- has

8   been impaired by the assignment from IWA to RSD?

9           MR. BOSCH:  Objection to form.

10      A   Yes.

11      Q   (BY MS. KROPF)  Okay.  Have you -- has the

12  Camalier family received all of the ground rents it's

13  owed under the ground lease since the time of the

14  assignment?

15          MR. BOSCH:  Objection to form.

16      A   Yes.

17      Q   (BY MS. KROPF)  Okay.  You're just

18  anticipating that down the line RSD may stop paying;

19  is that right?

20      A   That's one of the reasons.

21      Q   Okay.  Is that -- and that hasn't happened

22  yet, correct?

23      A   That has not happened yet.

24      Q   Okay.  And you said there are other

25  reasons.  What other reasons are you referring to?

Page 38

1    is here --

2              MS. KROPF:  Sure.

3              MR. BOSCH:  -- in his individual capacity.

4    Please ask the questions.  Let's get the proffer.

5              MS. KROPF:  So the question I had asked

6    Mr. Camalier, that Mr. Bosch instructed you not to

7    answer, is there a requirement in the estoppel

8    agreement that lender assign the lease at the time of

9    a foreclosure?

10             MR. BOSCH:  Okay.  I -- instruction.

11             MS. KROPF:  Is there any requirement in the

12   ground lease the assign- -- that the assignee cannot

13   be funded by an entity with an ownership interest in

14   the assignee?

15             MR. BOSCH:  Okay.  Same objection.

16             MS. KROPF:  Is there any requirement in the

17   estoppel agreement that the assignee cannot be funded

18   by an entity with an ownership interest in the

19   assignee?

20             MR. BOSCH:  Same objection.

21             MS. KROPF:  Those are the questions that I

22   was going to ask him in his individual capacity.

23   There are other questions from yesterday that are

24   related to the ground lease that he refused to

25   answer.  So those as well, but I don't have those top