# Exhibit A

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Maryland

| | | |
|---|---|---|
| Rock Spring Plaza II LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   20-cv-01502-PJM |
| Investors Warranty of America LLC et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                              Anne Camalier

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Via Videoconference Technology | Date and Time: |
|---|---|
| | 01/31/2023 9:00 am |

The deposition will be recorded by this method:     Videoconference

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     01/11/2023

                    *CLERK OF COURT*
                                                            OR
                                                                   /s/ Sara E. Kropf
    _____              _____
      *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Rock Springs Drive
_____, who issues or requests this subpoena, are:

Sara Kropf, Kropf Moseley PLLC, 1100 H St, NW, Ste 1200, Washington DC; sara@kmlawfirm.com; 202-627-6900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   20-cv-01502-PJM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit B

| | |
|---|---|
| **From:** | Bosch, William M. |
| **To:** | Sara Kropf; Dunn, Alvin; Danial, Katherine T.; Davis, Rebecca |
| **Subject:** | RE: Depositions |
| **Date:** | Tuesday, January 31, 2023 5:09:42 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image3e50be.PNG |
| | imaged6388e.PNG |
| | image679258.PNG |

Thank you, Sara.  That sounds like a reasonable compromise.  Kindly send the written questions and subject to any specific objections we may wish to raise then, we will work with Ms. Camalier to secure her responses.  Of course, this will count as one of Defendants' allotted depositions in the case.

Regards -- Bill


**William M. Bosch** | Partner

Pillsbury Winthrop Shaw Pittman LLP

1200 Seventeenth Street NW | Washington, DC 20036-3006

t +1.202.663.9392 | m +1.703.407.9448

william.bosch@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES
MIAMI   NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH
SACRAMENTO   SAN DIEGO   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC

 

---

**From:** Sara Kropf <sara@kmlawfirm.com>
**Sent:** Tuesday, January 31, 2023 5:02 PM
**To:** Bosch, William M. <william.bosch@pillsburylaw.com>; Dunn, Alvin <alvin.dunn@pillsburylaw.com>; Danial, Katherine T. <katherine.danial@pillsburylaw.com>; Davis, Rebecca <RDavis@seyfarth.com>
**Subject:** RE: Depositions

Bill

Given this circumstance, we propose that we proceed with a deposition of Ms. Camalier by written questions under Rule 31. This will reduce the burden on Ms. Camalier while still allowing Defendants to take discovery from an important witness.

Please let me know if you are amenable to this approach.

Thanks
Sara

**From:** Bosch, William M. <william.bosch@pillsburylaw.com>
**Sent:** Tuesday, January 31, 2023 9:10 AM
**To:** Sara Kropf <sara@kmlawfirm.com>; Dunn, Alvin <alvin.dunn@pillsburylaw.com>; Danial, Katherine T. <katherine.danial@pillsburylaw.com>; Davis, Rebecca <RDavis@seyfarth.com>
**Subject:** RE: Depositions

Yes, Chris was involved in the negotiation of the 1990 Ground Lease.  BB

**William M. Bosch** | Partner
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW | Washington, DC 20036-3006
t +1.202.663.9392 | m +1.703.407.9448
william.bosch@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES
MIAMI   NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH
SACRAMENTO   SAN DIEGO   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC

 

**From:** Sara Kropf <sara@kmlawfirm.com>
**Sent:** Tuesday, January 31, 2023 8:01 AM
**To:** Bosch, William M. <william.bosch@pillsburylaw.com>; Dunn, Alvin <alvin.dunn@pillsburylaw.com>; Danial, Katherine T. <katherine.danial@pillsburylaw.com>; Davis, Rebecca <RDavis@seyfarth.com>
**Subject:** RE: Depositions

Bill

I am awaiting your response as to whether Mr. Camalier personally participated in the negotiation of the original ground lease. Could you please let me know the answer to this question?

Thanks
Sara

**From:** Bosch, William M. <william.bosch@pillsburylaw.com>
**Sent:** Monday, January 30, 2023 7:56 PM
**To:** Sara Kropf <sara@kmlawfirm.com>; Dunn, Alvin <alvin.dunn@pillsburylaw.com>; Danial, Katherine T. <katherine.danial@pillsburylaw.com>; Davis, Rebecca <RDavis@seyfarth.com>
**Subject:** RE: Depositions

Dear Sara –

Where do things stand with your plans for taking Anne Camalier's deposition?  Do we need to tee that up for the Court for hearing on the 16th?

Regards -- Bill

**William M. Bosch** | Partner
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW | Washington, DC 20036-3006
t +1.202.663.9392 | m +1.703.407.9448
william.bosch@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES
MIAMI   NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH
SACRAMENTO   SAN DIEGO   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC

 

**From:** Sara Kropf <sara@kmlawfirm.com>
**Sent:** Thursday, January 26, 2023 5:29 PM
**To:** Dunn, Alvin <alvin.dunn@pillsburylaw.com>; Bosch, William M. <william.bosch@pillsburylaw.com>; Danial, Katherine T. <katherine.danial@pillsburylaw.com>; Davis, Rebecca <RDavis@seyfarth.com>
**Subject:** Depositions

Counsel

Given today's hearing, we will be adjourning our scheduled depositions of Mr. Decain, Ms. Dantagnan, and Mr. Sullivan.

Regards,
Sara

Sara Kropf
Kropf Moseley PLLC
1100 H Street NW
Suite 1220
Washington, DC 20005
(202) 627-6900
sara@kmlawfirm.com
www.kmlawfirm.com

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

# Exhibit C

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Maryland

| | |
|---|---|
| Rock Spring Plaza II LLC | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   20-cv-01502-PJM |
| Investors Warranty of America LLC et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                         Anne Camalier

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Via Written Questions (attachment A) | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/29/2023

|  |  |
|---|---|
| CLERK OF COURT | OR |
| | /s/ Sara E. Kropf |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Rock Springs Drive
_____ , who issues or requests this subpoena, are:

Sara Kropf, Kropf Moseley PLLC, 1100 H St, NW, Ste 1200, Washington DC; sara@kmlawfirm.com; 202-627-6900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  20-cv-01502-PJM

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Attachment A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

|  |  |  |
|---|---|---|
| ROCK SPRING PLAZA II, LLC, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 20-cv-01502-PJM |
|  | ) | |
| INVESTORS WARRANTY OF AMERICA, | ) | |
| LLC, et al., | ) | |
|  | ) | |
| Defendants. | ) | |
|  | ) | |

### DEFENDANT ROCK SPRING DRIVE LLC'S NOTICE OF DEPOSITION BY WRITTEN QUESTIONS OF ANNE CAMALIER

Pursuant to Federal Rule of Civil Procedure 31 and the agreement of the parties, Defendant Rock Springs Drive LLC provides this notice of deposition of Anne Camalier by written questions.

Ms. Camalier's last known address is 575 Admiralty Parade, Naples, FL 34102.

### QUESTIONS

1.      What is your full name?

2.      What is your home address?

3.      Are you a direct owner or member of the plaintiff in this litigation Rock Spring Plaza II LLC ("Plaintiff")?

4.      Are you an indirect owner, or member, of the Plaintiff in this litigation?

5.      Do you own any part of any entity that has an ownership interest in Plaintiff?

6.      Does any lawyer represent you with respect to this deposition by written questions?

7.      If the answer to Question No. 6 is yes, who represents you?

8.      Do you currently have any decision-making authority with respect to Plaintiff?

9.      If so, what decision-making authority do you have?

10.     Have you ever had decision-making authority for Plaintiff?

11.     When?

12.     What was the scope of your decision-making authority for Plaintiff in the past?

13.     Are you the same Anne Camalier who is named as the landlord on Exhibit 1 (the "Ground Lease")?

14.     Were you involved in the negotiation of the Ground Lease before it was executed in November 1990?

15.     What was your involvement in the negotiation of the Ground Lease?

16.     During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that any future assignee of the Ground Lease must have a certain capitalization level?

17.     During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that any future assignee of the Ground Lease must have a certain amount of outside funding to meet the obligations of the Ground Lease?

18.     During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that the landlord must approve every assignment of the Ground Lease in advance?

19.     During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that the tenant could not assign the Ground Lease to an entity in which the tenant had an ownership interest?

20.     During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that any assignee of the Ground Lease must disclose its owners to the landlord?

21.     During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that any assignee of the Ground Lease must disclose its members to the landlord?

22.     During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that any assignee of the Ground Lease must disclose its intentions for the property to the landlord?

23.     During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that an assignee of the Ground Lease cannot be funded by an entity with an ownership interest in the assignee?

24.     Were you involved in negotiating the document attached as Exhibit 2 ("Estoppel Agreement")?

25.     What was your involvement in negotiating the Estoppel Agreement?

26.     Did you have decision-making authority with respect to the landlord with respect to the negotiation of the Estoppel Agreement?

27.     Did you have decision-making authority with respect to the landlord with respect to the execution of the Estoppel Agreement?

28.     Why did the landlord agree to sign the Estoppel Agreement?

29.     In addition to your answer to Question 28, are there any other reasons the landlord signed the Estoppel Agreement?

30.     What was the consideration provided to the landlord for signing the Estoppel Agreement by any other party to the Estoppel Agreement?

31.     During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement  define the phrase "third party," as it is used in Section 19 of the Estoppel Agreement?

32.     During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that the tenant could not be released from liability under the Ground Lease after an assignment?

33.     During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement  include a provision that any tenant promise to pay ground rent if an assignee of the Ground Lease did not pay ground rent?

34.     During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that any tenant promise to pay ground rent after assignment?

35.     During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that any future assignee of the Ground Lease must have a certain capitalization level?

36.     During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that any future assignee of the Ground Lease must have a certain amount of outside funding to meet the obligations of the Ground Lease?

37.     During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that the landlord must approve every assignment of the Ground Lease in advance?

38.     During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that the tenant could not assign the Ground Lease to an entity in which the tenant had an ownership interest?

39.     During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that any assignee of the Ground Lease must disclose its owners to the landlord?

40.     During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that any assignee of the Ground Lease must disclose its intentions for the property to the landlord?

41.     During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision an assignee of the Ground Lease cannot be funded by an entity with an ownership interest in the assignee?

Dated: March 29, 2023                            Respectfully submitted,

                                                 /s/ Sara E. Kropf
                                                 Sara E. Kropf (Bar No. 26818)
                                                 Kropf Moseley PLLC
                                                 1100 H Street NW, Suite 1220
                                                 Washington, DC 20005
                                                 (202) 627-6900
                                                 sara@kmlawfirm.com
                                                 *Attorney for Rock Springs Drive LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of March 2023, the foregoing notice of deposition was served by email on all counsel of record with the subpoena for Ms. Camalier's deposition under Rule 45.

/s/ Sara E. Kropf
Sara E. Kropf

Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC | |
| Plaintiff, | |
| v. | Civil Action No. 8:20-cv-01502-PJM |
| INVESTORS WARRANTY OF AMERICA, LLC, et al., | |
| Defendants. | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT ROCK SPRINGS DRIVE, LLC'S**
**DEPOSITION BY WRITTEN QUESTIONS OF ANNE CAMALIER**

Pursuant to Federal Rule of Civil Procedure 31 and the Rules of this Court, Plaintiff Rock

Spring Plaza II, LLC ("Plaintiff"), through its undersigned counsel, hereby submits the following

Objections to Defendant Rock Springs Drive, LLC's ("RSD" or "Defendant") Notice of

Deposition of Written Questions of Anne Camalier (the "Witness").

**GENERAL OBJECTIONS**

The testimony Defendant seeks to elicit from this Witness is largely beyond the scope of

discovery, and in any event, is duplicative of discovery previously elicited from Plaintiff's

corporate representative in response to Defendant's Rule 30(b)(6) deposition. As such, it is

disproportionate to the needs of the case and appears to have been interposed for improper

purposes. Furthermore, Defendant's subpoena is defective, as it fails to identify a time or date

for the deposition. As such, the subpoena is "out of time." Subject to and without waiving these

General Objections, Plaintiff and the witness submit the following Specific Objections:

**SPECIFIC OBJECTIONS**

**QUESTION NO. 1.**

What is your full name?

**OBJECTIONS TO QUESTION NO. 1**

None.

**QUESTION NO. 2.**

What is your home address?

**OBJECTIONS TO QUESTION NO. 2**

No objection, provided the response is designated Attorneys' Eyes Only ("AEO") pursuant to ECF No. 56.

**QUESTION NO. 3.**

Are you a direct owner or member of the plaintiff in this litigation Rock Spring Plaza II LLC ("Plaintiff")?

**OBJECTIONS TO QUESTION NO. 3**

Objection, form.

**QUESTION NO. 4.**

Are you an indirect owner, or member, of the Plaintiff in this litigation?

**OBJECTIONS TO QUESTION NO. 4**

Objection, form.

**QUESTION NO. 5.**

Do you own any part of any entity that has an ownership interest in Plaintiff?

**OBJECTIONS TO QUESTION NO. 5**

Objection, form.

**QUESTION NO. 6.**

Does any lawyer represent you with respect to this deposition by written questions?

**OBJECTIONS TO QUESTION NO. 6**

None.

**QUESTION NO. 7.**

If the answer to Question No. 6 is yes, who represents you?

**OBJECTIONS TO QUESTION NO. 7**

None.

**QUESTION NO. 8.**

Do you currently have any decision-making authority with respect to Plaintiff?

**OBJECTIONS TO QUESTION NO. 8**

Objection, form.

**QUESTION NO. 9.**

If so, what decision-making authority do you have?

**OBJECTIONS TO QUESTION NO. 9**

Objection, form.

**QUESTION NO. 10.**

Have you ever had decision-making authority for Plaintiff?

**OBJECTIONS TO QUESTION NO. 10**

Objection, form.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed to limit her answer to the time period from and after August 31, 2015.

**QUESTION NO. 11.**

When?

**OBJECTIONS TO QUESTION NO. 11**

Objection, form.

**QUESTION NO. 12.**

What was the scope of your decision-making authority for Plaintiff in the past?

**OBJECTIONS TO QUESTION NO. 12**

Objection, form.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed to limit her answer to the time period from and after August 31, 2015.

## QUESTION NO. 13.

Are you the same Anne Camalier who is named as the landlord on Exhibit 1 (the "Ground Lease")?

## OBJECTIONS TO QUESTION NO. 13

None.

## QUESTION NO. 14.

Were you involved in the negotiation of the Ground Lease before it was executed in November 1990?

## OBJECTIONS TO QUESTION NO. 14

Objection, form.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

## QUESTION NO. 15.

What was your involvement in the negotiation of the Ground Lease?

## OBJECTIONS TO QUESTION NO. 15

Objection, form.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

## QUESTION NO. 16.

During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that any future assignee of the Ground Lease must have a certain capitalization level?

**OBJECTIONS TO QUESTION NO. 16**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 17.**

During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that any future assignee of the Ground Lease must have a certain amount of outside funding to meet the obligations of the Ground Lease?

**OBJECTIONS TO QUESTION NO. 17**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 18.**

During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that the landlord must approve every assignment of the Ground Lease in advance?

**OBJECTIONS TO QUESTION NO. 18**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 19.**

During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that the tenant could not assign the Ground Lease to an entity in which the tenant had an ownership interest?

**OBJECTIONS TO QUESTION NO. 19**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 20.**

During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that any assignee of the Ground Lease must disclose its owners to the landlord?

**OBJECTIONS TO QUESTION NO. 20**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 21.**

During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that any assignee of the Ground Lease must disclose its members to the landlord?

**OBJECTIONS TO QUESTION NO. 21**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 22.**

During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that any assignee of the Ground Lease must disclose its intentions for the property to the landlord?

**OBJECTIONS TO QUESTION NO. 22**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 23.**

During the negotiations for the Ground Lease, did the landlord request that the Ground Lease include a provision that an assignee of the Ground Lease cannot be funded by an entity with an ownership interest in the assignee?

**OBJECTIONS TO QUESTION NO. 24**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 24.**

Were you involved in negotiating the document attached as Exhibit 2 ("Estoppel Agreement")?

7

**OBJECTIONS TO QUESTION NO. 24**

Objection, form.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 25.**

What was your involvement in negotiating the Estoppel Agreement?

**OBJECTIONS TO QUESTION NO. 25**

Objection, form.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 26.**

Did you have decision-making authority with respect to the landlord with respect to the negotiation of the Estoppel Agreement?

**OBJECTIONS TO QUESTION NO. 26**

Objection, form.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

**QUESTION NO. 27.**

Did you have decision-making authority with respect to the landlord with respect to the execution of the Estoppel Agreement?

**OBJECTIONS TO QUESTION NO. 27**

Objection, form.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

**QUESTION NO. 28.**

Why did the landlord agree to sign the Estoppel Agreement?

**OBJECTIONS TO QUESTION NO. 28**

Objection, form.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 29.**

In addition to your answer to Question 28, are there any other reasons the landlord signed the Estoppel Agreement?

**OBJECTIONS TO QUESTION NO. 29**

Objection, form.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 30.**

What was the consideration provided to the landlord for signing the Estoppel Agreement by any other party to the Estoppel Agreement?

**OBJECTIONS TO QUESTION NO. 30**

Objection, form.

Objections, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

**QUESTION NO. 31.**

During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement define the phrase "third party," as it is used in Section 19 of the Estoppel Agreement?

**OBJECTIONS TO QUESTION NO. 31**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 32.**

During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that the tenant could not be released from liability under the Ground Lease after an assignment?

**OBJECTIONS TO QUESTION NO. 32**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 33.**

During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that any tenant promise to pay ground rent if an assignee of the Ground Lease did not pay ground rent?

**OBJECTIONS TO QUESTION NO. 33**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 34.**

During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that any tenant promise to pay ground rent after assignment?

**OBJECTIONS TO QUESTION NO. 34**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 35.**

During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that any future assignee of the Ground Lease must have a certain capitalization level?

**OBJECTIONS TO QUESTION NO. 35**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 36.**

During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that any future assignee of the Ground Lease must have a certain amount of outside funding to meet the obligations of the Ground Lease?

**OBJECTIONS TO QUESTION NO. 36**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 37.**

During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that the landlord must approve every assignment of the Ground Lease in advance?

**OBJECTIONS TO QUESTION NO. 37**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 38.**

During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that the tenant could not assign the Ground Lease to an entity in which the tenant had an ownership interest?

**OBJECTIONS TO QUESTION NO. 38**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 39.**

During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that any assignee of the Ground Lease must disclose

its owners to the landlord?

**OBJECTIONS TO QUESTION NO. 39**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 40.**

During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision that any assignee of the Ground Lease must disclose its intentions for the property to the landlord?

**OBJECTIONS TO QUESTION NO. 40**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

**QUESTION NO. 41.**

During the negotiations for the Estoppel Agreement, did the landlord request that the Estoppel Agreement include a provision an assignee of the Ground Lease cannot be funded by an entity with an ownership interest in the assignee?

**OBJECTIONS TO QUESTION NO. 41**

Objection, form.

Objection, calls for a legal opinion or conclusion.

Objection, beyond the scope of discovery set by the Court at the motions hearing on February 16, 2023, the witness is directed not to answer.

13

To the extent your answer requires you to divulge privileged information or communications with counsel, the witness is directed not to answer.

Dated:  April 12, 2023

Respectfully submitted,

_/s/ William M. Bosch_____
William Bosch
Anthony Cavanaugh
Alvin Dunn
Katherine Danial
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone:  202-663-8000
Facsimile:  202-663-8007
william.bosch@pillsburylaw.com
alvin.dunn@pillsburylaw.com
katherine.danial@pillsburylaw.com

*Attorneys for Plaintiff Rock Springs Plaza II, LLC*

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 12, 2023, I served a copy of the foregoing Plaintiff's

Objections to Defendant Rock Springs Drive LLC's ("RSD") Notice of Deposition by Written

Questions of Anne Camalier via e-mail on RSD's counsel per the prior agreement of the parties.

Respectfully submitted,

*<u>Nicole Steinberg</u>*

# Exhibit E

| | |
|---|---|
| **From:** | Dunn, Alvin |
| **To:** | Sara Kropf |
| **Cc:** | Bosch, William M.; Cavanaugh, Anthony F.; Steinberg, Nicole; Danial, Katherine T.; Rebecca Guiterman |
| **Subject:** | Meet and Confer follow-up regarding Rule 31 deposition of Anne Camalier |
| **Date:** | Wednesday, July 12, 2023 9:33:00 AM |
| **Attachments:** | 20230712 Anne Camalier Declaration (draft July 12, 2023) 4884-5608-6639 v.3.docx |

Hi Sara,

Thank you for the meet-and-confer this past Friday.

We have confirmed that Anne Camalier does not recall the extent to which, if at all, she was involved with the negotiation of the Ground Lease and does not recall what, if anything, landlord requested during the negotiations for the Ground Lease concerning assignment.  We have also confirmed that Anne Camalier has no recollection of being involved in negotiating the Estoppel Agreement, did not make any decisions on behalf of landlord regarding the negotiation or execution of the Estoppel Agreement, and does not have any information regarding why landlord agreed to sign the Estoppel Agreement, regarding the consideration provided to landlord for signing the Estoppel Agreement, or what landlord requested, if anything, during the negotiations for the Estoppel Agreement.

As such, we have prepared the attached draft Declaration, which Mrs. Camalier is prepared to sign in lieu of appearing for a Rule 31 deposition.  We believe that the draft Declaration provides to you all of the information you would obtain if you proceeded with your Rule 31 deposition, but if there is information you believe we omitted, please let us know.

With Mrs. Camalier prepared to provide to you a Declaration that gives you all of the information you need, RSD should agree to withdraw its Rule 31 deposition subpoena.  Your stated need to videotape Mrs. Camalier answering your written Rule 31 deposition questions (so that you would have the opportunity to challenge her credibility) is outweighed substantially by the unnecessary stress that you would be imposing upon Mrs. Camalier if she is required to appear for a Rule 31 deposition before a videographer.

Thanks.
**Alvin Dunn** | Senior Counsel
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW | Washington, DC 20036-3006
t +1.202.663.8355 | f +1.202.354.5442 | m +1.202.243.8353
alvin.dunn@pillsburylaw.com | website bio

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**

**DRAFT – July 12, 2023**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INVESTORS WARRANTY OF AMERICA,<br>LLC, et al.,<br>　　　　　Defendants. | Civil Action No. 8:20-cv-01502-PJM |

**DECLARATION OF ANNE CAMALIER**

I, Anne Camalier, do hereby declare and state as follows:

1.      I am an owner of Plaintiff in this litigation but am not aware of how I hold my ownership interest or the size or amount of my ownership interest.

2.      I do not have any specific recollection of making decisions regarding the operations of Plaintiff, but generally issues about properties or entities in which I have an interest are discussed with my son, Chris Camalier, and sometimes with other family members, so that decisions typically are made consensually.

3.      I executed the document attached as Exhibit 1 to this Declaration (the "Ground Lease").

4.      I do not recall the extent to which, if at all, I was involved with the negotiation of the Ground Lease and do not recall what, if anything, landlord requested during the negotiations for the Ground Lease concerning assignment.

5.      I have no recollection of being involved in negotiating the document attached as Exhibit 2 to this Declaration ("Estoppel Agreement").

6.      I did not make any decisions on behalf of landlord regarding the negotiation or execution of the Estoppel Agreement.

7.      I do not have any information regarding why landlord agreed to sign the Estoppel Agreement; regarding the consideration provided to landlord for signing the Estoppel Agreement; or what landlord requested, if anything, during the negotiations for the Estoppel Agreement.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on July ___, 2023

_____

4884-5608-6639.v3

Exhibit F

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | | |
|---|---|---|
| Rock Spring Plaza II LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   20-cv-01502-PJM |
| Investors Warranty of America LLC et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                  Anne Camalier

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Via remote testimony if all counsel are remote from witness | Date and Time: 09/01/2023 9:30 am |
|---|---|

       The deposition will be recorded by this method:    Audio and video

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/22/2023

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | /s/ Sara E. Kropf |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Rock Springs Drive
, who issues or requests this subpoena, are:

Sara Kropf, Kropf Moseley PLLC, 1100 H St, NW, Ste 1200, Washington DC; sara@kmlawfirm.com; 202-627-6900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  20-cv-01502-PJM

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit G

Case 8:20-cv-01502-PJM Document 348-2 Filed 09/31/23 Page 44 of 50
30(b)(6) Rock Spring Plaza II, LLC March 21, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 1

1           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
2                    CIVIL DIVISION
3          Civil Action No:  8:20-cv-01502-PJM
4

    ROCK SPRING PLAZA II, LLC,

5
             Plaintiff,
6
    vs.
7
    INVESTORS WARRANTY OF AMERICA, LLC,
8    et al.,
9            Defendants.
10   _____
11
12
13      VOLUME I - 30(b)(6) VIDEOTAPE DEPOSITION OF
              ROCK SPRING PLAZA II, LLC,
14             CHARLES A. CAMALIER, III
15
16
                 Tuesday, March 21, 2023
17                8:55 a.m. to 5:48 p.m.
18
19
20
             Stenographically reported by:
21               Shauna T. Dietel, RPR
             Registered Professional Reporter
22
23
24
25

Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 366

1  communicate with the lender about the loan, would it
2  usually be by phone call or in writing?
3      MR. BOSCH: Objection to form. I'm going
4  to instruct you not to answer. This goes beyond the
5  scope. It's improper testimony.
6      MS. KROPF: Well, I'm asking to try to find
7  out what would be there to help prepare, so perhaps
8  you could prepare him tonight on the topic that is
9  identified in the notice.
10     So I'm trying to find out whether or not
11 there's anything that would help on that front, but
12 if you're going to instruct him not to answer, then
13 we can deal with that later.
14     MR. BOSCH: Yeah. You're asking for how
15 would a borrower typically communicate with a lender.
16     MS. KROPF: Yes.
17     MR. BOSCH: It's beyond the scope.
18     MS. KROPF: And the -- the point of that,
19 just so the record is clear, is that I'm trying to
20 find out whether there's anything that would help him
21 prepare on this topic, because he -- what he's
22 answered, when I asked about communications with the
23 lender about the claims that Plaintiff has, he said
24 "I don't know" several times.
25     MR. BOSCH: Okay.

Page 367

1      MS. KROPF: So what I'm --
2      MR. BOSCH: Fair enough.
3      MS. KROPF: Hold on.
4      MR. BOSCH: I understand. I'm going to
5  allow you to answer --
6      MS. KROPF: Hold -- hold -- hold --
7  Mr. Bosch, if you could -- if you could let me answer
8  -- let me finish my statement.
9      MR. BOSCH: Go right ahead.
10     MS. KROPF: Okay. What I'm trying to find
11 out is whether there's anything that would help him
12 prepare for that topic of the scope of his communica-
13 -- Plaintiff's communications with the lender about
14 whether or not they let the lender know that the
15 assignment happened or that the collateral that the
16 lender held had been impaired.
17     MR. BOSCH: I understand that's your
18 position, Ms. Kropf.
19     MS. KROPF: Okay. And you're instructing
20 him not to answer that question?
21     MR. BOSCH: No -- well, that question, yes.
22 But you can ask your question, and I'll -- I'll hear
23 it.
24     Q  (BY MS. KROPF) I believe the question was,
25 when you would communicate with the lender -- I'll

Page 368

1  make it specific.
2      When you would communicate with the lender
3  about the loan related to the real estate at 6560
4  Rock Springs Drive, would Plaintiff generally do that
5  in writing or by phone?
6      MR. BOSCH: Objection to the form.
7      A  I don't recall.
8      Q  (BY MS. KROPF) Would you personally be the
9  person who would do that?
10     A  Probably.
11     Q  Okay. Would you -- would Mr. Shaw -- do
12 you know if Mr. Shaw ever did that with -- in
13 relation to the loan from ING related to the
14 property?
15     MR. BOSCH: Objection to the form.
16     A  I don't know.
17     Q  (BY MS. KROPF) Did you talk with Mr. Shaw
18 to prepare for your testimony today?
19     A  No.
20     Q  Did you talk with Mr. Shaw to prepare about
21 whether or not he'd had any communications with
22 anyone on Plaintiff's behalf with respect to
23 Plaintiff's claims in the -- in this litigation?
24     MR. BOSCH: Objection to form.
25     A  What's the question? I'm sorry.

Page 369

1      Q  (BY MS. KROPF) Did you speak with Mr. Shaw
2  to prepare for your testimony today to find out
3  whether or not Mr. Shaw had any communications on
4  behalf of Plaintiff about Plaintiff's claims in this
5  case?
6      A  No.
7      Q  And is Mr. Shaw -- his company was Phillips
8  Realty; is that right?
9      A  Yes.
10     Q  And that was recently purchased; is that
11 right --
12     A  I believe so.
13     Q  -- or acquired in some way?
14     Okay.
15     MS. KROPF: Can we go off the record for a
16 moment?
17     THE VIDEOGRAPHER: Going off the record.
18 The time is 5:23.
19     (Recess taken, 5:23 p.m. until 5:26 p.m.)
20     THE VIDEOGRAPHER: We're back on the
21 record. The time is 5:26 p.m.
22     Q  (BY MS. KROPF) All right. Mr. Camalier,
23 with respect to the ground lease from 2015 forward,
24 who had the -- who had the decision-making authority
25 for the plaintiff?

93 (Pages 366 - 369)

30(b)(6) Rock Spring Plaza II, LLC March 21, 2023
Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC

Page 370

1    A    It would be my mother, in conjunction with
2    myself.
3    Q    And your -- by "your mother," you mean Anne
4    Camalier?
5    A    Yes.
6    Q    Okay.  And does Anne Camalier still have
7    decision-making authority with respect to the ground
8    lease?
9    A    Yes.
10   Q    What is -- what is her authority with
11   respect to the ground lease?
12   A    Basically my mother and I make decisions
13   concerning the ground lease.
14   Q    Okay.  Do you make those jointly?
15   A    Yes.
16   Q    Is your mother able to review documents
17   related to the ground lease?
18   A    No.
19   Q    Why is that?
20   A    She has macular degeneration.
21   Q    Is she -- is she unable to read anything,
22   or does it just need to be magnified for her?
23   A    I -- I don't think she can read much
24   anymore.
25   Q    Can she read a little bit?

Page 371

1        MR. BOSCH:  Objection to form.
2    A    I don't know.
3    Q    (BY MS. KROPF)  You don't know whether or
4    not your mother can read anything at all?
5        MR. BOSCH:  Objection to form.
6    A    She -- she has difficulty reading.
7    Q    (BY MS. KROPF)  I under- -- understand she
8    has difficulty, but what I'm trying to find out is if
9    she can read at all.
10       MR. BOSCH:  Objection to the form.  Where
11   is that within the scope of the notice, whether Anne
12   Camalier can read?
13       MS. KROPF:  I can ask it tomorrow.  Okay?
14       MR. BOSCH:  Well, you're asking today.
15       MS. KROPF:  I know.  Well, I'm -- I will
16   withdraw the question and ask it tomorrow in his
17   individual capacity, whether or not he knows whether
18   his mother can read.  I'm happy to ask that in his
19   individual capacity tomorrow.  It's not a problem.
20       MR. BOSCH:  He's already -- he's already
21   answered the question.
22       MS. KROPF:  I actually don't think he has,
23   but we -- we can come back to it tomorrow in his
24   individual capacity.
25   Q    (BY MS. KROPF)  All right.  So you said you

Page 372

1    and your mother jointly make decisions with respect
2    to the ground lease.  Does anyone else participate in
3    those decisions?
4    A    We're the ultimate decision-makers.
5    Q    The two of you equally?
6    A    Again, we tend to reach a consensus.  I've
7    never known us not to, so . . .
8    Q    Does your mother usually win out?
9        MR. BOSCH:  Objection --
10   A    Always.
11       MR. BOSCH:  Objection to form.
12   Q    (BY MS. KROPF)  We can -- we -- we might
13   have similar mothers, Mr. Camalier, and I do the same
14   to my children, so it's really fun.
15       All right.  Does -- is Davis Camalier your
16   brother?
17   A    Correct.
18   Q    Okay.  And does he have any decision-making
19   authority with respect to the ground lease?
20   A    No.
21   Q    Is there anyone else, apart from you and
22   Anne Camalier, that have decision-making authority
23   with respect to the ground lease?
24   A    No.
25   Q    And do you . . .

Page 373

1        Now, since the date of the assignment and
2    before the filing of this complaint, has Plaintiff
3    communicated directly with IWA about the property?
4    A    I assume through the lawsuit there's been
5    communication.
6    Q    Well, I'm going to limit it to from the
7    date of the assignment, in August of 2017, to the
8    date of the -- of the lawsuit, in June of 2020.
9        During that time period, did Plaintiff
10   communicate directly with IWA about the property?
11   A    Not that I can recall.
12   Q    And apart from -- and -- and during that
13   time frame, so before litigation, did Plaintiff
14   request any information directly from IWA?
15   A    Well, we requested information from RSD,
16   which we subsequently learned is 98 percent IWA.  So
17   in that regard, I guess you would say we were seeking
18   information about -- from IWA.
19   Q    So my question was, perhaps, a little
20   different.
21       Has Plaintiff -- did -- between the time of
22   the assignment and the time of the complaint, did
23   Plaintiff request any information directly from IWA?
24   A    Again, only in the situation where we were
25   asking RSD who its principals were.

94 (Pages 370 - 373)

Exhibit H

**1**

```
 1           UNITED STATES DISTRICT COURT
 2           FOR THE DISTRICT OF MARYLAND
 3    --------------------------------x
 4    ROCK SPRING PLAZA II, LLC, :
 5          Plaintiff,         : Case No.:
 6      vs.                    : 20-cv-01502-PJM
 7    INVESTORS WARRANTY OF AMERICA, :
 8    LCC, et al.,             :
 9          Defendants.        :
10    --------------------------------x
11
12
13           Deposition of SCOTT DECAIN
14               Conducted Virtually
15           Wednesday, March 15, 2023
16               9:32 a.m. EST
17
18
19
20    Job No.:  484298
21    Pages:  1 - 112
22    Recorded by:  Emil White
```

**2**

```
 1       Deposition of SCOTT DECAIN, held virtually.
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13       Pursuant to Notice, before Emil White, Notary
14    Public, in and for the State of Maryland.
15
16
17
18
19
20
21
22
```

**3**

```
 1              A P P E A R A N C E S
 2
 3    ON BEHALF OF THE PLAINTIFF:
 4        ALVIN DUNN, ESQUIRE
 5        PILLSBURY WINTHROP SHAW PITTMAN, LLP
 6        1200 Seventeenth Street, NW
 7        Washington, DC  20036
 8        202.663.8355
 9
10    ON BEHALF OF THE DEFENDANT - ROCK SPRINGS DRIVE,
11    LLC:
12        SARA KROPF, ESQUIRE
13        KROPF MOSELEY, PLLC
14        1100 H Street NW
15        Suite 1220,
16        Washington, DC 20005
17        202.627.6900
18
19    ALSO PRESENT:
20    Troy Taylor - Corp Representative Rock Springs Drive
21    Paul Rubin - Corp Representative Rock Springs Drive
22    Charlotte Forrest - PD Remote Tech
```

**4**

```
 1              C O N T E N T S
 2    EXAMINATION OF SCOTT DECAIN          PAGE
 3        By Ms. Kropf                      6
 4
 5              E X H I B I T S
 6           (Attached to transcript.)
 7    DEPOSITION EXHIBIT                   PAGE
 8    Exhibit 1   Subpoena for Deposition   22
 9    Exhibit 5   Debt Summary as of 12/31/19   28
10    Exhibit 4   E-mail April 16, 2020     37
11    Exhibit 2   E-mail from March 28, 2021   97
12
13
14
15
16
17
18
19
20
21
22
```

5

1        P R O C E E D I N G S
2        REMOTE TECH:  Thank you to everyone for
3 attending this proceeding remotely, which we
4 anticipate will run smoothly.  Please remember to
5 speak slowly and do your best not to talk over one
6 another.  Please be aware that we are recording
7 this proceeding for backup purposes.
8        Any off-the-record discussion should be
9 had away from the computer.  Please remember to
10 mute your mic for those conversations.  Please
11 have your video enabled to help the reporter
12 identify who is speaking.
13        If you are unable to connect with video
14 and are connecting via phone, please identify
15 yourself each time before speaking.  We'll provide
16 a complimentary, unedited recording of this
17 deposition with the purchase of the transcript.
18        I apologize in advance for any
19 technical-related interruptions.  Thank you.
20        THE REPORTER:  Will you please raise
21 your right hand?  Will -- will you please raise
22 your right hand?

6

1 Whereupon,
2              SCOTT DECAIN,
3 being first duly sworn or affirmed to testify to
4 the truth, the whole truth, and nothing but the
5 truth, was examined and testified as follows:
6    EXAMINATION BY COUNSEL FOR THE DEFENDANT - ROCK
7              SPRINGS DRIVE, LLC
8 BY MS. KROPF:
9    Q    Good morning, Mr. DeCain.
10   **A    Good morning.**
11   Q    My name is Sara Kropf, and I represent
12 one of the Defendants, Rock Springs Drive, LLC.
13 And, on the screen, you can see that people who
14 have dialed in are Troy Taylor and Paul Rubin, who
15 are the corporate representatives of Rock Springs
16 Drive.
17   **A    That's 2 and 5 in 404?**
18   Q    Correct, so could you -- before we get
19 started, please state your full name for the
20 record.
21   **A    Mark Scott DeCain.**
22   Q    And how do you spell your last name?

7

1    **A    Capital D, small E, capital C, A-I-N.**
2    Q    And, Mr. DeCain, have you been deposed
3 before?
4    **A    Yes.**
5    Q    That might make this little easier.  So
6 let me ask you, how -- how long ago was your last
7 deposition?
8    **A    Probably three or four months.**
9    Q    Okay.  All right.  So you understand
10 that you're under oath today; correct?
11   **A    Yes.**
12   Q    And I'll be asking you questions, and
13 you'll be answering them; correct?
14   **A    I'll answer them if I'm able to answer**
15 **them.**
16   Q    Okay.  And I'd ask that we try not to
17 speak over each other because there will be a
18 transcript made of the questions and the answers.
19 So I'll do my best not to interrupt you, and I'd
20 ask that you let me finish my question before you
21 answer; is that okay?
22   **A    Sounds reasonable.**

8

1    Q    Okay.  And if you answer the question
2 that I ask, I'm going to assume that you
3 understand it.  If you have any questions about my
4 question or something you don't understand, please
5 let me know before you answer it; all right?
6    **A    Okay.**
7    Q    And finally, we're -- we only have about
8 two hours this morning due to sort of everyone's
9 schedules.  I plan to go straight through, but if,
10 for some reason, you need a break during that
11 time, please just let us know; all right?
12   **A    Yes.**
13        MR. DUNN:  And, Sara, we might -- I
14 might need a break, so just in advance.
15        MS. KROPF:  To be fair, if anyone needs
16 a break, please let me know.
17 BY MS. KROPF:
18   Q    All right.  Mr. DeCain, where do you
19 work right now?
20   **A    Where do I work right now?  I'm not sure**
21 **I understand the question.  I mean, I'm not trying**
22 **to be difficult.**

Transcript of Scott DeCain
Conducted on March 15, 2023

37

1 at another document then. All right. Mr. DeCain,
2 I'm showing you what I'm going to have the court
3 reporter mark as Exhibit 4. Do you see this
4 e-mail chain? And I'm going to show you the --
5 the Bates stamp at the -- at the bottom. The
6 Bates stamp for Exhibit 4 is BEP2-00014. And it
7 goes through page 16. So this is a document that
8 was produced by you from your records. I'm just
9 going to scroll through so you can see it and then
10 I'll ask you some more specific questions.
11     (Exhibit 4 was marked.)
12   A   Okay.
13 BY MS. KROPF:
14   Q   Do you recognize this document?
15   A   I recognize my name and e-mail. So I
16 recognize it, yes.
17   Q   And do you have any question that --
18 that you sent and received the e-mail that's in
19 Exhibit 4?
20   A   No, I don't -- I don't dispute that.
21 But it is --
22   Q   Okay.

38

1   A   Assuming it's an accurate record of what
2 was transmitted to you guys, sure. I'm sure it's
3 fine.
4   Q   Okay. All right. So I'm going to start
5 at the beginning of this e-mail chain. So I'm on
6 Page 3 of Exhibit 4, with the Bates stamp BEP2-16.
7 You see there there was an e-mail from someone
8 named Robert Braunohler to you on April 14th,
9 2020?
10   A   Yes.
11   Q   All right. Who is Mr. Braunohler?
12   A   He was my predecessor.
13   Q   Okay. Did he leave that role when you
14 joined in April of 2000?
15   A   No, there was overlap.
16   Q   Okay. When did he leave?
17   A   Sometime after April of 2020.
18   Q   Was it in -- within a few months or was
19 it longer than that?
20   A   If I had to guess it was within a few
21 months, but I can't swear to that.
22   Q   All right. So Mr. Braunohler e-mails

39

1 you in -- in April 14, 2020, and you said you
2 started doing work in April of 2020. Do you
3 recall this as one of the first things you did for
4 the Camalier family?
5   A   I do not.
6   Q   Okay. And Mr. Braunohler says, Scott,
7 attached are the call provisions for two land
8 loans on the Rock Spring Plaza buildings. Do you
9 see that?
10   A   Yes.
11   Q   What is a call provision?
12   A   My understanding in this context is it
13 was the right of the lender to make the loan due
14 and payable upon a certain date, being the call
15 date.
16   Q   And Mr. Braunohler goes on to say, as
17 you will see, they are two months apart in the
18 fall of 2021 and each has a six-month notice
19 period. Do you see that?
20   A   Yes.
21   Q   Okay. What did -- what did you
22 understand or what do you understand his -- that

40

1 second sentence to mean?
2   A   My current understanding is that the
3 call dates were two months apart in the Fall of
4 2021.
5   Q   So does that mean that the lender would
6 definitely call those loans on those call dates in
7 the Fall of 2021?
8   A   I can't conclude that from this.
9   Q   Now, his e-mail says, Attached are the
10 call provisions. Do you see that?
11   A   Yes.
12   Q   And you believed he sent them to you so
13 you could review them?
14   A   I assume that's why he did it.
15   Q   Okay.
16   MS. KROPF: Mr. Dunn, we didn't receive
17 those attachments. Could you please check to see
18 that we get a copy of those two attachments?
19   MR. DUNN: I will make a note.
20   MS. KROPF: Thank you.
21 BY MS. KROPF:
22   Q   All right. So let's see what you