IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-cv-01502-PJM |
| | ) |
| INVESTORS WARRANTY OF AMERICA, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ROCK SPRINGS DRIVE LLC'S MOTION FOR LEAVE TO FILE AMENDED AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant Rock Springs Drive (RSD) respectfully moves for leave to file amended affirmative defenses to the Second Amended Complaint (Dkt. 196). These amended affirmative defenses add information learned in discovery to existing defenses and do not add any additional affirmative defenses. A copy of the amended affirmative answers is attached as Exhibit A and a document showing the changes in "redline" format is attached as Exhibit B.

RSD contacted counsel for Plaintiff on August 30, 2023, to schedule a meet and confer on this motion but has not yet heard back from counsel.

I.   **Legal Standard**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." The Fourth Circuit has held that leave should be denied only when amending the pleading would prejudice the opposing party, would reward bad faith on the part of the moving party, or would be futile. *Steinburg v. Chesterfield Cnty. Planning Comm'n,* 527 F.3d 377, 390 (4th Cir. 2008); *see also Foman v.*

1

*Davis*, 371 U.S. 178, 182 (1962) (leave should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment"). This liberal standard "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted).

**II.     Argument**

The Court should grant RSD's motion for leave to amend its affirmative defenses because it would not prejudice Plaintiff, would not reward bad faith or undue delay on the part of RSD, and would not be futile.

First, granting RSD's motion would not prejudice Plaintiff. "Generally, whether an amendment is prejudicial is 'determined by the nature of the amendment and its timing.' For example, amendments that significantly change the nature of the case shortly before trial are often considered prejudicial, while amendments before discovery that merely add additional theories of recovery to facts already pled are not." *Carter v. Lindsay Corp.*, No. CV DKC 21-0311, 2023 WL 2664211, at *3 (D. Md. Mar. 28, 2023) (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)). Here, the Court has not yet set a trial date, and RSD's amendments merely incorporate new facts learned in discovery but do not change the nature of the case.

Second, RSD has not acted in bad faith or unduly delayed filing its motion for leave to amend. In cases where parties "did not move to amend on the eve of trial or after the close of discovery, courts generally allow such motions." *McCall-Scovens v. Blanchard*, No. CV ELH-15-3433, 2016 WL 6277668, at *5 (D. Md. Oct. 27, 2016) (citing cases). "Delay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242

(4th Cir. 1999) (citation omitted); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial."). As discussed above, the Court has not yet set a trial date, and discovery is ongoing. *See* Dkt. 320 (extending discovery deadline to September 1, 2023).

Third, it would not be futile to allow RSD to amend its affirmative defenses. "A review for futility is not an evaluation of the underlying merits of the case." *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.,* 2012 WL 37397, at *3 (D. Md. 2012); *see also Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980) ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment."). At minimum, granting leave to amend is warranted when "at least some [of the requesting party's] claims are not futile." *Next Generation Grp.,* 2012 WL 37397 at *3. Here, RSD is merely seeking to augment its affirmative defenses by adding new information learned in discovery and equally available to Plaintiff. The amendments do not allege new affirmative defenses, new counterclaims, or new theories of the case that would warrant additional discovery.

## **CONCLUSION**

For these reasons, RSD requests that the Court grant RSD's motion for leave to file the attached amended affirmative defenses to the Second Amended Complaint.

Dated: August 31, 2023                     Respectfully submitted,

                                                  /s/ Sara E. Kropf
                                                  Sara E. Kropf (Bar No. 26818)
                                                  Rebecca Guiterman (*pro hac vice*)
                                                  Kropf Moseley PLLC
                                                  1100 H Street NW, Suite 1220
                                                  Washington, DC 20005
                                                  (202) 627-6900
                                                  sara@kmlawfirm.com
                                                  rebecca@kmlawfirm.com

                                                  *Attorneys for Rock Springs Drive LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of August 2023, the foregoing motion was served by filing through the Court's electronic filing system.

/s/ Sara E. Kropf  
Sara E. Kropf
