# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Greenbelt Division)

|  |  |
|---|---|
| ROCK SPRING PLAZA II, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-cv-01502-PJM |
| INVESTORS WARRANTY OF AMERICA, LLC, et al., | ) |
| Defendants. | ) |

## DEFENDANT INVESTORS WARRANTY OF AMERICA, LLC'S MOTION TO STAY COMPLIANCE WITH PRODUCTION ORDER

Defendant Investors Warranty of America, LLC ("IWA") respectfully requests that the Court stay the effect of the August 17, 2023 Order ("Production Order") (Dkt. 339), and not entertain a motion to compel in connection with same, until such time as the Fourth Circuit has been able to resolve the Petition for Writ of Mandamus ("Petition"), soon to be filed by IWA. IWA conferred with counsel for Plaintiff Rock Spring Plaza II, LLC ("Plaintiff"), and Plaintiff will not consent to the stay of the Production Order. Counsel for Defendant Rock Springs Drive, LLC consents to this Motion to Stay.

### INTRODUCTION

The Production Order ordered IWA to produce three documents relating to an assignment of a ground lease that are indisputably covered by the attorney-client privilege and work-product doctrine. If IWA fails to do so, the Court has stated that it will entertain a motion and will hold IWA and/or its counsel in contempt, warning that "a substantial fine and possible incarceration will be in the mix." Originally, the Court ordered IWA to produce the documents within 10 days

of the Production Order, but the Court then granted a motion to extend the deadline an additional 10 days so that IWA may file the Petition in the Fourth Circuit Court of Appeals (ECF 346). IWA will file its Petition on or before September 7, 2023.

## **STANDARD FOR GRANTING A STAY**

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Donnelly v. Branch Banking & Trust Co.*, 971 F. Supp. 2d 495, 501 (D. Md. 2013) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court considers the following factors when determining whether to grant a stay: "the length of the requested stay, the hardship that the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *Id.* at 501-02 (*quoting In re Mut. Funds Inv. Litig.*, No. MDL 1586, 2011 WL 3819608, at *1 (D. Md. Aug. 25, 2011)).

"A district court ordinarily has discretion to delay proceedings when a higher court will issue a decision that may affect the outcome of the pending case." *Stone v. Trump*, 356 F. Supp. 3d 505 (D. Md. 2018) (citations omitted); *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 732 (D. Md. 2018) (granting a stay were "resolution of the issues before the Supreme Court will likely have a direct impact on the future course of the case.")

Here, all factors weigh in favor of staying the Production Order until the Fourth Circuit rules on the Petition.

- The length of the stay would be limited only to the time required for the Fourth Circuit to rule on the Petition, and would not limit other matters in this case currently before the Court.

- The stay would promote judicial economy since resolution of the Petition by the Fourth Circuit could have a direct impact on the future course of this case. It may further reduce the likelihood of duplicative discovery.

- There would be no hardship for Plaintiff since, as noted, the stay would promote judicial economy, and because litigants are not ordinarily entitled to the privileged materials of their adversaries, Plaintiff will not be harmed by a brief delay until the appellate court determines whether Plaintiff has a right to see IWA's three privileged documents. Also, RSD continues to comply with the Ground Lease and Plaintiff continues to receive rent.

- Denying the Motion to Stay would impose a burden on IWA because if IWA does not disclose privileged documents, which it contends would result in irreparable harm, it could face substantial fines and potential incarceration.

## **CONCLUSION**

For the foregoing reasons, IWA respectfully requests that the Court stay the Production Order pending the Fourth Circuit's resolution of the Petition for Writ of Mandamus, which shall be filed on or before September 7, 2023.

Dated: September 4, 2023              Respectfully submitted,

*/s/Rebecca A. Davis*
Rebecca A. Davis
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
(404) 873-8768
rebecca.davis@agg.com

*Counsel for Investors Warranty of America, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September 2023, the Motion to Stay was served by electronic mail on all counsel of record.

/s/Rebecca A. Davis
Rebecca A. Davis
