# Exhibit A



June 29, 2023

SENT VIA ELECTRONIC MAIL

William Bosch
Katherine Danial
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036-3006

    *Re: Rock Spring Plaza I LLC v. Rock Springs Drive LLC*

Dear Bill and Katie:

I write with respect to several discovery requests.

***First***, Plaintiff objected to the requests in Rock Spring Drive LLC's (RSD) Third Set of Requests for Production.

Request Nos. 26, 27, and 28[1] asked for communications between Plaintiff and Phillips Capital Realty or BWE about a loan that Plaintiff had on the Property and documents related to the loan. These documents are relevant because Plaintiff alleges that the assignment "materially impairs Plaintiff's chance of obtaining return performance under the Ground Lease" and "reduces the Ground Lease's value to Plaintiff." Given that the rents from the ground lease secured this loan, at least in part, whether Plaintiff told its broker to inform its lender that the collateral had been allegedly impaired is relevant to one of the central issues in this case. Further, if the loan documents required Plaintiff to inform the lender when the collateral was impaired in any way, then these communications are relevant to Plaintiff's contemporaneous view of whether the assignment impaired its interest in the Property. These requests do not violate any of the limits of discovery imposed by the Court at the February 16, 2023 hearing as this issue was not raised and because they relate to matters within the time frame identified by the Court as relevant here.

Request No. 29 asks for all documents relevant to your allegation about the supposed change in the risk to Plaintiff or the value of the ground lease. You first object that it calls for a legal conclusion. It does not. Rather, it asks you for the documents you have to support these allegations in the complaint itself. You also object that the documents are "already in Defendant's possession" or are "as available to Defendant as they are to Plaintiff." Since you do not identify the documents, we cannot evaluate the accuracy of this statement. If you wish to identify the documents during our call, we can determine whether we already have them.

For Request No. 30, please confirm during our call that you have already produced all responsive documents.

---

[1] Your response mis-numbers the requests. The original request included numbers 26-30. Your response uses the numbers 24, 25, 28, 29 and 30. This letter will use the correct numbering from the requests.

*Second*, we would like to discuss Anne Camalier's deposition. I understand from Mr. Bosch that she is physically able to appear for a deposition to answer the questions we posed. We would like to attend that deposition remotely to hear the questions asked and the answers provided. The deposition should also be recorded by video. It is not clear from the scope of your general objections and specific objections whether she will answer some or all the questions we pose. For example, you object to several of the questions on relevance grounds, saying that they are beyond the scope of the Court's rulings at the February hearing. At previous depositions, like Chris Camalier's, Plaintiff not only objected to questions on this ground but directed the witness not to answer. If that is the plan here, then we believe we need to file a motion to compel because they are within the issues that the Court has now raised. In particular, the Court has said that it is considering whether IWA was a "surety" for RSD. Maryland law recognizes a surety relationship only when it arises in a contractual relationship. What is part of the contracts– and how they were negotiated – is therefore relevant to this issue raised by the Court.

*Third*, we seek your consent to depose Mr. Bosch about his role in communications between the parties related to the Ground Lease. At Plaintiff's Rule 30(b)(6) deposition, Mr. Camalier did not take the position that Mr. Bosch was acting as Plaintiff's lawyer when he sent the letters. *See, e.g.*, 3/21/23 Tr. at 182 ("Q. And so I was just trying to find out, is he writing as Plaintiff's lawyer or as Plaintiff's representative?  MR. BOSCH: Objection to form.  A Again, I -- I don't understand the conclusion you want me to draw. So, again, we asked him to write the letter."). In fact, Plaintiff did review the draft letters, Plaintiff confirmed that "this isn't my letter," and explained that it was "Arnold & Porter's letter." *Id.* at 192, 194.

These letters are attached to the complaint and Plaintiff apparently intends to use them as evidence in the case. Therefore, the meaning of the letters, and the evidence supporting their factual assertions, are important to the resolution of this case. Plaintiff claims that RSD defrauded it by not providing certain information. It is thus appropriate to inquire with the author of the letters about their meaning and to learn what information supports the letters' factual assertions about Plaintiff's supposed lack of knowledge. Mr. Camalier was unable to do so and confirmed during his Rule 30(b)(6) deposition that they were authored by Mr. Bosch alone. In addition to being the author of these letters, Mr. Bosch is a witness to an important conversation between Plaintiff and RSD, as apparent from Robert Barron's deposition. *See, e.g.*, 4/14/23 Tr. at 199.

Beyond the fact that Mr. Bosch's fact testimony is relevant to the merits of the case, defendants must also evaluate whether they need to move to recuse Mr. Bosch as trial counsel, since it is increasingly a concern that he is a necessary witness at any such trial. *See* Maryland Rule of Professional Conduct 19-303.7. This motion would need to be filed well in advance of trial to avoid any hardship on Plaintiff.

I look forward to discussing these matters later today.

Regards,

*[signature]*

Sara E. Kropf