IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>INVESTORS WARRANTY OF AMERICA, LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 20-cv-01502-PJM<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ROCK SPRINGS DRIVE LLC'S REPLY IN SUPPORT OF MOTION
FOR LEAVE TO DEPOSE WILLIAM BOSCH**

A key part of Plaintiff's fraudulent concealment claim is that Plaintiff was kept in the dark about Defendant Rock Springs Drive LLC's principals and owners. The Court has repeatedly credited statements in letters written by Wiliam Bosch as definitive evidence of what Plaintiff knew or did not know. Plaintiff made Mr. Bosch a necessary witness in this case by (a) insisting that his communications are part of its evidence of fraud, (b) questioning RSD's lawyer, Robert Barron, about the letters that Mr. Bosch drafted and a telephone call between Mr. Bosch and Mr. Barron, and (c) failing to prepare its corporate representative to testify fully about the letters. Given that RSD has developed a good-faith basis that some portions of those letters are inaccurate, RSD is entitled to take discovery on them and that includes a deposition of Mr. Bosch.

Mr. Bosch wrote these letters to Mr. Barron. Plaintiff has already deposed Mr. Barron about Mr. Bosch's letters and a telephone call between the two of them. RSD now requests leave to depose Mr. Bosch to ensure the record is complete and that there are no surprises at trial. If Plaintiff were willing to (1) withdraw its argument that Mr. Barron's communications with his clients about RSD's letters are not privileged, *and* (2) represent that it will not rely on RSD's communications

1

between RSD and Mr. Bosch as evidence of fraud at trial, then Mr. Bosch's deposition is likely unnecessary. Unfortunately, since Plaintiff's opposition suggests it is unwilling to agree to these conditions, Mr. Bosch may indeed be a witness at trial. His deposition is also necessary to determine whether he may properly serve as trial counsel at the same time.

## I. If Mr. Barron's communications with his client (RSD) are not privileged, then neither are Mr. Bosch's communications with his client (Mr. Camalier)

Requesting the deposition of litigation counsel is indeed unusual, given the privilege issues it necessarily raises. As RSD explained in its motion for leave, one purpose of its motion was to preserve an argument about privilege that may arise down the road. Dkt. 343 at 7 n.2. Plaintiff has previously asserted that communications between Mr. Barron, RSD's counsel, and his clients are not privileged because Mr. Barron was RSD's "mouthpiece" when he wrote his letters to Mr. Bosch. RSD does not know whether Plaintiff plans to raise that argument in the future or how the Court will ultimately rule on it. But if the Court rules that Mr. Barron's communications with his clients about his letters are not privileged, then the same ruling would apply to Mr. Bosch's communications.

## II. RSD has been unable to obtain discoverable information about the meaning and knowledge behind these letters from any other source.

Plaintiff continues to argue that RSD withheld information from Plaintiff in responding to these letters and that Plaintiff was defrauded as a result. *See* Dkt. 352 (Pl. Opp.) at 4. Yet its corporate representative was not prepared to testify fully about the letters, even though this was a topic noticed for his Rule 30(b)(6) deposition. Mot. at 5-6. Although RSD expected that Mr. Camalier would answer questions about the letters, he was unable to do so. Mr. Camalier could not answer several questions about the first letter Mr. Bosch sent, because, as he explained, "I did not draft the letter or review" it. *Id*. at 6 (quoting C. Camalier deposition). When asked about the second letter that Plaintiff sent RSD's counsel, Mr. Camalier repeatedly answered that he could

not "recall" why the letter included certain representations. Exhibit L (Plaintiff Rule 30(b)(6) deposition), at 286-91. RSD is entitled to explore the meaning and knowledge behind those letters but has been prevented from doing so by Mr. Camalier's lack of preparation on this topic or his supposed inability to "recall" the knowledge supporting the letters' representations. Because this discoverable information is unavailable from another source, the law in this Court permits deposing Mr. Bosch to obtain it. *See Carr v. Double T Diner*, 272 F.R.D. 431, 435 (D. Md. 2010).

Early in this case, the Court concluded that RSD had withheld information about the individuals who operated RSD. *See* Dkt. 151 (Memo. Op. on Summ. J.), at 19 (finding that Charles Camalier was not given information "about the principals who owned and operated RSD itself"). The Court made that conclusion ***before*** RSD had the chance to explore the credibility of Plaintiff's representations in those letters in discovery. In fact, as discovery has revealed in far more detail, Mr. Camalier had the names and contact information for "the principals who owned and operated RSD itself" within a few months of the Assignment.

Plaintiff says that it relied on RSD's letters early in the case as a "badge of fraud" and that it now has more direct evidence of fraud. Pl. Opp. at 6. However, Plaintiff has not abandoned its plan to rely on its argument that it was deceived by RSD's letters in response to Mr. Bosch's letters. *Id.* (acknowledging that RSD's responses do not "by themselves constitute actionable fraud"). Because Plaintiff contends that IWA and RSD acted with "actual intent" to deceive Plaintiff, it is a relevant consideration for the Court whether Plaintiff was deceived or whether Plaintiff actually knew some of the information it claims RSD withheld.

**III.     The potential disqualification of Mr. Bosch is not yet before the Court**

RSD is not asking that Mr. Bosch be disqualified as trial counsel in this motion and will not respond substantively to Plaintiff's arguments as to why he should not be disqualified since the record is not yet complete on this matter. Rather, RSD seeks Mr. Bosch's to determine whether a disqualification motion would be appropriate in advance of trial.

To be clear, the request to depose Mr. Bosch is not a new one. RSD raised this issue over six months ago. Dkt. 255, at 4 (RSD Mot. Quash Subpoena to R. Barron, filed 2/6/2023) ("Moreover, if the Court permits Plaintiff to depose RSD's counsel about his communications with RSD, then RSD will need to depose Mr. Bosch about the same communications to ensure that the record is complete."). RSD served Mr. Bosch with a deposition subpoena in March 2023 when he would not accept service by email.

RSD expected that Plaintiff's corporate representative would be prepared to answer questions about the letters. But then Mr. Camalier appeared for his deposition and said he could not testify fully about the letters. Thus, it was not until Mr. Camalier's testimony a few months ago that RSD discovered that Plaintiff's Rule 30(b)(6) witness was not prepared to testify completely about these letters, thus cementing the need for Mr. Bosch's deposition.

In the end, RSD should not be precluded from taking appropriate and relevant deposition testimony because Plaintiff took the risk of retaining a key witness as litigation counsel. Indeed, had RSD waited until close to trial to raise this matter, Plaintiff would no doubt claim that it was prejudiced by the delay.

RSD is not asking the Court to disqualify Mr. Bosch. What RSD is asking for is a chance to take discovery on a central issue in the case—the meaning and knowledge behind the letters that Mr. Bosch wrote for his client. This is relevant to Plaintiff's claims and not discoverable from any other source. If the Court finds that this information is relevant but still privileged, then the same ruling should apply to Mr. Barron's communications with his clients about the letters that Mr. Barron wrote to Mr. Bosch.

Dated: September 12, 2023

Respectfully submitted,

/s/ Sara E. Kropf
Sara E. Kropf (Bar No. 26818)
Rebecca Guiterman (*pro hac vice*)
Kropf Moseley PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900
sara@kmlawfirm.com
rebecca@kmlawfirm.com
*Attorney for Rock Springs Drive LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September 2023, the foregoing reply was filed and served through the court's electronic filing system on all counsel of record.

/s/ Sara E. Kropf<br>
Sara E. Kropf