**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

|  |  |  |
|---|---|---|
| ROCK SPRING PLAZA II, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-cv-01502-PJM |
| | ) | |
| INVESTORS WARRANTY OF AMERICA, LLC, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT ROCK SPRINGS DRIVE LLC'S THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF ROCK SPRING PLAZA II LLC**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure Defendant Rock Springs Drive LLC hereby requests that Plaintiff Rock Spring Plaza II LLC respond to the following requests for production within thirty (30) days after service hereof.

**DEFINITIONS**

1.      The terms used in these requests for production of documents (the "Requests") are to be construed in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Maryland.

2.      "Plaintiff" and "You" shall mean and refer to Rock Spring Plaza II, LLC, its attorneys, members, representatives, officers, employees, agents, contractors, and any other persons acting or purporting to act on behalf of Rock Spring Plaza II, LLC.

3.      "IWA" shall mean defendant Investors Warranty of America, LLC, its attorneys, members, representatives, officers, employees, agents, contractors, and any other persons acting or purporting to act on behalf of IWA.

1

4.      "Rock Springs Drive" shall refer to defendant Rock Springs Drive LLC, its attorneys, members, representatives, officers, employees, agents, contractors, and any other persons acting or purporting to act on behalf of Rock Springs Drive.

5.      "BWE" shall refer to Bellwether Enterprise Real Estate Capital LLC (BWE).

6.      "Phillips Realty Capital" shall refer to the commercial real estate finance company by this name that was acquired by BWE.

7.      "Complaint" shall refer to the Second Amended Complaint filed by Plaintiff on December 8, 2022.

8.      "Ground Lease" shall refer to that certain Amended and Restated Ground Lease Indenture entered into on November 14, 1990, between Anne Camalier, as landlord, and Rock Spring II Limited Partnership, as tenant.

9.      "Assignment" shall mean and refer to the 2017 assignment of the Ground Lease from Investors Warranty of America, LLC to Rock Springs Drive LLC.

10.      "Estoppel Agreement" shall refer to the Ground Lessor Estoppel and Non-Disturbance Agreement dated June 20, 2006, executed by Rock Spring Plaza II, LLC, Monumental Life Insurance Company and Rock Spring II Limited Partnership.

11.      "Property" shall refer to the property located at 6560 Rock Spring Drive, Bethesda, Maryland 20817.

12.      "Affiliate" means any person, company, or entity that shares any percentage of ownership with another person, company, or entity.

13.      "All" and "each" shall both be construed as all and each.

14.     "And" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all documents or information that might otherwise be construed as outside the scope of the Interrogatories.

15.     "Concerning" means concerning, relating to, referring to, describing, showing, evidencing, reflecting, containing, identifying, involving, and constituting.

16.     "Communication" means every manner of receiving or transmitting information, opinions, or thoughts, whether orally, in writing, electronically, or otherwise.  The term "Communication" includes, but is not limited to, any meeting, conversation, discussion, conference, consultation, correspondence, message, or other written, oral or electronic transmission of information whether an original, a draft, or a copy, whether stored in hard copy, electronically, or digitally, including e-mail, telexes, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, notes, or memoranda relating to written or oral communications.

17.     "Document" shall be interpreted in the broadest possible sense and shall include, but not be limited to, all documents and electronically stored information described in Federal Rule of Civil Procedure 34(a) as well as all writings of any kind whether handwritten, typed, printed, in electronic format, or otherwise produced or reproduced.  The term "Document" includes, but is not limited to, letters, memoranda, correspondence, calendars, address books, date books, diaries, facsimiles, telexes, teletypes, charts, graphs, notes, spreadsheets, schedules, PowerPoint slides, photographs, books, audio tapes, video tapes, presentations, compilations, indices, analyses, plans, e-mail, Internet material, discussion group or chat room postings, and all other electronic information or data wherever found, including information stored on network servers, local drives, diskettes, CD-ROM, back-up files, tapes, in your possession, custody or

3

control, including each non-identical copy thereof (whether different because of handwritten notes, amendments, marginal notations, enclosures, attachments, underlining, highlighting, or otherwise).

18.     "Including," "includes," and "include" are not meant to indicate any limitation whatsoever and should be read as if followed by "without limitation."

19.     "Person" or "persons" mean any natural person, partnership, corporation, firm, association, organization, business trust, joint venture, sole proprietorship, or government body, or any other public or private entity or combination thereof.

## INSTRUCTIONS

1.     Plaintiff is requested to serve upon Rock Springs Drive, in accordance with Federal Rule of Civil Procedure 34(b), a written response to each item or category of these Requests.

2.     Unless otherwise specified, the Requests are intended to cover the time period from August 31, 2015, through the date of these requests.

3.     These Requests shall be deemed continuing so as to require supplemental responses if new or different documents are obtained by Plaintiff between the time of the initial response and the time of the final judgment in this matter.

4.     If Plaintiff contends that it would be unreasonably burdensome to obtain and provide all documents called for in response to any Request, Plaintiff should:

   a) set forth all documents that are available without unreasonable burden; and

   b) describe with particularity the efforts made to secure any information the provision of which Defendant claims would be an unreasonable burden.

5.     If any document is withheld from production based on a claim of attorney-client

4

privilege or other grounds (such as the work product doctrine), provide a privilege log as required by the Federal Rules of Civil Procedure that contains the following information with respect to each document:

(a) The date of the document;
(b) The identity of the author(s) of the document;
(c) The title or position of the author(s);
(d) The recipient(s) or addressee(s) of the document, including any person designated to receive a copy, and their respective titles or positions;
(e) The nature of the privilege or other protection asserted; and
(f) A description of the subject matter of the document sufficient to enable Rock Springs Drive and/or the Court to evaluate such claim of privilege or other protection.

6.     Notwithstanding the assertion of any objection, any Document claimed to be privileged or otherwise protected from discovery that contains non-privileged material should be disclosed, with the purportedly privileged section redacted. The redacted portion should be listed on the Privilege Log provided to Rock Springs Drive.

7.     The original or a duplicate of every document claimed to be privileged or otherwise protected from discovery (in whole or in part) shall be segregated and maintained for inspection by the Court or for production to Rock Springs Drive if so ordered.

8.     Plaintiff is required to produce all the requested documents which are in their possession, custody, or control, including, but not limited to, documents in the possession, custody or control of Plaintiff's owner(s), directors, officers, and employees.

9.     Your responses must include ESI, and documents must be produced in their native format with all reasonably available metadata. If native format is unavailable, documents must be produced in another reasonably accessible format in which it was normally accessed, edited, or maintained.

10.     Responsive information contained in text messages must be produced in .xls (Microsoft Excel) or .csv format or, if .xls or .csv format is unavailable, in another text-searchable format.

11.     Plaintiff should comply with Federal Rule of Civil Procedure 34(b) by producing the requested documents as they are kept in the usual course of business or by organizing and labeling them to correspond with the categories in this request. If any document responsive to this request was maintained or kept in a file folder, binder or other storage device that was labeled (or otherwise bore any information), produce the original or a copy of such label (and such information), in a way that Rock Springs Drive can determine the content of the label (or other information) on the file folder, binder or other storage device in which each such responsive document was maintained or kept. If the documents were stored electronically, then produce information identifying the name of the electronic folder in which they were stored.

12.     If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by any reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.

13.     These Requests are continuing in nature so as to require You to amend or supplement Your answers promptly if You obtain further information in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

26.     All communications between anyone associated with, or acting on behalf of, Plaintiff and anyone at Phillips Realty Capital or BWE (a) regarding a loan from ING Life Insurance & Annuity Company related to 6560 Rock Springs Drive identified on the document bearing the bates stamp BEP2-00020-24; and (b) that are dated between August 31, 2015, and the date of these requests.

27.     All documents related to any loan associated with 6560 Rock Springs Drive that was outstanding between August 31, 2015, and the date of this subpoena. This request includes the loan identified on the document bearing the bates number BEP2-00020-24, and includes (but is not limited to) the following categories of documents:

- Loan documents including all amendments
- Loan documents identifying the collateral pledged for the loan and/or any guarantees provided as collateral for the loan
- Any loan underwriting documents
- Due diligence or other information requests from the lender and the borrower's responses to such requests
- Valuations or appraisals of collateral provided to lender
- Any notifications from the lender that it would or would not exercise the call provisions in the loan documents as referenced in the document bearing the bates stamp BEP2-00014-00016, including all documents describing the reason(s) for the lender's decision.

28.     All communications between anyone associated with, or acting on behalf of, Plaintiff and the lender for any loan associated with 6560 Rock Springs Drive dated between August 31, 2017, and the date of this subpoena. This request includes the loan identified on the document bearing the bates number BEP2-00020-24.

29.     All documents related to Plaintiff's allegation in Paragraph 49 of the Second Amended Complaint that the Assignment (1) "materially increases the burden or risk imposed on Plaintiff by the Ground Lease," (2) "materially impairs Plaintiff's chance of obtaining return

7

performance under the Ground Lease," or (3) materially "reduces the Ground Lease's value to Plaintiff."

30.     All documents related to Plaintiff's requests for "information" as alleged in Paragraph 45 of the Second Amended Complaint, and all responses by IWA or RSD to those requests.

March 15, 2023                         Respectfully submitted,

                                       /s/ Sara E. Kropf
                                       Sara E. Kropf (Bar No. 26818)
                                       KROPF MOSELEY PLLC
                                       1100 H Street NW, Suite 1220
                                       Washington, DC 20005
                                       (202) 627-6900
                                       sara@kmlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of March 2023, the foregoing discovery requests were served by electronic mail on all counsel of record.

/s/ Sara E. Kropf
Sara E. Kropf