IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

|  |  |
|---|---|
| ROCK SPRING PLAZA II, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 20-cv-01502-PJM |
| INVESTORS WARRANTY OF AMERICA, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO COMPEL
DEPOSITION TESTIMONY OF CHARLES CAMALIER, III**

Plaintiff's Response to Defendants' Motion to Compel (the "Motion") fails to establish any legitimate grounds for Mr. Camalier's refusal to answer the highly relevant and focused questions asked during his depositions.

**I.      Defendants are Entitled to Understand Plaintiff's Interest in the Property**

Defendants are entitled to understand Plaintiff's interest in the Property to understand whether Plaintiff has standing to maintain this case. "Article III of the Constitution limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *John and Jane Parents 1 v. Montgomery Cnty. Bd. of Educ.*, 78 F.4th 622. 628 (4th Cir. 2023) (citing U.S. Const. Art. III, § 2). A dispute is not a case or controversy if the plaintiff lacks standing. *Id.* (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). A plaintiff's "standing implicates a federal court's subject matter jurisdiction, meaning the issue 'cannot be waived or forfeited.'" *PEM Entities LLC v. Cnty. of Franklin*, 57 F.4th 178, 182 (4th Cir. 2023) (quoting *Virginia House of Delegates v. Bethune-Hill*, ––– U.S. ––––, 139 S. Ct. 1945, 1951 (2019)). The Court "may not issue any decision on the merits without confirming that standing exists." *PEM Entities*, 57 F. 4th at 182

(citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998)). A case becomes moot if the plaintiff loses standing during the pendency of the litigation and the Fourth Circuit has not hesitated to remand for jurisdictional discovery even when the challenge to standing is made for the first time on appeal. *Grimm v. Gloucester Cnty. Sch. Bd.*, 869 F.3d 286, 290 (4th Cir. 2017) (holding that "a crucial threshold question arises in this appeal whether 'one or both of the parties plainly lack a continuing interest' in the resolution of this case such that it has become moot" and remanding for jurisdictional discovery because "[w]hile our jurisdiction is thus questioned, the facts on which our jurisdiction could be decided are not in the record before us.") (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000)).

Here, if Plaintiff has no interest in the real property that is actually leased to RSD, then it is axiomatic that Plaintiff has no standing to maintain any of its claims, there is no case or controversy, and Plaintiff's case should be dismissed for lack of subject matter jurisdiction. Accordingly, Defendants have every right to explore in discovery what, if any, interest Plaintiff has in the Property. Furthermore, in addition to the issue of standing, Defendants also have a right to know whether Plaintiff has conveyed its interest in the Property pursuant to Section 13.1 of the Ground Lease, which states that "Landlord shall notify Tenant in writing if Landlord sells, assigns or mortgages its fee interest hereunder and shall specific in such notice the name of the new landlord hereunder or the fee mortgagee."

Plaintiff's objections during the deposition, and its ongoing objections to Defendants' inquiry into this highly material and relevant matter are improper.[1] Plaintiff has yet to present

---

[1] Given Plaintiff's ongoing refusal to explain its ownership interest in the Property, and Mr. Camalier's statement in the deposition that Plaintiff no longer owns the real property that is subject to the Ground Lease, RSD served interrogatories which pointedly asked Plaintiff to (i)

any credible argument as to why Mr. Camalier as an individual and as Plaintiff's corporate witness has refused to give straight or consistent answers in the depositions (and in response to written discovery) as to Plaintiff's ownership interest, if any, in the Property.

## II. Plaintiff Failed to Respond to the Issues Raised in the Motion

In the Motion, Defendants asked the Court to order Plaintiff to respond to questions on the following topics: (i) provisions of the Ground Lease regarding the Assignment; (ii) provisions of the Estoppel Agreement regarding the Assignment; (iii) IWA's role as a Surety; (iv) Plaintiff's objection to the Assignment; (v) evidence of impairment or damages relating to the Assignment; (vi) the identify of Jane Doe defendants; (vii) whether IWA made any false statements to Plaintiff following the Assignment; (viii) whether the Assignment created any risk to Plaintiff; and (ix) Plaintiff's interest in the Property. Plaintiff's response to the Motion fails to establish any grounds for its refusal to respond to questions asked on these topics, which are relevant to the claims and defenses in this case.

### A. An objection to the form of the question is not grounds for refusing to answer during a deposition.

Plaintiff asserts that its refusal to answer some deposition questions was proper because there were objections to the form of the questions. An objection to the form of the question, does not excuse a deponent's obligation to provide answers. Rather, it is well established that "[d]uring a deposition, questioning of the deponent proceeds at it would at trial with counsel

---

describe its ownership interest in the Property; (ii) explain if Plaintiff's ownership interest in the Property had changed since the Assignment, and if so when and how the interest had changed; and (iii) identify all persons who have an ownership interest in the Property. Plaintiff objected and would not provide any responses to questions regarding its ownership interest in the Property. *See* Pl.'s Objections to RSD's Third Set of Interrogs., attached hereto as Ex. A. Accordingly, whether Plaintiff has standing to maintain this lawsuit, and whether the Court has jurisdiction over the parties is now a primary issue in this case that requires swift resolution.

making objections on the record." *E.E.O.C. v. Freeman*, 288 F.R.D. 92, 97 (2012) (citing Fed. R. Civ. P. 30(c). The deponent is required to answer all questions subject to objections. *Id*. (citing *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977); 7B Moore's Federal Practice § 30.43 (3d ed. 1999). "Counsel may instruct a deponent not to answer a question only 'when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [to terminate or limit the deposition].'" *Id*. (citing Fed. R. Civ. P. 30(c)(2)). Thus, an objection to the form of the question, even if proper, is not grounds for refusing to answer a deposition question and Mr. Camalier should be required to answer all questions that were not answered based on an objection to form.

### B. Plaintiff did not prepare its witness.

Plaintiff argues that it spent ten hours preparing for the deposition and was therefore prepared to answer designated topics. Rule 30(b)(6) does not obligate a corporate representative to spend a particular amount of time to prepare; the entity is "'obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.'" *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 487 (D. Md. 2005) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.1996)). In *Werner-Masuda*, for example, this Court sanctioned a party who failed to properly prepare its Rule 30(b)(6) designee, explaining that the "failure to prepare him in any meaningful way, indeed in any way at all, cannot be tolerated." 390 F. Supp. 2d at 488.

Here, Plaintiff's corporate witness and its counsel admitted on the record that it did not prepare for agreed-upon topics, and in some instances topics that Plaintiff itself negotiated. *See*, *e.g*., Mot. at 9. Thus, the Court should order Plaintiff to prepare a witness (whether Mr. Camalier or someone else) to answer questions on the topics noticed by Defendants.

### C. Relevance was not the basis for the objections.

Defendants tailored their topics to relevant issues in this case, and generally focused on the factual allegations lodged by Plaintiff, the causes of action asserted, and Plaintiff's purported damages. Defendants properly noticed these topics, gave Plaintiff a chance to object to them, and met and conferred with Plaintiff about them. Plaintiff agreed to provide a witness to testify to these topics. At the deposition, and without any advance notice to Defendants, Plaintiff changed its position on these agreed upon topics and objected to them as being "outside the scope." Plaintiff now goes a step further and makes general "relevance" objections to these agreed upon topics that to which previously agreed to provide testimony. Not only are these objections too late, they are also improper and do not excuse Mr. Camalier from answering any questions during the depositions. *See Freeman*, 288 F.R.D. at 97.

Plaintiff cannot rely on the February 16, 2023 Order as its basis for refusing to answer questions regarding Plaintiff's post-Assignment dealing with its lender. Plaintiff has alleged that it was materially impaired by the Assignment; this allegation is the basis of Plaintiff's "Wrongful, Invalid Assignment" cause of action. *See* Dkt. 196, 2d Am. Compl. ¶ 49. Defendants are therefore entitled to explore in discovery how Plaintiff was impaired and whether the Assignment had any material impact on any of Plaintiff's loan obligations, including whether Plaintiff advised any lender of the Assignment. This is especially true considering that if, as Plaintiff alleges, the Property was the subject of a fraudulent conveyance, then certain notice and default provisions under the loan documents that were in play in 2017 would have been

triggered.[2] This topic was not limited by any prior order from the Court, yet Plaintiff refused to answer questions about it.

### D. Defendants did not ask questions seeking legal conclusions.

Plaintiff seeks to avoid responding to questions based on an objection that Defendants were seeking legal conclusions.[3] Asking a party about its understanding of a key contract provision is not asking a witness to reach a legal conclusion. Defendants are entitled to inquire as to Plaintiff's understanding and interpretation of the contracts that govern the dispute between them and a right not be surprised at trial as to Plaintiff's understanding of them. The questions asked by RSD's counsel were not purely legal in nature, but instead related to the application of fact to law. For example, Defendants focused the deposition questions on the allegations lodged by Plaintiff in its Amended Complaint, or the known or suspected elements of Plaintiff's fraudulent conveyance or "wrongful, invalid assignment" claim, or purported damages, including as it relates to any impairment. The latter purported contract-based cause of action has never existed in Maryland or in any other jurisdiction, and Defendants are allowed to ask questions on what evidence exists to support this novel theory. The questions relating to the contracts were also directly relevant to the demands and allegations in Plaintiff's multiple pre-litigation letters that assert that the Assignment was not lawful and that RSD was obligated to provide Plaintiff

---

[2] Plaintiff's Response is tantamount to a shell game. Plaintiff argues that Defendants were seeking information about the loan that existed in 2006 that resulted in IWA's foreclosure on the Property in 2012. What RSD's counsel asked about was the loan that Plaintiff had taken out and that was in effect in 2017 and later. The real property that is leased to RSD was the collateral for Plaintiff's loan.

[3] Also without merit is Plaintiff's position that it should be able to avoid questions about the Ground Lease and the Estoppel Agreement because they are "ancient history." These are the contracts that create the leasehold estate at issue, and there are 67 years left in the Ground Lease. Neither document is "ancient history," and the negotiation of these documents and the election of certain provisions remains highly relevant.

with certain information and undertake certain actions. If the Court intends to credit Plaintiff's letters as true, then Defendants are entitled to question Plaintiff on what formed the basis of those letters, including as to any contract provisions.

Furthermore, Mr. Camalier himself negotiated the Ground Lease and Estoppel Agreement, and IWA and then RSD only became subject to the terms of these contracts by virtue of a foreclosure. Defendants are entitled to understand Plaintiff's, and specifically Mr. Camalier's decisions to include certain provisions in these agreements. Such provisions include an advance assent to the Assignment that Plaintiff is now seeking to invalidate.

Finally, whether IWA objected to written discovery to unrelated questions based on a defense that the written request called for a legal conclusion does not excuse Plaintiff from responding to questions asked by RSD's counsel in a deposition. Nevertheless, IWA has not, as Plaintiff alleges, avoided responding to questions about the Ground Lease and Estoppel Agreement.[4] IWA's corporate representative responded to multiple questions about both the rights and obligations established by both the Ground Lease and the Estoppel Agreement during the IWA's 30(b)(6) deposition. *See, e.g*. IWA Dep. 124:3-126:21, March 16, 2023, attached hereto as Ex. B. Notably, Mr. Camalier also was willing to testify about contract provisions, so long as he felt that such provisions benefited Plaintiff's case.

---

[4] Even had IWA refused to answer questions about contract provisions based on an objection that the questions called for a legal conclusion, that would not excuse Plaintiff from responding to deposition questions. Nevertheless, IWA disputes Plaintiff's characterization of its objection to any document requests, and if Plaintiff contends that any objection by IWA is improper, the appropriate response is for Plaintiff to seek relief from the Court.

**III.     Plaintiff Did Not Dispute That Defendants Are Now Entitled to Responses to Questions That Plaintiff Stated It Could Not Answer Until the Close of Discovery**

During the deposition, Plaintiff refused to provide full responses to a number of questions because discovery was still ongoing. Topics that Mr. Camalier testified that it could not address until the close of discovery included evidence of impairment or damages relating to the Assignment; the identify of Jane Doe defendants; whether IWA made any false statements to Plaintiff following the Assignment; evidence of fraud; and whether the Assignment created any risk to Plaintiff. Discovery has now closed and Defendants are now entitled to responses to these questions. Mr. Camalier should be ordered to appear for a second deposition to answer questions on these topics.[5]

**IV.     If Plaintiff is Going to Argue IWA is Either a Surety or Guarantor of the Ground Lease, Then Defendants are Entitled to Discovery on That Issue**

Plaintiff agreed that it would offer a witness to "testify on Plaintiff's behalf regarding IWA's undertaking that it would not be released from its contractual obligations under the Ground Lease." Mot. Ex. C at 7. At the depositions, Mr. Camalier then refused to respond to questions on this topic, essentially taking the position that since it was the Court that posited the "incautious" position that IWA is either a surety or guarantor of the Ground Lease, that it is not obligated to respond to any questions on this topic. If Plaintiff is not going to argue that IWA is either a surety or a guarantor, or that IWA is otherwise responsible for RSDs performance under the Ground Lease, then Defendants do not need to question Plaintiff on this topic. However, if Plaintiff contends that IWA remains somehow responsible for RSD's performance under the

---

[5] There are also multiple interrogatories that IWA served in 2021 that Plaintiff has refused to answer and stated even recently that it would answer them at the close of discovery. Plaintiff has not answered those interrogatories, and IWA should be permitted to file a motion to compel asking that the Court order responses to those questions.

Ground Lease (even under what Plaintiff has stated is a "generic" surety or guaranty theory), then Plaintiff must answer Defendants' questions on the agreed upon topic.

## V. Defendants Motion is Timely

Finally, Defendants did not wait six months before seeking to obtain answers from Mr. Camalier, and Defendants attempted to resolve this matter without having to file a motion. Depositions concluded in April 2023, RSD's counsel put her concerns on the record during the deposition, and IWA's counsel sent letters to Plaintiff's counsel on June 29, 2023, and August 9, 2023, detailing Defendants' concerns. Defendants also held meet and confers on June 29, 2023 and August 28, 2023.

## VI. Conclusion

For the reasons set forth in the Motion and for the reasons set forth herein, Defendants respectfully request that the Court grant the Motion and continue Mr. Camalier's Individual Deposition and 30(b)(6) Deposition, and that the Court order the Plaintiff to pay all costs and fees attributable to the bringing the Motion and resumption of the deposition.

Dated: September 23, 2023                                   Respectfully submitted,

/s/*Rebecca A. Davis*                                       /s/*Sara E. Kropf*
Rebecca A. Davis, Bar No. 23183                             Sara E. Kropf (Bar No. 26818)
ARNALL GOLDEN GREGORY LLP                                   Kropf Moseley PLLC
171 17TH Street NW, Suite 2100                              1100 H Street NW, Suite 1220
Atlanta, Georgia 30363                                      Washington, DC 20005
rebecca.davis@agg.com                                       sara@kmlawfirm.com
(404) 873-8768                                              (202) 627-6900


*Counsel for Investors Warranty of*                         *Attorney for Rock Springs Drive LLC*
*America, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**(Greenbelt Division)**

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC,<br>    Plaintiff,<br><br>    v.<br>INVESTORS WARRANTY OF AMERICA,<br>LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 20-cv-01502-PJM<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2023, I electronically filed the foregoing Reply in Support of Defendants' Joint Motion to Compel Deposition Testimony of Charles Camalier, III via the Court's CM/ECF system, which will automatically provide electronic service copies to all counsel of record.

Respectfully submitted,

*/s/Rebecca A. Davis*
Rebecca A. Davis, Bar No. 23183