IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **ROCK SPRING PLAZA II, LLC,** | |
| Plaintiff, | |
| v. | Civil No. **20-1502 PJM** |
| **INVESTORS WARRANTY OF AMERICA, LLC,** *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

As previewed in the Court's prior Order (ECF No. 366), the parties filed a flurry of motions related to discovery shortly before (and some after) the deadline for the close of discovery on September 1, 2023.

These motions include: Defendant Rock Spring Drive LLC ("RSD")'s Motion for Leave to Take Deposition of William Bosch (ECF No. 343); Defendants Investors Warranty of America, LLC ("IWA") and RSD's Joint Motion to Compel Deposition Testimony of Charles Camalier, III (ECF No. 347); RSD's Motion to Compel Non-Party Anne Camalier's Deposition (ECF No. 348) (and Rock Spring Plaza II, LLC ("Plaza")'s Motion to Quash the Deposition of Anne D. Camalier (ECF No. 362)); RSD's Motion for Leave to File Amended Affirmative Defenses to Plaza's Second Amended Complaint (ECF No. 349); Plaza's Motion to Compel RSD to Produce Its 2022 and 2023 Financial Statements (ECF No. 354); RSD's Motion for Leave to File a Sur-reply to ECF No. 354-3 (ECF No. 361); Plaza's Motion to Compel IWA to Produce Documents Regarding Its Consolidation Analysis (ECF No. 355); and IWA's Motion

1

for Leave to File a Sur-reply to ECF No. 355-3 (ECF No. 365). Each of these motions is fully briefed, and the Court finds it unnecessary to hold a hearing on any of them. *See* D. Md. Local R. 105.6.

I.

Unfortunately, this case is in many ways undisciplined. Instead of proceeding on a reasonably tight schedule, with discovery, dispositive motions, and preparations for trial taking place in accordance with the Court's original Scheduling Order (ECF No. 31) and as contemplated by the Federal Rules of Civil Procedure and the Court's Local Rules, the case seems to go on and on. Discovery, for instance, has been extended—multiple times—and has now finally closed after more than two years.

Despite these extensions—and the Court's prior expressions of concern about some of counsel's conduct during discovery (*see, e.g.*, ECF Nos. 320, 366)—the parties' present motions suggest that they wish to continue probing the other side's documents and legal arguments, with no clear end in sight. Moreover, some of the motions seek information that, frankly, either concerns events that (for purposes of this litigation) occurred at the dawn of time (e.g., ECF No. 348) or relate to activities that took place many years after the events in question, such as financial statements for 2022 and 2023 (e.g., ECF No. 354). The time for such exploration is over.[1] For the reasons that follow, the Court will **DENY** all of these recently filed motions, except for Plaza's Motion to Quash the Deposition of Anne D. Camalier, which it will **GRANT**.

---

[1] The Court closes the door on any further discovery, except for any additional discovery that may be appropriate following the Fourth Circuit's resolution of IWA's petition for mandamus regarding the Court's Opinion and Order on certain documents that the Court found fall within the crime-fraud exception to the attorney-client privilege.

II.

In its Motion for Leave to Take Deposition of William Bosch (ECF No. 343), RSD seeks to depose Plaza's lead litigation counsel. RSD contends that it has discovered documents suggesting that Mr. Bosch (and Plaza) were aware of RSD's identity and who its principals were before commencing this litigation. ECF No. 343 at 5. This discovery, according to RSD, entitles it to inquire further into the topic because such evidence would undermine Plaza's claim that IWA and RSD collectively obscured RSD's identity and the names of its principals in order to obfuscate the allegedly fraudulent transfer of IWA's lease to RSD. *Id.* Plus, argues RSD, the Court previously found that communications between RSD and its counsel were not privileged and permitted a deposition of RSD's counsel, so it is only fair that Mr. Bosch be deposed as well. *Id.* at 7 n.2. Finally, RSD argues that Mr. Bosch's deposition is necessary so that RSD can evaluate whether to bring a motion to disqualify him from representing Plaza. *Id.* at 8; ECF No. 356 at 4.

The Court is unpersuaded. Although courts sometimes permit the deposition of litigation counsel, *see, e.g.*, *United States v. Newman*, 531 F. Supp. 3d 181, 193 (D.D.C. 2021), such measures are disfavored. *See, e.g.*, *BB&T Corp. v. United States*, 233 F.R.D. 447, 449-50 (M.D.N.C. 2006); *Carr v. Diner*, 272 F.R.D. 431, 435 (D. Md. 2010). Depositions of litigation counsel may be appropriate where, for example, counsel is a necessary witness and the information to be discovered through deposition is not available from any other source. *See Carr*, 272 F.R.D. 435.

That is not the case here. RSD itself suggests that it already possesses evidence showing the falsity of Plaza's allegations that IWA and RSD engaged in obstructive conduct. *See* ECF No. 343 at 2-3 (discussing exhibits). Thus, Mr. Bosch is not the only source by which RSD can

3

obtain this information, and to the extent that RSD's evidence might undermine Plaza's claim, RSD may use that evidence in summary judgment briefing or at trial (assuming, of course, the evidence is not deemed inadmissible).

RSD's Motion is further defeated by the fact that much of the information it seeks from Bosch is likely privileged. Anticipating this obstacle, RSD questions whether Mr. Bosch was acting as Plaza's attorney when he inquired about RSD's identity and principals. *Id.* at 6. RSD presents little evidence to corroborate its suspicions. By contrast, Plaza cites the deposition testimony of RSD's own counsel, who stated that he understood Mr. Bosch, "head of litigation at a big law firm," was acting as Plaza's counsel when Mr. Bosch first contacted him. ECF No. 352 at 8. But, RSD protests, it cannot be fair for the Court to permit the deposition of *its* counsel if it does not do the same for *Plaza's* counsel. ECF 343 at 7 n.2. RSD's argument elides important distinctions between the parties and the roles of their attorneys. When the Court permitted the deposition of RSD's counsel (who, it must be noted, has never entered an appearance on RSD's behalf in this litigation), it did so because Plaza presented credible evidence that RSD's attorney acted in concert with RSD to effectuate the Assignment of the Ground Lease and then hide RSD's identity and the names of its principals from Plaza. *See* ECF No. 307.

Either of the reasons above suffices to deny RSD's Motion. Accordingly, the Court declines to address RSD's exceptional (and unsupported) argument that Mr. Bosch's testimony is necessary to evaluate whether to file a motion to disqualify him.

RSD's Motion to Take Deposition Testimony from William Bosch (ECF No. 343) will be **DENIED**.

III.

Next, IWA and RSD have filed a Joint Motion to Compel Deposition Testimony of Charles Camalier, III (ECF No. 347). Mr. Camalier has already been deposed for some ten hours over two days. Defendants claim that Mr. Camalier must be deposed yet again because he was instructed not to answer certain of their questions during the first go-round. ECF No. 347 at 10-11. Specifically, Defendants claim that Plaza's counsel made inappropriate objections based on the form and relevance of defense counsel's questions (i.e., objecting because the questions allegedly called for legal conclusions or exceeded the bounds of discovery as set by the Court during its February 16, 2023 hearing). *Id.* at 11-18.

Under Rule 30, a party seeking to depose a person must first obtain leave of court "if the parties have not stipulated to the deposition." Fed. R. Civ. P. 30(a)(2). Depositions, like all forms of discovery, are limited by the principles of relevance and proportionality. *See* Fed. R. Civ. P. 26(b)(1). In assessing proportionality, a court considers, among other things, whether the discovery is "unreasonably cumulative or duplicative," "the party seeking discovery had ample opportunity to obtain the information by discovery in the action," or the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

A further deposition of Mr. Camalier would not be proportional to the needs of this case. Defendants have had ample opportunity to depose him in both his individual capacity and as Plaza's corporate representative under Rule 30(b)(6) over the course of two days. ECF No. 347 at 4. In their Motion, Defendants suggest that they seek to revisit much of the same ground covered in Mr. Camalier's earlier deposition, leading the Court to conclude that a further deposition would be unreasonably cumulative or duplicative. *Id.* at 10-18. And to the extent that Defendants believe that they were frustrated by inappropriate objections from Plaza's counsel,

5

they could have pursued the information they sought by other means. Most obviously, when confronted with an objection that a question called for a legal conclusion, they could have reframed their questions in order to probe specific facts known by Mr. Camalier. If that was not possible, they could have propounded interrogatories to Plaza to obtain responses. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."). Or Defendants might have brought their present Motion or a separate motion to compel sooner. As far as the Court can tell, Defendants pursued none of these options. Instead, they filed their Motion more than six months after Mr. Camalier's deposition, with only three days remaining before the close of discovery. *See* ECF No. 347. This is a far cry from the diligence required by the Federal Rules to show entitlement to discovery. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery if it determines that . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.").

The Court will **DENY** IWA and RSD's Joint Motion to Compel Deposition Testimony of Charles Camalier, III (ECF No. 347).

IV.

RSD has also filed a Motion to Compel Non-Party Anne Camalier's Deposition (ECF No. 348). In conjunction with its opposition, Plaza has filed a Motion to Quash the Deposition of Anne D. Camalier (ECF No. 362). RSD argues that statements made by Charles Camalier during his prior depositions reveal that Ms. Camalier held decisionmaking authority during the negotiation and execution of both the Ground Lease and the Estoppel Agreement that are part of this case. ECF No. 348 at 3-4. This supposedly recent discovery of her role, argues RSD,

6

entitles it to depose her to inquire about the meaning (and her understanding) of the assignment provisions of those agreements. *Id.* at 4-5. But RSD filed its Motion to depose Ms. Camalier on August 31, 2023, the day before the close of discovery, and noticed her deposition for September 1, 2023, the deadline for discovery. *See id.* at 3.

Again, parties seeking deposition testimony must, if challenged, show that it is both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). If "a nonparty objects to a Rule 45 subpoena, it may file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A)." *Maxtena, Inc. v. Marks,* 289 F.R.D. 427, 438 (D. Md. 2012) (internal quotation marks omitted). "A subpoena must be quashed or modified when it (1) does not allow a reasonable time to respond; (2) requires a nonparty to travel more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person; (3) requires disclosure of privileged matters; or (4) subjects a person to undue burden." *Id.* (citing Fed. R. Civ. P. 45(c)(3)(A)).

Ms. Camalier is ninety-three years old. *See* ECF No. 359-1. She has filed a sworn declaration stating that she does not possess any specific recollections about the negotiation process of either the Ground Lease (which was executed in 1990, over thirty years ago) or the Estoppel Agreement (executed in 2006). *See* ECF No. 359-2. RSD contends that, nonetheless, it should be permitted to "test" Ms. Camalier's lack of recollection by live deposition rather than accepting a self-serving declaration. ECF No. 371 at 1-2. Besides, RSD suggests, if Ms. Camalier truly does not remember the events surrounding the two agreements, she can simply say as much at her deposition, which, given her lack of memory, would likely be brief. *Id.* The Court finds no need for such a procedural dance.

7

As noted, RSD filed its Motion to compel Ms. Camalier's deposition the day before the close of discovery and requested that the deposition be set for the next day, September 1, 2023. The Court cannot imagine a more quintessential example of a subpoena for a deposition that "does not allow a reasonable time to respond." *Maxtena*, 289 F.R.D. at 438. The proposed single-day notice for a deposition alone provides sufficient grounds for the Court to deny the Motion. Accordingly, the Court declines to address the parties' arguments as to whether a deposition poses such a health risk to Ms. Camalier as to constitute an "undue burden" for purposes of halting a deposition under Rule 45.[2] As well, the Court need not reach the question of whether the proposed deposition of a ninety-three-year-old woman who claims no recollection of events amounts to harassment.

The Court will **DENY** RSD's Motion to Compel Non-Party Anne Camalier's Deposition (ECF No. 348), and for the same reasons **GRANT** Plaza's Motion to Quash the Deposition of Anne D. Camalier (ECF No. 362).

V.

RSD has filed a Motion for Leave to File Amended Affirmative Defenses to Plaza's Second Amended Complaint (ECF No. 349). RSD claims that the proposed amendments do not add any new affirmative defenses but instead "augment" and "clarify" the scope of its already-pled defenses. ECF No. 349 at 3; ECF No. 370 at 1. RSD's Motion arrives long past the deadline for filing amended pleadings set by the Court's Scheduling Order. ECF No. 31. This Motion is at best superfluous, since no new affirmative defenses are requested, merely an opportunity to flesh out affirmative defenses already pled.

---

[2] Although the Court disposes of RSD's Motion on timeliness grounds, the Court notes that it has previously expressed skepticism about what import, if any, the "ancient history" that RSD seeks to excavate through a deposition of Ms. Camalier has on the issues presented in this case. *See* Hr'g Tr. 150:23, ECF No. 283 (Feb. 16, 2023 Hearing).

8

But motions to amend are typically analyzed under Rule 15. But when a party seeks to amend a pleading "after expiration of a deadline set in a scheduling order," the "good cause" requirement of Rule 16(b)(4) is implicated. *Hunt Valley Baptist Church, Inc. v. Baltimore County, Maryland et al.*, Case No. ELH-17-804, 2019 U.S. Dist. LEXIS 119540, at *3 (D. Md. 2019). Under Rule 16(b)(4), "a schedule may be modified only for good cause and the judge's consent." Thus, to resolve a motion to amend a pleading after scheduling order's deadline to do so has expired, a court must first determine if the movant has met the "good cause" standard of Rule 16(b)(4) before analyzing the motion under Rule 15(a). *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

RSD makes no attempt to show good cause for why the Court should excuse its delay in seeking to amend. *See* ECF No. 349; ECF No. 370. Instead, RSD claims that "[n]o case has ever applied the 'good cause' standard to deny a motion to amend where, as here, a party seeks to clarify the scope of an already-pleaded affirmative defense." ECF No. 370 at 1. But the Fourth Circuit's decision in *Nourison Rug Corp.* is not so limited as to carve out a distinction between amendments seeking to add new affirmative defenses and those that seek to "clarify the scope" of already-pled defenses. *See* 535 F.2d at 298. In resolving the "tension" between Rule 16's good cause standard and the liberality towards amendment normally permitted under Rule 15, the Fourth Circuit has observed that "[g]iven their heavy case loads, district courts require the effective case management tools provided by Rule 16." *Id.* The court then held, consistent with its sister circuits, that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Id.* (collecting cases).

9

The Court entered a Scheduling Order setting the deadline for amended pleadings at January 15, 2021. ECF No. 31. RSD now seeks to amend its affirmative defenses more than two years after that deadline, and it disputes the appropriate legal standard, instead of doing what is required of it at this time—to show good cause to justify its delay. Since RSD's Motion fails under Rule 16, the Court does not have to address in detail the parties' disputes as to whether RSD's proposed amendments are futile, an inquiry under Rule 15. *See Nourisan Rug Corp.*, 535 at 298.

RSD's Motion for Leave to File Amended Affirmative Defenses to the Second Amended Complaint (ECF No. 349) will be **DENIED**.

VI.

Plaza has filed a Motion to Compel RSD to Produce Its 2022 and 2023 Financial Statements (ECF No. 354-1). Plaza has also filed a Motion to Compel IWA to Produce Documents Regarding Its Consolidation Analysis (ECF No. 355-1). Both of Plaza's motions were filed on September 12, 2023, eleven days after the close of discovery.

As explained, the Court has (repeatedly) extended the deadline for discovery, setting September 1, 2023 as the latest deadline. ECF No. 320. As noted in its original Scheduling Order, ECF No. 31, deadlines set by the Court are be followed, and were not to be modified except upon a showing of good cause, in line with the principles of Rule 16(b)(4). Plaza has not shown good cause to modify the Court's discovery deadline to permit the production of new documents from RSD and IWA. Accordingly, both Plaza's Motion Compel RSD to Produce Its 2022 and 2023 Financial Statements (ECF No. 354-1) and Plaza's Motion to Compel IWA to Produce Documents Regarding Its Consolidation Analysis (ECF No. 355-1) will be **DENIED**.

RSD's Motion for Leave to File a Sur-reply to ECF No. 354-4 (ECF No. 361) and IWA's Motion for Leave to File a Sur-reply to ECF No. 355-3 (ECF No. 365) will be **DENIED** as moot.

### VII.

In sum, for the foregoing reasons, the Court **ORDERS** that:

1. RSD's Motion for Leave to Take Deposition of William Bosch (ECF No. 343) is **DENIED**;

2. Defendants' Joint Motion to Compel Deposition Testimony of Charles Camalier, III (ECF No. 347) is **DENIED**;

3. RSD's Motion to Compel Deposition of Non-Party Anne Camalier (ECF No. 348) is **DENIED**;

4. RSD's Motion for Leave to File Amended Affirmative Defenses to Plaza's Second Amended Complaint (ECF No. 349) is **DENIED**;

5. Plaza's Motion to Compel RSD to Produce Its 2022 and 2023 Financial Statements (ECF No. 354-1) is **DENIED**;

6. Plaza's Motion to Compel IWA to Produce Documents Regarding Its Consolidation Analysis (ECF No. 355-1) is **DENIED**;

7. RSD's Motion for Leave to File a Sur-Reply to ECF No. 354-3 (ECF No. 361) is **DENIED** as moot;

8. Plaza's Motion to Quash Deposition of Anne D. Camalier (ECF No. 362) is **GRANTED**; and

9. IWA's Motion for Leave to File Sur-Reply to ECF No. 355-3 (ECF No. 365) is **DENIED** as moot.

A separate Order will **ISSUE**.

November 2, 2023

_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**