IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC<br><br>        Plaintiff,<br><br>v.<br><br>INVESTORS WARRANTY OF AMERICA, LLC, et al.,<br>        Defendants. | Civil Action No. 8:20-cv-01502-PJM |

**PLAINTIFF'S MOTION TO UNSEAL CRIME-FRAUD INFORMATION**

Plaintiff Rock Spring Plaza II, LLC ("Plaza"), by counsel and pursuant to this Court's instruction in its February 22, 2024, Memorandum (ECF No. 389[1]), moves to unseal "all information supplied to or generated by the district court relating to [Defendant Investors Warranty of America, LLC's] privileged documents," as directed by the Fourth Circuit's February 21, 2024, Order (Dkt. No. 34[2]).

## I. INTRODUCTION

On August 17, 2023, this Court issued a sealed memorandum opinion (ECF No. 339) (the "Memorandum Opinion") along with a public order (ECF No. 340) (the "Production Order") and a public memorandum (ECF No. 341) directing Defendant Investors Warranty of America, LLC ("IWA") to produce to Plaza three documents on its privilege log that satisfy "the 'fraud' prong of the crime-fraud exception to the attorney-client privilege" (ECF No. 341).

---

[1] Citations in the form "ECF No.___" are citations to this Court's docket.
[2] Citations in the form "Dkt. No.___" are citations to the Fourth Circuit's docket for In re: Investors Warranty of America, LLC (23-1928), attached hereto as **Exhibit A.**

In response, on September 6, 2023, IWA filed a Petition for Writ of Mandamus with the Fourth Circuit Court of Appeals (Dkt. No. 3) (the "Petition"), *ex parte* and under seal, requesting the following relief:

> [A] writ of mandamus (i) directing the district court to vacate its Production Order, and maintain under seal all information supplied to or generated by the district court relating to IWA's privileged documents, and (ii) to reassign the case upon remand.

Pet. at 4-5. IWA did not file a redacted version of its Petition and refused to serve Plaza with its Petition or the Court's sealed Memorandum Opinion.

On November 21, 2023, the Fourth Circuit issued an order directing Plaza to file an answer to IWA's Petition. Dkt. No. 15. In response, Plaza filed a motion seeking access to the Petition and underlying documents (Mot. to Extend, Dkt. No. 19 (Nov. 30, 2023)). On December 7, 2023, the Fourth Circuit granted Plaza's motion and ordered IWA to serve Plaza with the Petition and the Memorandum Opinion. Dkt. No. 23. The next day, IWA filed a motion for clarification stating that it would serve only a redacted version of the Memorandum Opinion (Dkt. No. 24 (Dec. 8, 2023)), which it did on December 12, 2023. On December 18, 2023, the Fourth Circuit denied IWA's motion for clarification (Order, Dkt. No. 25 (Dec. 18, 2023)) and, on that same day, IWA served Plaza with the unredacted version of the Memorandum Opinion.

Plaza submitted its opposition to IWA's Petition on January 11, 2024 (Dkt. No. 27). IWA then submitted a motion for leave to file a reply brief with its reply brief attached (Dkt. No. 32 (Jan. 16, 2024)) and Plaza opposed the motion (Dkt. No. 33 (Jan. 17, 2024)).

On February 21, 2024, the Fourth Circuit issued an order (Dkt. No. 34) (the "Fourth Circuit Order") granting in part and denying in part the Petition, stating:

> The court directs the district court to vacate its Production Order and denies petitioner's request for an order directing the district court to maintain certain information under seal and to reassign the case upon remand.

Fourth Circuit Order at 1.

On February 22, 2024, this Court held a telephone conference "to discuss the consequences" of the Fourth Circuit Order and directed Plaza to file a motion addressing "what 'certain information,' if any, the Court may or may not unseal as a result of the Fourth Circuit's decision, and whether Plaza may use as evidence any such information or information contained in the Court's Memorandum Opinion and Order addressing the crime-fraud issue." Mem., ECF No. 389.

In accordance with the Fourth Circuit Order denying IWA's request "for an order directing the district court to maintain certain information under seal," the Court should unseal "all information supplied to or generated by the district court relating to IWA's privileged documents" (Pet. at 4-5) and make such information available for use by Plaza.

## II.    ARGUMENT

### A.    The Fourth Circuit Denied IWA's Petition Seeking to Maintain *All Information* Under Seal

In its Petition, IWA requested the Fourth Circuit to direct this Court to "maintain under seal *all information* supplied to or generated by the district court relating to IWA's privileged documents." Pet. at 4-5 (emphasis added). This information necessarily includes: (1) the Memorandum Opinion, which was under seal when IWA filed its Petition; (2) the "eight-page single-spaced letter" IWA filed *ex parte* on March 13, 2023 (Sealed Resp., ECF No. 289) (the "March 13th Letter") in response to "the Court's tentative view" that three documents on IWA's privilege log reviewed *in camera* "might be relevant to Plaintiff's fraud theory," as referenced in the Court's March 15, 2023, Memorandum (ECF No. 290); and (3) the transcript of the June 20, 2023, *ex parte* hearing (the "June 20th Hearing Transcript") referenced in the Court's Memorandum Opinion (Mem. Op. at 5) (collectively, the "District Court Materials").

3

The Fourth Circuit expressly denied IWA's request to keep the District Court Materials under seal. Fourth Circuit Order at 1. Facing an Order and Judgment from the Fourth Circuit, this Court has recognized that it must "'implement both the letter and the spirit of the mandate,' considering both the appellate court's opinion and 'the circumstances it embraces.'" *Interstate Fire & Cas. Co. v. Dimensions Assurance Ltd.*, No. GJH-13-3908, 2017 WL 3142764, at *2 (D. Md. July 21, 2017) (citing *S. Atl. Ltd. P'ship of Tennessee, LP v. Riese,* 356 F.3d 576, 584 (4th Cir. 2004)). Although the Fourth Circuit Order does not explain the reasons for the Circuit's decision, the most appropriate approach now is to apply the plain meaning of the Fourth Circuit's ruling. The "certain information" that IWA asked the Fourth Circuit to maintain under seal (and keep unavailable to Plaza) is what IWA said it is in its Petition: "all information supplied to or generated by the district court *relating* to IWA's privileged documents." Pet. at 4-5 (emphasis added). This information necessarily includes the District Court Materials.

1. **The Memorandum Opinion Should No Longer Be Under Seal**

Although IWA's Counsel is skeptical as to whether "the Fourth Circuit thought through what it was asking [IWA] to produce" (Feb. 22, 2024 Tel. Conf. Tr., 9:13-15, ECF 390), there is no question that the Fourth Circuit rejected IWA's efforts to keep the Memorandum Opinion under seal and unavailable to Plaza. Indeed, the Fourth Circuit ordered (Dkt. No. 23) IWA to produce an unredacted version of the Memorandum Opinion to Plaza after a full set of briefing on Plaza's motion to extend (Dkt. No. 19-22). The Fourth Circuit then reaffirmed that decision (Order, Dkt. No. 25) after IWA served a redacted version and moved for clarification (Dkt. No. 24).

The Fourth Circuit had before it the Memorandum Opinion, which includes "references and excerpts of [IWA's] privileged communications" (Pet'r Resp. at 2, Dkt. No. 20) and,

nevertheless, determined that Plaza was entitled to it. The Memorandum Order not only is what the Fourth Circuit ordered IWA to produce to Plaza, but also is among the District Court Materials that the Fourth Circuit expressly concluded should not remain under seal.

By contrast, the Production Order, which is the only ruling this Court made that was vacated by the Fourth Circuit, by its terms is limited. The Production Order is what required IWA to produce the three privileged documents this Court held were subject to the crime-fraud exception, and outlined the ramifications that might arise if IWA failed to timely produce those documents. Importantly, that Production Order did not encompass this Court's ruling (or its reasoning) pertaining to whether the crime-fraud exception applies; that ruling is in the Memorandum Opinion.

In granting IWA's request to vacate this Court's Production Order, the Fourth Circuit did not claw back the unredacted Memorandum Opinion or remand this case with instructions restricting its use. The Fourth Circuit also denied IWA's request to reassign the case, further suggesting that this Court's review of a set of IWA's privileged communications *in camera* and the findings encompassed in its Memorandum Order do not constitute prejudicial error that require reassignment. Instead, the Fourth Circuit *denied* IWA's request to keep under seal "all information" *related* to this Court's evaluation of the crime-fraud exception's application to IWA's privileged documents. A plain reading of the Fourth Circuit Order supports the conclusion that the Memorandum Opinion and its contents not only are available to Plaza, but also constitute the law of the case, which may be used in connection with deciding Plaza's claims.

### 2. The March 13th Letter Should No Longer Be Under Seal

The Fourth Circuit's ruling also requires that the March 13th Letter be unsealed so that the legal arguments advanced by IWA may be properly considered when this Court's final judgment ultimately is reviewed by the Fourth Circuit on appeal. As this Court no doubt recalls, IWA was invited to submit its *ex parte* view concerning the three documents the Court preliminarily determined may be subject to the crime-fraud exception. Instead of addressing those documents substantively, in its March 13th Letter to the Court, "IWA's counsel devoted only a small section of their submission to the actual documents the Court determined might be relevant. The vast bulk of the submission was, and is, exclusively legal in nature." Mem. Order at 1-2, ECF No. 290. Plaza is entitled to know what those legal arguments were.

### 3. The June 20th Hearing Transcript Should No Longer Be Under Seal

There also is no basis under the Fourth Circuit Order for the June 20th Hearing Transcript to remain under seal, as that transcript also is "information supplied to or generated by the district court *relating* to IWA's privileged documents." Pet. at 4-5. Here again, Plaza is entitled to understand the context for the Court's Memorandum Opinion, including its discussion of the circumstances surrounding the legal advice on how to execute IWA's exit strategy by assigning the ground lease to a newly formed entity and then waiting for the statute of limitations to run before defaulting. The scheme the Court outlined in its Memorandum Opinion is precisely the fraudulent scheme that Plaza has been alleging IWA implemented since this case commenced more than three years ago. The Fourth Circuit, again, rejected IWA's Petition to keep under seal the information supplied to or generated by this Court relating to IWA's privileged documents, which encompasses the June 20th Hearing Transcript. If the Fourth Circuit intended this information to not be available to Plaza for use at trial, it would have said so. Instead, its ruling

expressly *rejected* IWA's efforts to keep these materials under seal, which is what this Court should honor in accordance with the Fourth Circuit Order.

      **B.    All Unsealed Information Should Be Available for Plaza's Use on Summary Judgment and at Trial**

It is premature for Plaza to contemplate how the "information supplied to or generated by the district court relating to IWA's privileged documents" (Pet. at 4-5) may be used. The only piece of the sealed District Court Materials that Plaza has seen thus far is the Memorandum Opinion, which the Fourth Circuit expressly ordered IWA to disclose. When addressing summary judgment, the Court could use the Memorandum Opinion to identify "material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). Regarding the March 13th Letter and the June 20th Hearing Transcript, Plaza has not seen the documents and therefore cannot yet address how those materials may be used.

The Court should recall how many times IWA's counsel already has misrepresented that the assignment of the ground lease was done in the ordinary course and in good faith, without any contemplation of defaulting once the statute of limitations on a fraudulent conveyance claim had run. *See e.g.* Def. Mot. to Dismiss at 17, June 29, 2020, ECF No. 13 ("Landlord's sole basis for asserting a fraudulent conveyance claim is speculation that Tenant is a 'sham entity' that IWA may in the future use as an instrumentality to evade financial obligations under the Ground Lease."); Def. Br. at 2, Mar. 27, 2023, ECF No. 294 ("[T]here has never been any fraudulent scheme by IWA, and moreover IWA has never hidden why it made the Assignment"); Def. Reply at 16, Ap. 25, 2023, ECF No. 312 ("The three-year statute of limitations had no bearing on the formation of RSD, nor has it had any relevance to RSD's ownership of the Property"). The evidence is now overwhelmingly to the contrary, and not just from the information reflected in

the Memorandum Opinion. At this juncture, however, Plaza asks only that the Court unseal the District Court Materials, as directed by the Fourth Circuit Order.

## III. CONCLUSION

For the foregoing reasons, Plaza requests that the Court follow the Fourth Circuit Order and unseal "all information supplied to or generated by the district court relating to IWA's privileged documents," including the Memorandum Order, the March 13th Letter, and the June 20th Hearing Transcript.

| | |
|---|---|
| Dated: March 4, 2024 | Respectfully submitted,<br>*/s/ William M. Bosch*<br>William M. Bosch<br>Anthony Cavanaugh<br>Alvin Dunn<br>Katherine Danial<br>Nicole Steinberg<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1200 Seventeenth Street NW<br>Washington, DC 20036<br>Telephone: 202-663-8000<br>Facsimile: 202-663-8007<br>william.bosch@pillsburylaw.com<br>anthony.cavanaugh@pillsburylaw.com<br>alvin.dunn@pillsburylaw.com<br>katherine.danial@pillsburylaw.com<br>nicole.steinberg@pillsburylaw.com<br><br>*Counsel for Plaintiff Rock Spring Plaza II, LLC* |

## CERTIFICATE OF SERVICE

      I hereby certify that on March 4, 2024, the foregoing Motion to Unseal Crime-Fraud Information was served by electronic filing on all counsel of record through the Court's electronic filing system.

/s/ *Nicole Steinberg*
Nicole Steinberg
