**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

### MEMORANDUM ORDER

TO:        Counsel of Record

FROM:    Judge Peter J. Messitte

RE:        Rock Spring Plaza II, LLC v. Investors Warranty of Am., LLC, et al.
            No. 20-cv-1502

DATE:    May _l_, 2024

\* \* \*

On February 21, 2024, the U.S. Court of Appeals for the Fourth Circuit granted in part and denied in part a petition for a writ of mandamus filed by Defendant Investors Warranty of America, LLC (IWA). In its petition, IWA requested that the Fourth Circuit vacate an Order from this Court requiring IWA to produce to Plaintiff Rock Spring Plaza II, LLC (Plaza) three documents that this Court had found to fall within the crime-fraud exception to the attorney-client privilege. IWA also asked the Fourth Circuit to issue an order directing this Court to maintain under seal all documents produced to or generated by this Court that related to the allegedly privileged documents.

Before ruling on IWA's petition, the Fourth Circuit ordered, over IWA's objection, IWA to serve on Plaza an unredacted copy of this Court's Memorandum Opinion and Order, which contained excerpts of the communications that IWA claims are privileged. *See* Doc. 23, *In re Investors Warranty of Am., LLC*, No. 23-1928 (4th Cir. Dec. 7, 2023). The Fourth Circuit then denied IWA's motion to clarify its order requiring service of the unredacted Memorandum Opinion, in which IWA argued that its claims of privilege would be jeopardized if it were made to provide Plaza an unredacted copy of this Court's Opinion and Order. *See* Doc. 25, *id.* (4th Cir. Dec. 8, 2023). The upshot of these appellate rulings is that Plaza and its counsel have now seen portions of the communications that IWA claims are privileged.

As noted, the Fourth Circuit eventually granted in part and denied in part IWA's petition. *See* Doc. 34, *id.* (4th Cir. Feb. 21, 2024). The Fourth Circuit's ruling vacated this Court's Order requiring the production of the allegedly privileged documents but denied IWA's request for an order directing this Court to maintain "certain information under seal and to reassign the case upon remand." *Id.*

In light of the Fourth Circuit's ruling, this Court invited counsel for the parties to brief the issue of what information, if any, this Court should unseal. *See* ECF No. 389.

Plaza then filed a Motion to Unseal Crime-Fraud Information (ECF No. 392), IWA filed an opposition (ECF No. 396), and Plaza replied (ECF No. 398). Plaza has also filed a Motion to Strike Defendants' Jury Demands (ECF No. 400).

Today, May 1, 2024, the Court held an on the record telephone conference with counsel for the parties.

Having considered the parties' filings with respect to both of Plaza's Motions and based on arguments made during the telephone conference, the Court makes the following rulings for the reasons stated on the record:

1. Plaza's Motion to Unseal Crime-Fraud Information (ECF No. 392) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The Court **WILL NOT** unseal any documents at this juncture;

   b. Subject to the limitation set forth below, however, the Clerk of Court (or defense counsel) **SHALL** promptly make available to Plaza's counsel (for counsel's eyes only) ECF No. 289, which is IWA's *ex parte* letter-brief opposing the Court's preliminary determination that the three documents fell within the crime-fraud exception, and the transcript of the *ex parte* hearing on June 20, 2023, at which IWA presented evidence on the issue of the crime-fraud exception;

   c. The production just mentioned **SHALL** be **STAYED** for ten (10) days from this date, within which time IWA may file a further petition for a writ of mandamus with the Fourth Circuit and, if such a petition is filed, the production order **SHALL** remain **STAYED** until such time as IWA's petition is denied or granted by the Fourth Circuit;

   d. The Court **RESERVES**, for the time being, any decision with respect to the extent to which, if at all, the contents or gist of certain communications between Defendants and their counsel may be introduced as evidence at trial. That decision will depend on the manner in which Plaza seeks to use such evidence (for example, by way of impeachment);

2. If the parties intend to submit Motions for Summary Judgment, said Motions **SHALL** be filed simultaneously in accordance with the following schedule:

   a. Motions are due ten (10) days after the ten-day window for IWA to file its petition with the Fourth Circuit has expired;

   b. Oppositions to the said Motions will be due ten (10) days thereafter; and

   c. Replies, if any, will be due ten (10) days after the deadline for oppositions.

3. Plaza's Motion to Strike Defendants' Jury Demands (ECF No. 400) is **DENIED**. The Court will submit all counts (that survive summary judgment) to the Jury. However, insofar as a claim may be more appropriate for a decision by the Court alone, as opposed

to a Jury, the Jury's verdict will be deemed advisory only.  The Court will make an appropriate decision as to which claims are for the Jury and which are for the Court following the Jury's verdict.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

_____
Peter J. Messitte
United States District Judge

CC:    Court file
       Counsel of Record

3