**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | )     Civil Action No. 20-cv-01502-PJM |
| INVESTORS WARRANTY OF AMERICA, LLC, et al., | ) |
| | ) |
| *Defendants.* | ) |

---

## DEFENDANTS' MOTION FOR A NON-ADVISORY JURY TRIAL ON COUNT I AND ALL COMMON ISSUES OF FACT

Defendants Rock Springs Drive LLC (RSD) and Investors Warranty of America LLC (IWA) both demanded a jury trial in their Answers to the Second Amended Complaint (SAC [Dkt. 196]. Over a year later, Plaintiff moved to strike Defendants' jury demand. The Court denied Plaintiff's motion, announced that it would submit "all counts" to a jury (Dkt. 405 at 2-3.), but *sua sponte* ruled that the jury's verdict on some claims may be "advisory only," and did not disclose which claims would be decided by the advisory jury. (*Id*.)

Defendants move for and continue to demand a non-advisory jury trial on Count I and as to all facts in common between Count I and the other counts. In addition, if Defendants are denied their right to a true jury trial, Defendants demand pre-trial notice of all claims that will be decided by the jury in its advisory capacity, and all claims that the Court reserves for its decisions.

## BACKGROUND

On December 8, 2022, Plaintiff filed its SAC, which included five causes of action: "Wrongful, Invalid Assignment" (Count I); Declaratory Judgment that Assignment was a Fraudulent Conveyance (Count II); Set Aside Fraudulent Conveyance (Count III); Pierce the

Corporate Veil to Enter Judgment that Landlord May Collect Rent from Tenant for the Remainder of the Lease (Count IV); and Judgment that Tenant is the Alter Ego of Assignee and Transamerica is the Alter Ego of Tenant (Count V). RSD served its Answer on December 22, 2022. [Dkt. 209.] In the Answer, RSD included in the caption a general demand for a jury, stating "Jury Trial Demanded" without respect to any specific claim. RSD also included a specific demand for a jury trial on Count I (Wrongful, Invalid Assignment) and a demand "that the jury determine all facts common to Plaintiff's legal and equitable claims before the Court decides the remaining equitable claims." (*Id*. at 1, 10.) IWA likewise demanded a jury. (Dkt. 262 at 10.) The case has been noted on the docket as a jury trial for many months.

Plaintiff admits that Count I is brought under "contract theories (including breach of the implied duties of good faith and fair dealing)." *See In re Investors Warranty of America LLC* (second mandamus petition), Fourth Circuit No. 24-1434, Dkt. 31 at 9 (Plaintiff's Answer to IWA's second petition for writ of mandamus). The contracts defining and governing the relationship between IWA and Plaintiff at the time of the Assignment (the Ground Lease and the Estoppel Agreement) establish the requirements for a proper assignment of IWA's interests under the Ground Lease.

Plaintiff did not move to strike Defendants' jury demand when it was served. Then, a few months before trial, Plaintiff changed its mind and asked the Court to be the sole factfinder. [Dkt. 400.] On May 2, 2024, before Defendants had a chance to respond to the motion to strike, the Court denied Plaintiff's motion; but announced, *sua sponte*, that it would "submit all counts (that survive summary judgment) to the Jury. However, insofar as a claim may be more appropriate for a decision by the Court alone, as opposed to a Jury, the Jury's verdict will be deemed advisory only. The Court will make an appropriate decision as to which claims are for the Jury and which

are for the Court following the Jury's verdict." [Dkt. 405 at 2-3.]

**ARGUMENT**

I.    **Defendants' Timely Demand for a Jury Trial Should be Granted**

A *non-advisory* jury is required to decide Count I and all common issues of fact between Count I and all other counts in the operative complaint. In Count I, Plaintiff seeks a judgment that IWA's assignment of its interest in the leasehold to RSD was wrongful and invalid. [Dkt. 196 at ¶¶ 42-52.] The remaining counts all sound in fraud explicitly or reference the same factual allegations that RSD is not a legitimate entity. Each count also realleges the same facts on which Count I relies.

In Count II, Plaintiff seeks a declaratory judgment that the Assignment was a fraudulent conveyance. (*Id*. at ¶¶ 53-57.) Count III asks for a specific remedy—to set aside the conveyance as fraudulent. (*Id*. at ¶¶ 58-60.) Count IV demands that the Court pierce the corporate veil between IWA and RSD because IWA "has used Assignee merely as a shield to defraud Landlord and for the perpetration of the fraudulent conveyance." (*Id*. ¶¶ 61-64.)

Count V alleges that RSD is not a legitimate entity but instead "was created for the sole purpose of shielding Transamerica and Tenant from their obligation to pay ground rent." (*Id*. ¶¶ 65-69.)

The right to a jury trial in a civil suit is guaranteed by the Seventh Amendment to the U.S. Constitution. *See* U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."); Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate."). When—as here—a jury trial has been demanded, the action

must proceed as a jury trial "unless . . . the [C]ourt, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2).

Although Defendants have a Seventh Amendment right to a jury trial on their claims, Plaintiff has no corresponding constitutional right to a bench trial. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959). In *Beacon Theaters*, the Supreme Court explained that if there are legal and equitable issues in one case, including a declaratory judgment, then the "trial court will necessarily have to use its discretion in deciding whether the legal or equitable cause should be tried first." *Id*. It went on to hold that "the right to jury trial is a constitutional one" but that "no similar requirement protects trials by the court." *Id*. And, any "discretion" by the trial court to deny a jury trial on a matter "is very narrowly limited and must, wherever possible, be exercised to preserve jury trial." *Id*.

*Beacon Theaters* went on to hold that the Declaratory Judgment Act—the statutory basis for some of Plaintiff's claims—"specifically preserves the right to jury trial for both parties." *Id*. at 504. Thus, the fact that Plaintiff's claims may arise under this statutory scheme does not obviate Defendants' right to a jury trial under the Seventh Amendment. The denial of a litigant's right to a jury trial is reversible error. *Id*. (reversing and remanding for jury trial). "[T]he right to a jury trial in a declaratory judgment action depends on whether there would have been a right to a jury trial had the action proceeded without the declaratory judgment vehicle." *In re Lockheed Martin*, 503 F.3d 351, 355 (4th Cir. 2007). To make this assessment, the Court must consider the nature of the dispute underlying the declaratory judgment action. *Nat'l R.R. Passenger Corp. v. Ry. Exp., LLC*, 2012 WL 5266110, at *2 (D. Md. Oct. 22, 2012).

While Plaintiff titles Count I a claim for "Wrongful, Invalid Assignment" and does not directly request monetary damages, Plaintiff admits that this claim is a contract claim. Plaintiff

alleges in its SAC that "IWA breached the covenant of good faith and fair dealing implied in the Ground Lease because it sought to assign the Ground Lease to a sham entity that it controlled to avoid its long-term financial obligations under the Ground Lease, leaving [RSD] without assets or business operations sufficient to fulfill its obligations." [Dkt. 196 ¶ 48.] A breach of good faith and fair dealing arises only when there is a contract between the parties, as there is here. While Maryland "recognizes that every contract imposes a duty of good faith and fair dealing in its performance, . . . Maryland courts have not explicitly recognized a separate cause of action for breach of this duty." *Baker v. Sun Co. (R & M)*, 985 F. Supp. 609, 610 (D. Md. 1997). Instead, this duty "simply prohibits one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract." *Parker v. The Columbia Bank*, 91 Md. App. 346, 366 (1992).

The title of a cause of action does not determine a party's right to a nonjury trial. *See, e.g.*, *C & E Servs., Inc. v. Ashland Inc.*, 601 F. Supp. 2d 262, 273 (D.D.C. 2009) (jury trial). In *C&E Servies*, the court found that even though the title of a cause of action "does not include the words 'Breach of Contract,'" that omission does not resolve the question about the type of claim at issue. *Id*. In that case, the plaintiff claimed that the defendant had "'breached its duty of good faith and fair dealing under that agreement in a number of ways, including . . . impeding CES' ability to perform its obligations under the amendment by failing to provide correct and full information.'" *Id*. (quoting complaint). It rejected the defendant's claim that plaintiff pleaded a tort claim and found that "C & E pled specifically a breach of an implied duty that arises out of a contract." *Id*. Similarly, Plaintiff here alleges that the assignment of the Ground Lease by IWA to RSD is contrary to "public policy and the terms of [IWA's] promise to Plaintiff." [Dkt. 196 ¶ 50.] While

Plaintiff does not explicitly use the phrase "breach of contract" in its SAC, it alleges that IWA's actions breached the "promise" that IWA made in contract.

Under Maryland law, "where the subject matter of the claim is covered by an express contract between the parties," courts will not allow other claims about that subject matter. *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 96-97 (2000) (disallowing "quasi-contract" claim of unjust enrichment because of existence of contract between the parties). Here, Plaintiff's claims arise out of the contracts between the parties: the Ground Lease and the Estoppel Agreement. Both contracts govern when and how assignments of the tenant's interest in the Ground Lease may be made. Thus, the contracts cover "the subject matter" of Plaintiff's "contract based" claim in Count I of the complaint.

Finally, Plaintiff's own words belie its efforts to pretend that Count I is equitable in nature. Recently, after more than four years of litigation, Plaintiff has accurately characterized Count I as a breach of contract claim. *See* Pl.'s Ans. in Resp. to IWA's Petition for Writ of Mandamus, No. 24-1434 (June 17, 2024) at 2 (emphasis added):

> Before the statute of limitations ran, however, Plaza sued to invalidate the sham Assignment, alleging that it was a fraudulent conveyance (Count II) and, in the alternative, that it should be voided ***under contract theories (including breach of the implied duties of good faith and fair dealing (Count I)).***

Because Count I is a breach of contract claim, Defendants are entitled to a jury trial.

In addition, Defendants are entitled to a jury trial on all facts common between Count I ("Wrongful, Invalid Assignment") and Count II (fraudulent conveyance). The Fourth Circuit has held that the "Seventh Amendment demands that facts common to legal and equitable claims be adjudicated by a jury." *U.S. ex rel. Drakeford v. Tuomey Healthcare Sys., Inc.*, 675 F.3d 394, 404 (4th Cir. 2012); *see also Curtis v. Loether*, 415 U.S. 189, 196 n. 11 (1974) ("If a legal claim is

joined with an equitable claim, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact.").

In its own Complaint, Plaintiff admits that all the facts alleged in support of the fraudulent conveyance claim (Count II) are "common" with those in support of the "Wrongful, Invalid Assignment" claim (Count I). The first paragraph of Count II realleges and incorporates by reference every allegation that precedes it. [SAC, Dkt. 196 ¶ 53.] It likewise alleges that all facts in support of Count III (Set Aside the Fraudulent Conveyance), Count IV (Pierce the Corporate Veil), and Count V (Alter Ego) are the same as for Counts I and II. "The general rule is that 'a party is bound by the admissions of his pleadings.'" *Lucas v. Burnley*, 879 F.2d 1240, 1242 (4th Cir. 1989) (quoting *Best Canvas Products & Supplies v. Ploof Truck Lines*, 713 F.2d 618, 621 (11th Cir. 1983)); *see also Jessup v. Barnes Grp., Inc.*, 23 F.4th 360, 365 (4th Cir. 2022) (same).

Plaintiff alleged that all facts in the Complaint support each of its causes of action. (*See* Dkt. 196 at ¶¶ 42, 53, 58, 61, 65 (each count in complaint expressly incorporates all previous factual allegations in support).) Plaintiff is bound by the admission that all the facts in the Complaint support each claim it asserts. Thus, according to Plaintiff's own allegations, all the facts for each count in the Complaint are "common" with all other counts. Under established Supreme Court precedent, the "Seventh Amendment demands that facts common to legal and equitable claims be adjudicated by a jury." *Tuomey Healthcare Sys.*, 675 F.3d at 404; *Curtis v. Loether*, 415 U.S. at 196 n.11.

A "jury" in this context necessarily means a non-advisory jury. Under the plain language of Federal Rule of Civil Procedure 39(c) an advisory jury is only permissible if the action is "not triable of right by a jury." *See also Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co.*, 195 F.3d 368, 374 (8th Cir. 1999) ("Because this action was one triable of right by a

jury, the district court did not have the power to declare the jury advisory only. Fed.R.Civ.P. 39(c) does not apply to actions triable of right by a jury."); *Goodgame v. Am. Cast Iron Pipe Co.*, 75 F.3d 1516, 1520 (11th Cir. 1996) ("We agree with Goodgame and Brown that Rule 39(c) plainly does not apply to claims, like their § 1981 claims, that are triable by jury as a matter of right. . . . It is axiomatic in such cases that a trial court cannot disregard a jury's verdict and substitute its own findings in deciding claims; otherwise, the court could effectively subsume the jury's function and deprive litigants of their right to trial by jury."); *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 895 (Fed. Cir. 1984) (citing Rule 39(c) for proposition that "use of an advisory jury is limited to actions not triable of right by a jury"); *Curtis v. Alcoa Inc.*, No. 3:06-CV-448, 2007 WL 3047123, at *3 (E.D. Tenn. Oct. 17, 2007) (finding that "Rule 39(c) is applicable" only because "there [is] no right to jury trial"). Because the Seventh Amendment requires a jury trial for Count I, as well as to determine all facts in common between Count I and all other counts, an advisory jury may not be used on those matters.

Furthermore, the Court has expressed, on numerous occasions, that it has pre-decided the merits of this dispute and has otherwise demonstrated bias and antagonism against Defendants and their counsel, while conversely demonstrating favoritism towards Plaintiff and its counsel. For example, and without limitation, the Court has stepped into the role of advocate for Plaintiff by, among other things, directing Plaintiff to file certain motions and assert certain causes of action so that it can rule favorably for Plaintiff. (*See, e.g.*, (7/6/2021 Hr'g. Tr. 29:9-30:2; 10/13/2022 Hr'g Tr. 28:5-15; 2/22/2024 Hr'g Tr. 11:18-12:6.) In addition, the Court disregarded an order from the Fourth Circuit Court of Appeals respecting IWA's privileged information, finding ambiguity where none existed so that it could provide *even more* of IWA's privileged information to IWA's adversary in litigation. (*See, e.g.*, 2/22/2024 Hr'g Tr. 9:5-11.) And, during the hearing regarding

Plaintiff's potential improper trial use of IWA's privileged information, the Court was equivocal in whether it could be a neutral factfinder and whether it could disregard IWA's privileged information if directed to do so. (5/1/24 Tr. at 29:8-30:18) (trial judge said he would "try and give [IWA] a fair trial and would do "the best [it could] to be impartial"); *id*. at 19:3-5) (the Court was not prepared to take all communications between counsel and Defendnts off the table)); *see also id.* at 30:2-5 ("Well, I would remind you that you asked me to be removed from the case, and that was denied, so I am in the case whether you like it or not, and I am going to try and give you a fair trial."). These rulings forced IWA into the untenable and exceedingly rare position of having to seek a second writ of mandamus against the Court. These facts, among others, could cause a reasonable, objective person to question the Court's impartiality and bias against Defendants. *See* 28 U.S.C. §§ 144 & 455. One way to lessen this concern is to have a non-advisory jury decide this case.

## II.     To the Extent an Advisory Jury is Utilized, the Parties Must be Informed, in Advance, as to the Role the Advisory Jury Will Play at Trial

To the extent an advisory jury is utilized, due process requires the Court to inform the parties prior to trial which claims will be submitted to the jury in an advisory capacity and which claims will be submitted to the jury for its determination as ultimate factfinder. Although undersigned counsel has not found any Fourth Circuit authority on this issue, the Sixth, Third, Ninth, and Eleventh Circuits have found that the failure to provide such notice to the parties is reversible error. In *Thompson v. Parkes*, 963 F.2d 885, 889 (6th Cir. 1992), the Sixth Circuit found that the district court erred in determining that the verdict would be advisory after the case was submitted to the jury. The Sixth Circuit explained that the "parties are entitled to know prior to trial whether the jury or the court will be the trier of fact." *Id*. This holding "follows from the language of Rule 39(c), which permits the district court to try a case 'with an advisory jury,' not

to have the case tried by a jury and essentially exercise a veto power." *Id.* The jury's role—whether advisory or not—should be "known to the parties . . . at the time of trial" and, for the sake of efficiency, sufficiently in advance of trial that counsel may prepare a case appropriate to the trier of fact." *Id.*

Similarly, the Eleventh Circuit recently explained that

> Basic considerations of fairness and due process require that the parties know to whom they are presenting their cases beforehand too. Where a district court does not give the parties notice that it will cast the jury in the atypical role of advisory commentator, we assume it will not. Were it otherwise, any litigant who received an unfavorable jury verdict on an issue not triable as of right would automatically get a second bite at the apple, in that the district court could overwrite the jury finding whenever it disagreed. No such judicial veto power is hidden within Rule 39(c).

*Thomas v. Broward Cnty. Sheriff's Off.*, 71 F.4th 1305, 1314 (11th Cir. 2023) (internal citations removed); *see also Bereda v. Pickering Creek Indus. Park, Inc.,* 865 F.2d 49, 53 (3d Cir.1989) (requiring a district court to "notify both sides of a jury's advisory status no later than the time at which the jury selection has begun"); *Pradier v. Elespuru,* 641 F.2d 808, 811 (9th Cir.1981) (recognizing that "there are frequently significant tactical differences in presenting a case to a court, as opposed to a jury. The parties are entitled to know at the outset of the trial whether the decision will be made by the judge or the jury.").

In this case, there will be testimony about ground lease terms, capitalization levels, the real estate market, estoppel agreements, and the role of assignments with respect to lenders. If the Court plans to use the jury as advisory only, then this may change the presentation of evidence and the time spent explaining particular issues during trial. Neither party should be surprised to learn who the "real" factfinder is at the end of trial, and nothing in Rule 39 permits the Court to withhold that information until the Court finds out whether the jury reached a verdict with which the Court agreed or disagreed. (*See generally* Hr'g Tr. at 113:24-114:1 (the Court, responding to point about

submission of case to a jury, "Well, all right. Then maybe they'll hear once and for all that what they did was invalid. I'm not here to say definitely so.").)

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court grant their motion for a jury trial on Count I ("Wrongful, Invalid Assignment") and for all facts in common between Count I and all other counts in the complaint, including affirmative defenses and Defendants' counterclaim. Because Plaintiff alleges that all facts in the complaint support each of the counts, this means the jury will decide (at least) Count I and all facts in the remainder of the complaint. This can be accomplished through a detailed special verdict form that would then be binding on the Court as it decides any other counts.

In addition, Defendants move for an order no later than the pretrial conference on August 8, 2024, identifying which claims (or parts of claims) will be submitted to the jury in an advisory capacity and which claims will be submitted to the jury for its determination as ultimate factfinder.

A proposed order is attached.

July 22, 2024                                      Respectfully submitted,


                                                  /s/ Sara E. Kropf
                                                  Sara E. Kropf (Bar No. 26818)
                                                  Rebecca Guiterman (pro hac vice)
                                                  Kropf Moseley PLLC
                                                  1100 H Street NW, Suite 1220
                                                  Washington, DC 20005
                                                  (202) 627-6900
                                                  sara@kmlawfirm.com
                                                  rebecca@kmlawfirm.com
                                                  *Attorney for Rock Springs Drive LLC*

4855-3833-1858.v1                                 11

ARNALL GOLDEN GREGORY, LLP

/s/ Rebecca A. Davis
Rebecca A. Davis (Bar No. 23183)
Rebecca.Davis@agg.com
Jennifer Shelfer
GA Bar No. 557213 (pro hac vice)
Jennifer.Shelfer@agg.com
171 17th Street, Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-8768
Facsimile: (404) 873-8769

SEYFARTH SHAW LLP

William B. Hill, Jr.
GA Bar No. 354725 (pro hac vice)
WBHill@seyfarth.com
1075 Peachtree Street, Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 704-9655
Facsimile: (404) 724-1608
*Counsel for Defendant Investors Warranty
of America, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July 2024, the foregoing motion was served through the court's electronic filing system on all counsel of record.

/s/ *Rebecca A. Davis*
Rebecca A. Davis
