IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Rock Spring Plaza II, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>Investors Warranty of America, LLC,<br>et al.,<br><br>        Defendants. | Civil Action No. 8:20-cv-01502-PJM |

**DEFENDANTS ROCK SPRINGS DRIVE, LLC AND INVESTORS WARRANTY OF AMERICA, LLC'S MOTION IN LIMINE TO EXCLUDE INFORMATION PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE**

Consistent with the July 9, 2024 Order of the Fourth Circuit Court of Appeals, Defendants Rock Springs Drive, LLC ("RSD") and Investors Warranty of America, LLC ("IWA," and together with RSD, "Defendants") move the Court to exclude from evidence and to preclude any argument or testimony relying on, incorporating, or referencing, directly or indirectly, in any way, Defendants' attorney-client privileged and work product information.

## ARGUMENT

### A.     Legal Standard

Motions in limine serve multiple purposes. They: (i) seek guidance from the Court on an evidentiary question; (ii) "streamline a case by allowing a court to avoid 'lengthy argument at, or interruption of, the trial,'" (iii) "promote judicial efficiency by preserving the issues raised for appeal and eliminating the need for parties to renew their objections at trial." *Brasko v. First Nat'l Bank of Penn.*, Civil No. SAG-20-3489, -- F. Supp. 3d --, 2023 WL 7191120, at *2 (D. Md. Nov. 1, 2023) (citations omitted). While evidentiary rulings fall within the Court's sound discretion,

motions in limine should be granted where evidence is clearly inadmissible. *Id.* at *3.

### B.  Defendants' Privileged Information is Not Admissible for Any Purpose

Documents and information protected from disclosure by the attorney-client privilege and/or the work product doctrine are not admissible in evidence. *Smith v. State*, 394 Md. 184, 213 (2006) (holding that disclosure made in violation of attorney-client privilege was not admissible and that the judge could not rely on it to determine that defendant had no Fifth Amendment privilege to refuse to testify); *Carter v. State*, 149 Md. App. 509, 513, 519-20 (2003) (holding it was prejudicial error to admit two privileged documents into evidence); *Newman v. State*, 384 Md. 285, 304-05 (2004) (noting that attorney-client privileged information is "inadmissible at a judicial proceeding" and that admission of testimony in violation of privilege was reversible error); *Huester v. Clements*, 252 Md. 641, 648 (1969) ("Once the relationship of attorney and client was established, *a fortiori*, the communication was confidential, and inadmissible in evidence."); *Tillinghast v. Lamp*, 168 Md. 34, 42 (1935) (holding that privileged statements were inadmissible).

Not only is privileged information inadmissible as direct evidence, it is also inadmissible for purposes of impeachment. *Eshelman v. Puma Biotechnology, Inc.*, 2 F.4th 276, 285 n.3 (4th Cir. 2021) (privileged document "is not admissible evidence, even for the purposes of impeachment") (citing *State v. Lowery*, 219 N.C. App. 151, 157-58 (2012)); *Haley v. State*, 398 Md. 106, 130 (2007) (holding it was prejudicial error to allow defendant's credibility to be impeached by invading the attorney-client privilege); *Harrison v. State*, 276 Md. 122, 152 (1975) (holding it was prejudicial error to allow defendant to be impeached with privileged information after finding defendant did not waive attorney-client privilege).

On July 9, 2024, the Fourth Circuit Court of Appeals issued an Order on IWA's Second Petition for Writ of Mandamus. This was the Fourth Circuit's second order on mandamus shielding

IWA's privileged information from disclosure. The Fourth Circuit ordered the Court to vacate its Second Production Order that required the production to Plaintiff of IWA's privileged materials. The Fourth Circuit ruled that: "Plaintiff is not entitled to receive [IWA's] privileged information, directly or indirectly, in any manner and is not entitled to *use* IWA's privileged information, directly or indirectly, in any way, including in briefing, in argument to the court or to the jury, or at trial." (Order, attached as Exhibit A.)

To date, this Court has not yet vacated either the First Production Order or the Second Production Order, as directed by the Fourth Circuit Court of Appeals (*see* Fourth Circuit Orders on IWA's First and Second Petitions for Writ of Mandamus, attached as Exhibits B & A, respectively), but has stated its intent to do so. Out of an abundance of caution, Defendants must move the Court for an order excluding any use for any purpose of Defendants' privileged information at trial and in any rulings by the Court, in any manner.

Plaintiff has disingenuously and repeatedly argued and misrepresented to the Court that Defendants are "hiding behind the privilege" when Defendants correctly assert the attorney-client privilege. (*See, e.g.*, ECF 238-1 at 1 ("IWA should not be permitted to hide behind the attorney-client privilege to withhold from Plaintiff documents that will lay bare IWA's fraudulent scheme."); 2/16/23 Tr. at 66:17-18 (MR. BOSCH: "So now I'm going to ask the Court, you know, why are they hiding behind the privilege here?"); 6/21/23 Tr. at 22:15-16 ("So they're hiding their correspondence through Mr. Barron on privilege grounds.").) Plaintiff has done the same in its failed arguments to the Fourth Circuit. (*See, e.g.*, *In re Investors Warranty of America, LLC*, Case No. 24-1434, ECF 31 at 12 ("This Court should not countenance IWA's attempts to hide behind privilege and present an inaccurate, incomplete factual record that contradicts the truth that is articulated in the Memorandum Opinion.").

4875-8953-2370.v1

The Fourth Circuit has ***twice*** rebuffed Plaintiff's disingenuous arguments by twice confirming IWA's proper assertion of the attorney-client privilege. Further, the Fourth Circuit has held that a "negative inference should not be drawn from the proper invocation of the attorney-client privilege." *In re Tudor Assocs., Ltd., II*, 20 F.3d 115, 120 (4th Cir. 1994); *see also Parker v. Prudential Ins. Co. of Am.*, 900 F.2d 772, 775 (4th Cir. 1990) (per curiam) ("a client asserting the privilege should not face a negative inference about the substance of the information sought").

Courts, including those in this Circuit, rightly and routinely preclude litigants from introducing evidence or making statements intended to induce the jury to draw an adverse inference from their adversaries' invocation of privilege. *See In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2023 WL 4156858, at *5 (E.D. Va. Apr. 5, 2023) ("As to the first and second issues, the motion is GRANTED to the extent it seeks to preclude Purchasers from asking questions with the intention of causing Defendants to invoke privilege in front of the jury, or asking questions to elicit the fact that privilege was previously invoked."); *Sharer v. Tandberg*, 2007 WL 983849, at *1–2 (E.D. Va. Mar. 27, 2007) (granting a motion in limine barring any reference at trial to the plaintiff's invocation of privilege).[1]

---

[1] Other courts have done the same. *See, e.g.*, *Goldberg v. 401 N. Wabash Venture LLC*, 2013 WL 1816162, at *7 (N.D. Ill. Apr. 29, 2013) (granting motion in limine prohibiting plaintiff from "ask[ing] any question she reasonably expects will cause Defendants to assert the attorney-client privilege" and from mentioning at trial "that Defendants consulted with lawyers or previously invoked the attorney-client privilege"); *McKesson Info. Sols., Inc. v. Bridge Med., Inc.*, 434 F. Supp. 2d 810, 812 (E.D. Cal. 2006) (granting motion in limine and ordering that plaintiff "is precluded, in all respects, from introducing evidence or testimony pertaining to [defendant's] assertion of the attorney-client privilege over the opinion of counsel it received regarding the '716 patent"); *Williams v. Sprint/United Mgmt. Co.*, 464 F. Supp. 2d 1100, 1108 (D. Kan. 2006) (finding it inappropriate to force opponent "to either invoke the privilege in the jury's presence (creating the negative inference desired by plaintiffs) or waive the privilege by responding to the question"); *Beraha v. Baxter Healthcare Corp.*, 1994 WL 494654, at *3 (N.D. Ill. Sept. 6, 1994) (granting motion in limine where "the only purpose for which [plaintiff] seeks to admit evidence of the fact that these communications occurred is to enable the jury to draw an adverse inference therefrom. This is exactly what is prohibited.").

Defendants specifically move to preclude Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses from:

1. referencing or alluding to any of Defendants' privileged information, including as referenced or excerpted in the Court's Memorandum Opinion;

2. asking questions that are reasonably expected to elicit an objection from defense counsel on the grounds of privilege or work product; and

3. making improper argument to the jury, including, for example, that Defendants are "hiding behind the privilege."

## **CONCLUSION**

Accordingly, Defendants respectfully request an order excluding IWA's privileged documents (including excerpts therefrom) and information from trial and precluding Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses from referencing, arguing, and alluding to IWA's privileged information, calling IWA's attorneys to elicit inadmissible, privileged testimony, asking questions reasonably expected to draw an objection on the grounds of privilege or work product, and from making improper argument to the jury regarding Defendants' assertion of the privilege.

A proposed order is attached.

ARNALL GOLDEN GREGORY, LLP

*/s/ Rebecca A. Davis*
Rebecca A. Davis (Bar No. 23183)
Rebecca.Davis@agg.com
Jennifer Shelfer
GA Bar No. 557213 (*pro hac vice*)
Jennifer.Shelfer@agg.com
171 17th Street, Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-8768
Facsimile: (404) 873-8769

SEYFARTH SHAW LLP

William B. Hill, Jr.
GA Bar No. 354725 (*pro hac vice*)
WBHill@seyfarth.com
1075 Peachtree Street, Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 704-9655
Facsimile: (404) 724-1608

*Counsel for Defendant Investors Warranty of America, LLC*

/s/ *Sara E. Kropf*
Sara E. Kropf (Bar No. 26818)
Rebecca Guiterman (*pro hac vice*)
Kropf Moseley PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900
sara@kmlawfirm.com
rebecca@kmslawfirm.com
*Attorney for Rock Springs Drive LLC*

6

4875-8953-2370.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Rock Spring Plaza II, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>Investors Warranty of America, LLC,<br>et al.,<br><br>   Defendants. | Civil Action No. 8:20-cv-01502-PJM |

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 22nd day of July 2024, the foregoing motion was served through the court's electronic filing system on all counsel of record..

        By: */s/ Rebecca A. Davis*
        Rebecca A. Davis (Bar No. 23183)

1

4875-8953-2370.v1