IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>INVESTORS WARRANTY OF AMERICA, LLC, et al.,<br>    Defendants. | Civil Action No. 8:20-cv-01502-PJM |

**PLAINTIFF ROCK SPRING PLAZA II, LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION IN LIMINE TO PROHIBIT USE OF OR REFERENCE TO ANY NONCOMPLIANCE WITH THE "BASIC INFORMATION" STANDARD**

Plaintiff Rock Spring Plaza II, LLC ("Plaza") submits this response in opposition to Defendant Investor's Warranty of America, LLC ("IWA") and Defendant Rock Springs Drive LLC ("RSD") (collectively, "Defendants") motion in limine to prohibit use of or reference to any purported noncompliance with the basic information standard (ECF No. 478) ("Motion").

**I.      ARGUMENT**

Defendants seek "to preclude at trial any introduction of evidence, arguments, or inferences regarding the basic information standard, and any compliance or noncompliance with the same." Mot. at 2. Defendants, however, do not specify precisely what their broad request would actually exclude. *See Brightview Grp., LP v. Teeters*, 2022 WL 846208, at *9 (D. Md. Mar. 22, 2022) (citing, *inter alia*, *A.Hak Indus. Servs. BV v. Techcorr USA LLC*, 2014 WL 12591696, at *1 (N.D.W. Va. Dec. 18, 2014) ("[W]hen a motion in limine seeks to exclude a general category of evidence, the best course of action is to deny the motion and see how the case unfolds.")); *In re C.R. Bard, Inc., Pelvic Repair Sys. Products Liab. Litig.*, 2013 WL 3282926, at *2 (S.D.W. Va. Jun. 27, 2013) (denying motions in limine because the court could not rule on them "without

knowing the particular piece of evidence" at issue or the argument to be made and the context in which such evidence or argument would arise), *aff'd in relevant part*, 810 F.3d 913 (4th Cir. 2016). On this basis alone, their Motion should be denied.

Furthermore, the Motion is effectively an inappropriate request that the Court revisit its summary judgment ruling as expressed in its August 3, 2022, Memorandum Opinion (ECF No. 151) (the "Memorandum"). And to the extent the Defendants are asking the Court to prevent Plaza from presenting evidence of Defendants' refusal to provide information to Plaza, that cuts way too far, as such evidence is highly relevant to Plaza's wrongful assignment and fraud claims. Ultimately, Defendants appear to be impinging on the Court's role to instruct on the law, including the "basic information" standard. Neither Plaza nor Defendants may assume that role, and thus Defendants' Motion is both unspecific as to what would be excluded and overly broad in trying to restrict argument as to what does and does not comport with the legal duties of parties to an assignment.

### A. Defendants' Noncompliance with Maryland Law is Relevant to Plaza's Claims

Defendants apparently seek to prevent Plaza from offering relevant evidence that the Assignment violated established principles of Maryland law and that such violation is evidence of their intent to defraud Plaza. Evidence and argument "regarding" Defendants' failure "to provide information sufficient to give Plaintiff adequate assurance that RSD can fulfill IWA's obligations under the Ground Lease and Estoppel Agreement," (ECF 151 at 19-20) is entirely appropriate. In addition to the Restatement (Second) of Contracts (1981) (the "Restatement") and the implied covenant of good faith and fair dealing, Maryland law imposes a duty not to conceal material facts and not to make incomplete or otherwise deceptive representations. *See e.g.*, *Hoffman v. Stamper*, 867 A.2d 276, 292 n.12 (Md. 2005) (noting "fraud may consist in a suppression of the truth as well

as in the assertion of falsehood") (internal quotations and citation omitted); *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 274 (Md. 2007) (fraudulent concealment is "any statement or other conduct which prevents another from acquiring knowledge of a fact") (internal quotations and citation omitted); *Lubore v. RPM Assocs., Inc.*, 674 A.2d 547, 556 (Md. 1996) (making an incomplete or partial statement may impose "a duty to disclose the additional information necessary to prevent it from misleading the recipient") (citation omitted)*; Rhee v. Highland Dev. Corp.*, 958 A.2d 385, 390 (Md. 2008) (quoting *Stewart v. Wyo. Cattle Ranche Co.*, 128 U.S. 383, 388 (1888) (a fraudulent concealment is "equivalent to a false representation"). Defendants cannot exclude relevant evidence that goes to an ultimate issue in the case, and accordingly, their Motion should be denied.

B.   **Defendants' Motion Encroaches on the Court's Role**

Defendants' Motion also encroaches on the Court's role in instructing on the applicable law. This is entirely improper, as the Court recognized at the most recent hearing:

> THE COURT: But you will not be able to say – and I need counsel's full attention on this -- you are not going to be able to go to the jury and say: The law is that all they need is to get notice. I will instruct on the law and you will not. And you'll have to take my instructions as they come. So, you need to keep that in mind when you say "the law is." You're trying to convince me now at the summary judgment stage that I should rule one way or another. But bear in mind you will not argue to the jury, "the law says this" if it isn't part of my instruction. Just keep that in mind when you insist that your law says this.

Exhibit A, Hr. Tr. 38:23-39:9, July 18, 2024. This admonition applies to all parties in the case. But it does not support Defendants' far broader Motion to exclude "evidence, arguments, or inferences regarding the basic information standard." Nor, assuming the Court gives an instruction to the jury to that effect, is there any basis to preclude Plaza from arguing that there was an obligation to disclose basic information and that Defendants failed to honor that

3

obligation. And there is certainly no basis for a ruling in limine that would effectively assume the Court changed course and determined not to give such an instruction.

C.   **Retroactivity is a Red Herring**

In the Memorandum, the Court did not, as Defendants argue, "introduce[] into Maryland law" a new requirement. Maryland law has adopted both the Restatement[1] and the implied covenant of good faith and fair dealing — both concepts in existence long before Defendants' fraudulent Assignment in August 2017.[2] The Court interpreted *existing* requirements in Maryland law and applied them to Defendants' "unique resistance" to communicating with Plaza after the Assignment, noting:

> This particular dust-up in this case causes one to wonder why the issue has not come up in the case law or the legal literature in the past. The answer may well be that parties to a contract ordinarily have no reason to object to an assignment or are usually able to come to arrangements agreeable to everyone. Clearly, the concept of good faith and fair dealing inherent in all contracts and, especially in the context of commercial cases, informs the concept of "adequate assurances" when a proposed assignment raises concerns, see UCC § 2-609. But **the apparent unique resistance of the assignor and, indeed, assignee (as well as their counsel) in this case have forced the issue.**

Mem. at 16-17 (emphasis added). The Court determined that for the Restatement's *existing* limitations on assignment and delegation and the covenant of good faith and fair dealing to have meaning, in the context of a lease, a landlord must be entitled to "basic information" sufficient to determine whether the limitations have been violated. In other words, the Court simply applied the

---

[1] Defendants mischaracterize Maryland law, stating that "the Panda court did not expressly adopt the Restatement" (Mot. at 10) when the Maryland Court of Appeals made clear that "we **have adopted** those principles [Restatement Sections 317-323]." *Public Serv. Comm'n Of Md. v. Panda-Brandywine*, L.P., 825 A.2d 462, 469 (Md. 2003) (emphasis added).

[2] The Restatement (Second) of Contracts has a copyright year of 1981 and the implied covenant of good faith and fair dealing was referenced in Maryland as far back as 1825. *See e.g. Allegre v. Maryland Ins. Co.*, 6 H. & J. 408, 412 (1825) (noting, "[g]ood faith and fair dealing is of the very essence of all contracts of insurance, and should pervade every proceeding under them.").

law in existence at the time of the Assignment to the facts of this case and determined that Defendants had not met their obligations. *Id.* at 19.

This is not a complicated question. It has long been the law in Maryland that, "[t]he fact that a party acts in compliance with the literal and technical terms of a contract does not absolve it of liability where it failed to perform in accordance with its duties of good faith and fair dealing." *CR-RSC Tower I, LLC v. RSC Tower I, LLC*, 32 A.3d 456, 495 (Md. Ct. Spec. App. 2011). As such, there is no legal or factual basis for Defendants' retroactivity argument, which is merely a backdoor effort to avoid Maryland law and this Court's prior rulings.

## II. CONCLUSION

For the foregoing reasons, Plaza respectfully requests that this Court deny Defendants' Motion.

Dated: July 29, 2024

Respectfully submitted,

*/s/ William M. Bosch*
William M. Bosch
Deborah B. Baum
Anthony Cavanaugh
Alvin Dunn
Katherine Danial
Nicole Steinberg
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone: 202-663-8000
Facsimile: 202-663-8007
william.bosch@pillsburylaw.com
anthony.cavanaugh@pillsburylaw.com
alvin.dunn@pillsburylaw.com
katherine.danial@pillsburylaw.com
nicole.steinberg@pillsburylaw.com

*Counsel for Plaintiff Rock Spring Plaza II, LLC*