**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROCK SPRING PLAZA II, LLC

Plaintiff,

v.

INVESTORS WARRANTY OF AMERICA, LLC, et al.,

Defendants.

Civil Action No. 8:20-cv-01502-PJM

**PLAINTIFF ROCK SPRING PLAZA II, LLC'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAZA FROM OFFERING EVIDENCE AT TRIAL THAT WAS NOT DISCLOSED IN RESPONSE TO DISCOVERY REQUESTS**

Plaintiff Rock Spring Plaza II, LLC ("Plaza") submits this opposition to Defendant Investor's Warranty of America, LLC's ("IWA") and Defendant Rock Springs Drive LLC's ("RSD") (collectively, "Defendants'") motion in limine to preclude Plaza from offering evidence at trial that was not disclosed in response to discovery requests (ECF No. 470) ("Motion").

## I. INTRODUCTION

Despite the Court's stern warning to Defendants that "[w]e are not reopening discovery" (Exhibit A, Hr. Tr. 100:22, July 18, 2024) and that "there's a gamesmanship going on here that just baffles [the Court]" (*Id.* at 103:16-18), Defendants yet again raise discovery issues on the "eve of trial" (*Id.* 104:20-21), claiming that Plaza has refused to disclose its (1) evidence of Defendants' fraud; and (2) interpretation of the Ground Lease and Estoppel Agreement. Mot. at 1.

With respect to Plaza's evidence of fraud, through four years of briefing (both in this Court and at the Fourth Circuit), deposition testimony, and most recently as part of the required pretrial order process, Plaza has disclosed to Defendants its extensive evidence supporting its fraud claims.

With respect to Plaza's "interpretation" of the Ground Lease and Estoppel Agreement, Defendants fail to distinguish between discovery on Plaza's intent when entering into the

agreements, about which Plaza produced evidence in discovery, and Plaza's legal interpretation of the agreements, to which Plaza properly objected.

For these reasons, Defendants' Motion must be denied.

## II. ARGUMENT

### A. Plaza Has Disclosed Evidence of Defendants' Fraud

At the outset of this case, Defendants requested that Plaza produce its evidence of fraud. Because that evidence was, to a great extent, within Defendants' control, and would be largely revealed by Defendants during discovery, Plaza objected and did not produce evidence that it did not yet have. Defendants now argue that, despite that evidence being the subject of depositions, motions, more motions, and argument, because (1) Plaza did not condense all the evidence it believes demonstrate Defendants' fraud into a supplemental interrogatory response; and (2) Plaza's corporate representative, Charles Camalier, did not identify a closed universe of evidence *before* discovery closed, Defendants will be surprised and prejudiced (Mot. at 9) by the evidence of fraud embodied in their own documents and deposition testimony.

This argument ignores the Federal Rules of Civil Procedure, which require supplementation only if a party learns "that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information ***has not otherwise been made known*** to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e) (emphasis added); *see also Mostofi v. Experian Info. Sols., Inc.*, No. CV DKC 11-2011, 2014 WL 12929431, at *9 (D. Md. Mar. 5, 2014), *aff'd,* 581 F. App'x 283 (4th Cir. 2014) (recognizing "that there is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery") (quoting §2049.1 1993 Expansion of Duty to Supplement or Correct, 8A Fed. Prac. & Proc. Civ. § 2049.1 (3d ed.)). Defendants are fully aware of the evidence of fraud elicited during depositions of their

own witnesses. Indeed, that very evidence is the subject of some of Defendants' other motions in limine.

Defendants' Motion also ignores that for over four years, Plaza has put in front of Defendants and the Court at every appropriate opportunity Plaza's evidence supporting its fraud claims. Plaza has laid out the evidence of Defendants' intent to use the Assignment to RSD to defraud Plaza in no fewer than two rounds of summary judgment briefing (ECF Nos. 127, 414, 435), three rounds of briefing on the crime-fraud exception (ECF Nos. 238, 268, 310), and two responses to IWA's petitions for writs of mandamus in the Fourth Circuit Court of Appeals. Further, Mr. Camalier, as Plaza's corporate representative, identified facts Plaza had to support its claim of fraud at the time he was deposed, roughly six months before the close of discovery.[1] Defendants cite Mr. Camalier's disclaimer that discovery was ongoing but neglect to cite the pages of testimony reflecting his detailed summary of facts supporting Plaza's claim of fraud. *See* Exhibit B, Camalier Dep. Tr. 340:24-342:3, Mar. 21, 2023. In addition, Defendants now have Plaza's trial exhibit list and deposition designations in accordance with the Local Rule 106 pretrial order procedure, which include extensive evidence of fraud.

There is no surprise here, certainly no ambush. Defendants have feigned ignorance of this evidence before, and there is no basis for obligating Plaza to map out for Defendants its trial strategy.

### B. Plaza Has Disclosed Its Interpretation of the Ground Lease and Estoppel Agreement

Defendants also argue that Plaza has failed to disclose its "interpretation of the assignment provisions in the Ground Lease and Estoppel Agreement." Mot. at 1. Defendants lump together

[1] Discovery closed on September 1, 2023. *See* ECF No. 320. Mr. Camalier was deposed in his corporate representative and individual capacity on March 21 and 22, 2023.

two separate concepts: permissible discovery (that has been disclosed) concerning Plaza's intentions at the time the agreements were entered into; and the legal interpretation of the agreements' terms, which is for this Court to determine and cannot be precluded by Fed. R. Civ. P. 37(c)(1).

While Defendants provide examples of Plaza's counsel properly objecting to deposition questions asking Mr. Camalier for legal conclusions, Defendants ignore Mr. Camalier's extensive testimony on the noticed topics[2] of "[d]rafting and negotiation of the Ground Lease" and "[n]egotiation and execution of the Estoppel Agreement." Mot. at 5. For example, Mr. Camalier testified that he was the only one involved "in the negotiation and execution of the estoppel agreement for [Plaza]" (Ex. B, Camalier Dep. Tr. 54:4-7, Mar. 21, 2023), that Section 19 of the Estoppel Agreement limits assignments of the Ground Lease because "[t]here's a restriction that any assignment or sublease has to be to a third party, and the assignor cannot be released from liability unless the assignee is willing to and can perform the obligations required under the ground lease" (*Id.* at 59:4-12), that Plaza's understanding of the term "third party" in Section 19 "means an unrelated third party" (*Id.* at 62:4-6), that "it cannot be deemed to be an assignment to a third party where the assignor owns 98 percent of that entity" (*Id.* at 63:22-25), and that "to be released from liability, the assignee has to be able to assume and -- the obligations, and to be financially capable of performing those obligations" (*Id.* at 64:13-20).

Defendants' Motion is just another attempt to revisit their prior efforts to delve into Plaza's legal interpretation of the agreements, which the Court has previously rejected. In recycling

---

[2] Plaza agreed to designate a witness to testify regarding the *drafting and negotiation* of the provisions in the Ground Lease and Estoppel Agreement pertaining to the Assignment, not to the plain meaning of such provisions, which is not a proper topic for a 30(b)(6) deposition. *See* Ex. B, Camalier Dep. Tr. 55:3-57:6, Mar. 21, 2023.

arguments from their previous motion to compel additional testimony from Mr. Camalier (ECF No. 347), which the Court denied (ECF No. 381), Defendants overlook the following ruling:

> Most obviously, when confronted with an objection that a question called for a legal conclusion, they could have reframed their questions in order to probe specific facts known by Mr. Camalier. If that was not possible, they could have propounded interrogatories to Plaza to obtain responses. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."). Or Defendants might have brought their present Motion or a separate motion to compel sooner. As far as the Court can tell, Defendants pursued none of these options. Instead, they filed their Motion more than six months after Mr. Camalier's deposition, with only three days remaining before the close of discovery. *See* ECF No. 347. This is a far cry from the diligence required by the Federal Rules to show entitlement to discovery.

ECF No. 380 at 6.

As the Court has ruled, Defendants are not entitled to the information to which Plaza's counsel timely and properly objected, and there is no basis for revisiting this prior ruling on the eve of trial through a motion in limine. *See E.E.O.C. v. Freeman*, 288 F.R.D. 92, 103 (D. Md. 2012) (This Court recognizes that "[q]uestions calling for pure legal analysis in a deposition are arguably objectionable and improper."). As the Court noted at the most recent hearing, it is the Court's role to "instruct on the law" and Defendants "will not argue to the jury 'the law says this' if it isn't part of [the Court's] instruction." Ex. A, Hr. Tr. 38:23-39:9, July 18, 2024. Asking Mr. Camalier for his legal interpretation of the agreements is not within the scope of factual discovery permitted under Fed. R. Civ. P. 26(b)(1) and therefore cannot be precluded under Fed. R. Civ. P. 37(c)(1). Even if Defendants' questions were proper (they were not), this Court has already ruled that Defendants' lack of diligence waived their entitlement to additional deposition testimony. ECF No. 380 at 6.

Defendants' insinuation that they are unaware of the basis for Plaza's contract-based challenge to the Assignment therefore is implausible, especially given the testimony that was

properly elicited from Mr. Camalier that they fail to mention; it also rests on a flawed notion of proper discovery. Defendants should not be allowed to prevent Plaza from introducing evidence solely because they failed to properly phrase questions during the discovery phase of the case and then for months failed to raise any concerns with the information they did obtain in discovery. Defendants accordingly cannot claim actual prejudice or surprise, and the Court should deny Defendants' untimely Motion to reconsider the Court's prior discovery rulings.

## III. CONCLUSION

For the foregoing reasons, Plaza respectfully requests that this Court deny Defendants' Motion.

Dated: July 29, 2024

Respectfully submitted,

*/s/ William M. Bosch*

William M. Bosch
Deborah B. Baum
Anthony Cavanaugh
Alvin Dunn
Katherine Danial
Nicole Steinberg
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone: 202-663-8000
Facsimile: 202-663-8007
william.bosch@pillsburylaw.com
anthony.cavanaugh@pillsburylaw.com
alvin.dunn@pillsburylaw.com
katherine.danial@pillsburylaw.com
nicole.steinberg@pillsburylaw.com

*Counsel for Plaintiff Rock Spring Plaza II, LLC*