IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC<br><br>   Plaintiff,<br><br>  v.<br><br>INVESTORS WARRANTY OF AMERICA, LLC, et al.,<br>   Defendants. | Civil Action No. 8:20-cv-01502-PJM |

**PLAINTIFF ROCK SPRING PLAZA II, LLC'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE HEARSAY COMMUNICATIONS OR, IN THE ALTERNATIVE TO PERMIT DEFENDANTS <u>TO CALL THE DECLARANT AS A WITNESS AT TRIAL</u>**

Plaintiff Rock Spring Plaza II, LLC ("Plaza") hereby opposes Defendants Investors Warranty of America, LLC's ("IWA") and Rock Spring Drive, LLC's ("RSD") Motion in Limine to Exclude Hearsay Communications or, in the Alternative, to Call the Declarant as a Witness (ECF No. 469).

Defendants seek to exclude as hearsay three letters and a series of e-mails (the "Letters") that Plaza's counsel, William Bosch, sent to Robert Barron, the appointed representative and spokesperson for RSD, following IWA's assignment of the Ground Lease to RSD. In the Letters, Plaza sought basic information about RSD, its membership, and its ability to perform tenant's obligations under the Ground Lease. The letters will not be offered for the truth of any facts stated therein; rather for the fact that they were sent, that the outreach was made, and questions asked. But apart from that foundational flaw, Defendants waived any hearsay challenge to the admissibility of the Letters by introducing the Letters in support of their own prior motions for summary judgment and oppositions. Admission of these Letters does not require that Mr. Bosch

be deposed or called as a witness, relief that Defendants continue to seek despite the Court's denial of their earlier motions to depose and to disqualify Mr. Bosch.

I. **Defendants Waived Their Hearsay Challenge When They Introduced the Letters in Support of Summary Judgment Motions.**

Defendants themselves introduced and relied on the Letters in prior briefing on summary judgment – for the very purpose that Plaza will offer them: as requests for basic information about RSD, its membership, and its ability to perform tenant's obligations under the Ground Lease. *See, e.g.*, ECF No. 127, Def. IWA's Opp. to Pl.'s Mot. for Partial Summ. J. at 8-10 & Exs. H, I, K, L, N, P; ECF No. 409, Defs.' Mot. for Summ. J. on Fraudulent Conveyance Claim at 5-6, 13; ECF No. 410, Def. IWA's Mot. for Summ. J. at 6; ECF No. 410.1, Defs.' Joint Statement of Material Facts ¶¶ 85-98 & Exs. 36, 38, 41, 44. In so doing, Defendants waived the hearsay objection they are now making. *Motor Club of Am. Ins. Co. v. Hanifi,* 145 F.3d 170, 175 (4th Cir. 1998) (holding that the defendant waived its hearsay objection to evidence proffered by the plaintiff where the defendant submitted the same evidence in support of its own prior motions); *Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 243 (D. Md. 2012) ("Plaintiffs cannot in good conscience ask the court to rely on the discovery responses in support of their motion and then argue that the evidence is incompetent to the extent that [the defendant] relies on the same evidence."). This waiver alone is reason enough to deny Defendants' motion in limine seeking to exclude the Letters.

II. **Plaza Does Not Plan to Offer the Letters for the Truth of the Matters Asserted Therein.**

"Out-of-court statements constitute hearsay only when offered in evidence to prove the truth of the matter asserted." *In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig.*, 810 F.3d 913, 925-26 (4th Cir. 2016) (quoting *Anderson v. United States,* 417 U.S. 211, 219 (1974); Fed. R. Evid. 801(c)(2). "A statement that would otherwise be hearsay may nevertheless

be admissible if it is offered to prove something other than its truth," such as to show notice or effect on the recipient. *In re C.R. Bard, Inc.*, 810 F.3d at 926.

Plaza plans to offer the letters to show that, following IWA's assignment of the Ground Lease to RSD, Plaza sought basic information about RSD's identity and its ability to perform the tenant's obligations under the Ground Lease. Over the course of the correspondence between Mr. Bosch and Mr. Barron, RSD refused to provide meaningful responses to these questions, and evaded Plaza's inquiries. "'An inquiry is not an 'assertion,' and accordingly is not and cannot be a hearsay statement.'" *Quartararo v. Hanslmaier*, 186 F.3d 91, 98 (2d Cir. 1999) (quoting *United States v. Oguns,* 921 F.2d 442, 449 (2d Cir. 1990)). It is not necessary to establish the truth of any matters asserted in the Letters to show that Plaza made these inquiries, and that they prompted Mr. Barron's obfuscation in response.[1]

### III. Defendants Do Not Need to Call Mr. Bosch as a Witness or Depose Him for the Letters to be Admitted

Defendants argue that if the Letters are admitted, they will need to depose Mr. Bosch and/or call him as a witness in order to examine him as to the accuracy of the statements contained in the Letters. There is no need to depose Mr. Bosch or call him as a witness, because the letters are offered not for their truth but to show that Plaza requested basic information about RSD.[2]

---

[1] In any event, the Letters are sufficiently reliable to be admitted under Fed. R. Evid. 807, which provides that "a hearsay statement is not excluded" when "the statement is supported by sufficient guarantees of trustworthiness" and is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." *See Steinberg v. Obstetrics-Gynecological & Infertility Grp., P.C.* 260 F. Supp. 2d 492, 494-498 (D. Conn. 2003) (finding that a letter from the plaintiff's former attorney did not "lack trustworthiness" even though the author "had a personal interest and an obligation to advocate for her client.").

[2] Even if the Letters were being admitted for their truth, Rule 807's "trustworthiness requirement . . . serves as a surrogate for the declarant's in-court cross-examination." *United States v. Shaw*, 69 F.3d 1249, 1253 (4th Cir. 1995) (citing *Idaho v. Wright*, 497 U.S. 805, 820 (1990)).

The Court has already ruled that Mr. Bosch is not a necessary witness. *See* ECF No. 380, Nov. 2, 2023, Mem. Op. at 4. More recently, the Court denied Defendants' attempt to disqualify Mr. Bosch, which was based entirely on the same premise that Defendants advance in this motion. The Court also has already considered the Letters in depth and ruled as a matter of law that Defendants in those letters did not meet their obligation to "provide information sufficient to give Plaintiff adequate assurance that RSD can fulfill IWA's obligations under the Ground Lease and Estoppel Agreement." ECF No. 151, Aug. 3, 2022, Mem. Op. at 19-20.

As Plaza has argued before, Mr. Bosch is far from the only person with knowledge of these communications. The business principals who hid behind Mr. Barron, including Messrs. Feltman (for the IWA member of RSD) and Taylor (for the Algon member of RSD), have personal knowledge of the letters and the information they contain. So too does Mr. Barron himself, as he was the frontman for RSD. Indeed, Mr. Barron has already provided deposition testimony confirming the substance of those communications. In short, Mr. Bosch's testimony is not necessary, and the Court should deny Defendants' continued attempts to put Plaza's trial counsel on the stand.

**IV.    Conclusion**

For the reasons articulated above, the Court should deny Defendants' Motion in Limine to preclude Plaza from offering the Letters at trial and deny Defendants' alternative request to depose Mr. Bosch.

Dated: July 29, 2024                              Respectfully submitted,


                                                   */s/ William M. Bosch*

William M. Bosch
Deborah B. Baum
Anthony Cavanaugh
Alvin Dunn
Katherine Danial
Nicole Steinberg
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone: 202-663-8000
Facsimile: 202-663-8007
william.bosch@pillsburylaw.com
deborah.baum@pillsburylaw.com
anthony.cavanaugh@pillsburylaw.com
alvin.dunn@pillsburylaw.com
katherine.danial@pillsburylaw.com
nicole.steinberg@pillsburylaw.com

*Counsel for Plaintiff Rock Spring Plaza II, LLC*

5