IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC<br><br>   Plaintiff,<br><br>  v.<br><br>INVESTORS WARRANTY OF AMERICA, LLC, et al.,<br>   Defendants. | Civil Action No. 8:20-cv-01502-PJM |

**PLAINTIFF ROCK SPRING PLAZA II, LLC'S
OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE PLAINTIFF FROM OFFERING TERM SHEETS AT TRIAL**

Plaintiff Rock Spring Plaza II, LLC ("Plaza") hereby opposes Defendants Investors Warranty of America, LLC's ("IWA") and Rock Spring Drive, LLC's ("RSD") Motion in Limine to preclude Plaza from offering at trial the term sheets that preceded the RSD Operating Agreement (the "Operating Agreement") (ECF No. 468).

Defendants mischaracterize the relevance of the term sheets and how Plaza plans to use them. Plaza is not pursuing a claim for breach of the Operating Agreement, is not seeking declaratory relief related to the Operating Agreement, and is not offering the term sheets to alter or interpret any provision of the Operating Agreement. Instead, Plaza will use the term sheets to demonstrate Defendants' bad faith and fraud. Therefore, the parol evidence rule does not apply, and the fact that the Operating Agreement has an integration clause is irrelevant.

**I. The Parol Evidence Rule Does Not Apply to Claims of Bad Faith and Fraud.**

The parol evidence rule precludes the admission of prior or contemporaneous negotiations to contradict unambiguous provisions of a final written agreement. But the term sheets are not being offered to establish the meaning of the Operating Agreement, and certainly not to contradict any of its provisions. Rather, they are being offered as evidence of Defendants' fraud, and the

parol evidence rule simply does not apply to evidence of negotiations introduced to demonstrate bad faith or fraud.

Defendants rely on *Calomiris v. Woods*, but *Calomiris* makes clear the parol evidence rule will not exclude evidence introduced to establish "fraud, duress, mistake, or some countervailing public policy[.]" *Calomiris v. Woods*, 353 Md. 425, 445 (1999). *Calomiris* therefore supports Plaza, which plans to use the term sheets not to alter, vary, or contradict the Operating Agreement but to illustrate Defendants' intentions in connection with IWA's exit strategy, executed through the formation of RSD and the assignment of IWA's interest in the Ground Lease to RSD.

## II. The Integration Clause Does Not Preclude Using the Term Sheets to Show Bad Faith and Fraud.

Nor does the Operating Agreement's integration clause prevent Plaza from using the term sheets at trial. Plaza is not a party to the Operating Agreement, is not suing under the Operating Agreement, and is not offering the term sheets in support of any particular interpretation of any provision of the Operating Agreement. Again, Plaza intends to use the term sheets and the final Operating Agreement to show Defendants' bad faith and fraud, and Defendants cannot hide evidence of their fraudulent intent behind an integration clause. *See Greenfield v. Heckenbach*, 144 Md. App. 108, 124, 140 (2002) ("An allegation that fraud caused the execution of an agreement renders a merger clause in that agreement inconclusive."); *see also Fowler v. Benton*, 229 Md. 571, 583 (1962) (merger clauses do not bar evidence of fraud).

Defendants' assertion that the term sheets are not relevant is also wrong. The term sheets are highly relevant to the issues of bad faith and fraud that are central to Plaza's case. Rule 402 of the Federal Rules of Evidence provides that all relevant evidence is admissible, except as otherwise provided by law or other the other evidentiary rules, and Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as evidence that "has any tendency to make" a fact of consequence

"more or less probable than it would be without the evidence." The term sheets manifest the intentions and understandings of the parties prior to the execution of the Operating Agreement, evidence that is central to Plaza's bad faith and fraud claims. *Levin v. Singer*, 227 Md. 47, 63–64 (1961) ("This Court has held that the existing intention of a party at the time of contracting is a matter of fact, and the rule has been adopted in this State that fraud may be predicated on promises made with a present intention not to perform them."). Excluding such evidence would unjustly hinder Plaza's ability to present its case fully and fairly.

The Court should deny Defendants' Motion in Limine to preclude Plaza from offering at trial the term sheets that preceded the Operating Agreement.

Dated: July 29, 2024                                                                 Respectfully submitted,

*/s/ William M. Bosch*
William M. Bosch
Deborah B. Baum
Anthony Cavanaugh
Alvin Dunn
Katherine Danial
Nicole Steinberg
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone: 202-663-8000
Facsimile: 202-663-8007
william.bosch@pillsburylaw.com
deborah.baum@pillsburylaw.com
anthony.cavanaugh@pillsburylaw.com
alvin.dunn@pillsburylaw.com
katherine.danial@pillsburylaw.com
nicole.steinberg@pillsburylaw.com

*Counsel for Plaintiff Rock Spring Plaza II, LLC*