IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROCK SPRING PLAZA II, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**INVESTORS WARRANTY OF AMERICA, LLC,** *et al.*,<br><br>    Defendants. | Civil No. **20-1502 PJM** |

## **MEMORANDUM OPINION**

On August 8, 2024, the Court held a Pretrial Conference hearing in the above-captioned case. During the hearing, the Court provided counsel for the parties with a written Opinion on Defendants' Joint Motion for a Non-Advisory Jury Trial on Count I and All Common Issues of Fact (ECF No. 477). As the Court indicated at the hearing, the Court has considered Defendants' Motion and Plaza's response, and the Court will **GRANT** Defendants' Motion (ECF No. 477). What follows is a reproduction of the Opinion distributed to counsel for the parties.

I.

In their Motion, Defendants argue that they are entitled to a jury trial on Count I and all common issues of fact because Count I (Wrongful, Invalid Assignment) sounds in contract and, in any event, Plaza's allegations about fraud require factfinding by a jury. Defendants say that, even though Plaza has styled its Second Amended Complaint to request only equitable relief, the factual predicates for any judgment in Plaza's favor will require the establishment of fraud, which must be tried by a jury under the Seventh Amendment to the U.S. Constitution.

1

Defendants request in the alternative that the Court delineate, prior to trial, "all claims that will be decided by the jury in its advisory capacity, and all claims that the Court reserves for its decisions."

For its part, Plaza contends that Defendants are not entitled to a jury trial as of right because the determining factor of when a trial by jury is constitutionally required is "the remedy sought," not the "subject matter or substantive rules" used to describe a claim. In this case, Plaza says, every one of its claims, and each of Defendants' counterclaims, seeks *equitable* relief, not damages. Further, fraudulent conveyance claims—the theory that undergirds each of Plaza's Counts—have long been understood by the courts to be equitable in nature. That Count I or any other claim can be described as a "contract," "contract-based," or "quasi-contract" claim is irrelevant, according to Plaza, because the relief sought by all parties is equitable, not damages. Accordingly, Plaza says, the Court should not empanel a jury at all. If the Court does decide to empanel a jury, Plaza suggests that the Court should clarify, before trial, that the jury will be advisory only as to all claims and facts. Plaza agrees with Defendants that, if any claim will be submitted to the jury-as-of-right, the Court should give pretrial notice to the parties about which claims will be submitted to the jury for binding verdicts, and which claims will be submitted to the jury in an advisory capacity.

## II.

"[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963) (per curiam). "The federal courts must, in a diversity action, resort to the State's substantive law to determine those issues which should be submitted to the jury . . . [b]ut once that determination is

made, it is for the federal courts to use federal standards in deciding whether a jury is to be used." *Shenandoah Life Ins. Co. v. Hawes*, 256 F. Supp. 366, 368 (E.D.N.C. 1966).

The Seventh Amendment preserves the right to a jury trial "[i]n suits at common law." U.S. Const. amend. VII. That guarantee applies only to cases at heard by courts of *law*, not cases that were heard in courts of equity before the merger of those courts. *See Chauffeurs, Teamsters & Helpers Loc. No. 391 v. Terry*, 494 U.S. 558, 565 (1990). Where a case presents both legal and equitable issues, the jury trial right demands that legal issues be heard by a jury before the equitable issues are determined by a judge. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962).

To determine whether a party has a right to a jury, the courts perform a two-step inquiry, which considers (1) "the cause of action" and (2) "the remedy it provides." *SEC v. Jarkesy*, 144 S. Ct. 2117, 2129 (2024). "Since some causes of action sound in both law in equity," the question of remedy is the "more important" consideration." *Id.*; *see Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)).

The Court first examines the nature of the claims at issue. Count I of Plaza's Second Amended Complaint, "Wrongful, Invalid Assignment," seeks a declaratory judgment that IWA's "purported assignment to [RSD] was wrongful and invalid," as well as a judgment that "void[s] the assignment," or, in the alternative "declare[s] that IWA remains in privity of contract with" Plaza "under the Ground Lease and therefore is jointly and severally liable with RSD for the satisfaction of the tenant's obligations under the Ground Lease." ECF No. 196 at 11. In a word, Count I is a declaratory judgment action based, in part, on what appear to be contract-like theories of liability.

Whether a party proceeding in declaratory judgment action has a right to a jury depends on whether that party would have a right to a jury trial had the party not sued under the declaratory judgment vehicle. *See In re Lockheed Martin Corp.*, 503 F.3d 351, 355 (4th 2007) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959)).

Contract claims are traditionally understood to be legal claims because the traditional form of remedy for a breach of contract is compensatory damages, a legal remedy. *See Selective Way Ins. Co. v. Nationwide Prop. & Cas. Ins. Co.*, 242 Md. App. 688, 756 (2019) ("[P]arties are constitutionally entitled to have a jury determine the level of damages for breach of contract claims in which damages are in dispute." (citation and quotation marks omitted)). However, notwithstanding its label or precise legal theory, a contract-based claim may not implicate the jury trial right if the issues presented and the relief sought are equitable. *See Zhou Jie Plant v. Merrifield Town Ctr. Ltd. P'ship*, 711 F. Supp. 2d 576, 597 (E.D. Va. 2010) ("[B]ecause because plaintiffs only seek equitable rescission, they are not entitled to a jury trial." (citing *Ross v. Bernhard*, 396 U.S. 531, 537-38 (1970)).

Applying these principles, the Court turns to examine the relief sought as to each claim in the case.

Beyond a declaration about the parties' respective rights, Count I of Plaza's Second Amended Complaint seeks to "void" (i.e., rescind) or "set aside" the Assignment. Both these forms of relief sound in equity, not law. *See Zhou Jie Plant*, 711 F. Supp. 2d at 597; *Van Royen v. Lacey*, 262 Md. 94, 97 (1971) (observing that actions to "set aside" conveyances are heard in equity). Counts II and III of Plaza's Second Amended Complaint likewise seek either a declaratory judgment that a fraudulent conveyance occurred (Count II), or a set aside of the Assignment (Count III).

As to Counts IV and V, both Counts request that the Court pierce Defendants' corporate veils. Piercing the corporate veil, of which the "alter-ego" theory is a derivation, is a quintessential equitable remedy. *See Hildreth v. Tidewater Equip. Co.*, 378 Md. 724, 735 (2003) ("[P]iercing the corporate veil is founded on equity[.]"); *see also Smith v. Richels (In re Richels)*, 163 B.R. 760, 763 (Bankr. E.D. Va. 1994) ("Customarily, the doctrine of piercing the corporate veil is an equitable principle employed to hold a shareholder liable for corporate acts.").

But "[t]he decision to pierce the corporate veil depends largely on the resolution of questions of fact." *In re Cty. Green Ltd. P'ship*, 604 F.2d 289, 292 (4th Cir. 1979). Under Maryland law, courts are permitted to pierce the corporate veil only upon a showing of fraud or to enforce a paramount equity. *See Qun Lin v. Cruz*, 247 Md. App. 606, 640 (2020). In practice, Maryland courts are exceptionally resistant to piercing the corporate veil to enforce a paramount equity. *See id.* at 641. This means, in effect, that the surest way to pierce the corporate veil is through a showing of fraud. *See id.*

The existence or nonexistence of fraud in the creation of RSD and the Assignment is the question at the heart of each of Plaza's claims and Defendants' counterclaims. Fraud is widely understood as a common law claim giving rise to the jury trial right. *See Jarkesy*, 144 S. Ct. at 2130; *accord Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) (jury trial required for fraudulent conveyance claim). The existence or nonexistence of fraud in the Assignment presents legal issues that will need to be determined by a jury at trial before the Court weighs the propriety of rescission, the equitable relief Plaza seeks.

## Conclusion

In sum, for the foregoing reasons, the Court **ORDERS** that:

5

1. Defendants' Joint Motion for a Non-Advisory Jury Trial on Count I and All Common Issues of Fact (ECF No. 477) is **GRANTED**.

A separate Order will **ISSUE**.

August 8, 2024

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE