IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| ROCK SPRING PLAZA II, LLC, | ) <br> ) <br> ) |
| *Plaintiff*, | ) <br> ) |
| v. | )    Civil Action No. 20-cv-01502-PJM <br> ) |
| INVESTORS WARRANTY OF AMERICA, LLC, et al., | ) <br> ) <br> ) |
| *Defendants*. | ) |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
PROPOSED JUDGMENT AND ORDER AND RESPONSE TO PLAINTIFF'S
OBJECTIONS TO DEFENDANTS' PROPOSED JUDGMENT AND ORDER**

Plaintiff requests that this Court enter a judgment that goes well beyond the issues the jury decided at trial.

Federal Rule of Civil Procedure 58 authorizes the Court to enter judgment following the verdict, but the judgment may not go beyond what the jury found or purport to summarize Plaintiff's pleadings. Fed. R. Civ. P. 54(a) ("Definition; Form. 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings."); 9B *Fed. Prac. & Proc. Civ.* § 2510 (3d ed.) ("If the jury finds the facts on the controlling issues and there is no contradictory finding, the court is authorized, under Rule 58, to enter an appropriate judgment on the special verdict in conformity with the jury's findings.").

*Count 1 – "Wrongful, Invalid Assignment"*

As to Count 1, the jury found only that the Assignment "was wrongful and invalid" and that IWA had not proven its affirmative defenses of waiver, estoppel, or release. *See* ECF 581

(verdict form), questions 1-4. But Plaintiff asks this Court to go far beyond that verdict and instead declare that "IWA did not comply with its contractual obligations, the covenant of good faith and fair dealing, and public policy." ECF 587-1 ("Pl. Prop. Judgment") at ¶ 1.

This judgment is not supported by the jury's verdict. The jury did not return a verdict that IWA breached the contract. Plaintiff does not identify in its proposed order what contractual obligation IWA breached did not do so at trial. The jury did not return a verdict that IWA violated the covenant of good faith and fair dealing; Plaintiff does not identify in its proposed order how IWA did so. The jury also did not return a verdict that IWA violated public policy, and Plaintiff does not identify in its proposed order what public policy IWA violated and did not do so at trial.

Defendant's proposed judgment conforms to the jury's verdict, stating only that the Assignment was "wrongful and invalid."

*Count 2 - Fraudulent Conveyance*

Plaintiff complains that Defendants' proposed judgment "improperly limits the fraudulent conveyance judgment to MD Code 15-207." ECF 589 at 1. In support of this argument, Plaintiff cites the verdict form and its Second Amended Complaint.

The parties and the Court properly removed all statutory references in the verdict form and in the jury instructions, and so the lack of a statutory reference in the verdict does not support Plaintiff's argument. Plaintiff next cites the Second Amended Complaint (ECF 196). The Second Amended Complaint (ECF 196) refutes this argument because Plaintiff alleged "[t]he conveyance was made with the intent to hinder, delay, or defraud Landlord." This allegation tracks the language of § 15-207. Plus, Plaintiff has relied on § 15-207 in support of its claim. *See, e.g.*, ECF 21 (Pl. Opp. Mot. to Dismiss) at 23 ("The Complaint States a Claim for Fraudulent Conveyance. Both Defendants contend that the complaint fails to state a claim for fraudulent conveyance as a matter

of law. The Maryland Uniform Fraudulent Conveyance Act provides that '[e]very conveyance made . . . with actual intent . . . to hinder, delay, or defraud present or future creditors, is fraudulent as to both present and future creditors." **Md. Code. Ann., Com. Law § 15-207"**) (emphasis added).[1]

Moreover, throughout this case, Plaintiff relied on the "badges of fraud" to support its claims. Maryland law adopts the "badges of fraud" analysis to prove actual intent under § 15-207. *See, e.g.*, *United Bank v. Buckingham*, 301 F. Supp. 3d 547, 556 (D. Md. 2018) (applying "badges of fraud" approach from *Berger v. Hi–Gear Tire & Auto Supply, Inc.*, 257 Md. 470, 263 A.2d 507 (1970), in case brought under § 15-207). Having relied exclusively on § 15-207 during this litigation, the judgment should be limited to that section of Maryland law as well. Finally, the Court instructed the jury only on fraudulent conveyances under § 15-207. (Instruction No. 31) ("The assignment in this case, if made with actual intent to hinder, delay, or defraud Plaintiff Plaza, is fraudulent as to Plaintiff Plaza.").

For these reasons, the judgment should be limited to finding a fraudulent conveyance under § 15-207.

*Declaratory Relief*

Plaintiff's proposed declaratory relief goes beyond what it requested in this case and beyond the jury's verdict.

---

[1] Plaintiff did not, for example, allege that the Assignment was a fraudulent conveyance because IWA was insolvent (Md. Code § 15-205); that IWA conveyed it "without fair consideration" and was "engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital" (Md. Code § 15-205); that IWA was about to incur debts (Md. Code § 15-206); or that it was an improper conveyance of partnership property (Md. Code § 15-208).

First, Plaintiff requests that the Assignment be "annulled and set aside." Pl. Prop. Judgment ¶ 4. In the operative complaint, however, Plaintiff requested only that the Assignment be "set aside." ECF 196 (2nd Am. Compl.) at ¶ 60 ("Accordingly, the Court should set aside the fraudulent conveyance under Md. Comm. Law § 15-210."); Prayer for Relief at 2 ("Plaintiff prays that this Court . . . (b) [s]et aside the assignment"). Plaintiff cannot make a post-trial request to change the relief it requested in its complaint.

Second, Plaintiff asks this Court to now declare a particular interpretation of the Ground Lease and Estoppel Agreement. Pl. Prop. Judgment ¶¶ 5-7. Again, Plaintiff asks for a judgment based on relief that is not requested in its complaint. Plaintiff never asked this Court to interpret the Ground Lease and Estoppel Agreement. The jury's verdict form does not support this declaratory relief. In addition, the proposed interpretation is vague as it contains undefined phrases such as "independently capable." Plaintiff does not offer here—and has never been able to provide—any case law, statute, or other source of this supposed standard. Indeed, the complaint nowhere even uses the phrase at all. The Court should not declare that the contracts here have a particular meaning when Plaintiff has never alleged in any complaint that they had this meaning. Again, Plaintiff cannot make a post-trial request to change the relief it requested in its complaint.

Finally, Plaintiff includes a broad statement that "any and all prior rulings made by the Court disposing of any claims against any parties are incorporated by reference herein." Pl. Prop. Judgment at 3. The judgment should identify all such "rulings" given the length of litigation in this case and so the record is clear for the appeal.

*Stay Pending Appeal*

Defendants request that the judgment be stayed pending appeal. The logistics of transferring the tenancy from RSD to IWA are substantial as it would involve ending numerous

4

contracts with vendors who maintain the property, changing utilities, and so forth. Given that Plaintiff has not alleged any prejudice arising from such a stay, and has never alleged that RSD has not met all financial and non-financial obligations under the Ground Lease, the Court should grant a stay.

Dated: October 8, 2024                              Respectfully submitted,

| ARNALL GOLDEN GREGORY, LLP | KROPF MOSELEY PLLC |
|---|---|
| */s/ Rebecca A. Davis* | /s/ *Sara E. Kropf* |
| Rebecca A. Davis (Bar No. 23183) | Sara E. Kropf (Bar No. 26818) |
| Rebecca.Davis@agg.com | Rebecca Guiterman (pro hac vice) |
| Jennifer Shelfer (*pro hac vice*) | 1100 H Street NW, Suite 1220 |
| Jennifer.Shelfer@agg.com | Washington, DC 20005 |
| 171 17th Street, Suite 2100 | (202) 627-6900 |
| Atlanta, Georgia 30363 | sara@kmlawfirm.com |
| Telephone: (404) 873-8768 | rebecca@kmlawfirm.com |
| | |
| *Counsel for Defendant Investors Warranty of America, LLC* | *Counsel for Rock Springs Drive LLC* |

5

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 8th day of October 2024, the foregoing notice was served through the court's electronic filing system on all counsel of record.

                                            /s/ Rebecca A. Davis
                                            Rebecca A. Davis