IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROCK SPRING PLAZA II, LLC, *

Plaintiff, *

v. * Case No. 8:20-cv-01502-JRR

INVESTORS WARRANTY OF AMERICA, LLC, *et al.*, *

Defendants. *

* * * * * *

## MEMORANDUM ORDER

This case was referred to me for a report and recommendation on the Renewed Motion for Attorney's Fees (ECF No. 621) filed by Plaintiff Rock Spring Plaza II, LLC, and for the resolution of related motions. ECF No. 636. Pending before the Court are two motions to seal (the "motions") (ECF Nos. 628 & 634). In both motions, Plaintiff seeks leave of Court to file under seal certain evidence submitted in support of its Renewed Motion for Attorney's Fees. The first motion to seal (ECF No. 628) seeks an order sealing Exhibits 15 and 16, which are partially redacted billing records from two law firms retained by Plaintiff in connection with this case.[1] The second motion to seal (ECF No. 634) seeks an order sealing Exhibits 17-A through 17-C, which contain partially redacted billing records related to the Renewed Motion for Attorney's Fees. No objections were filed. I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Court will deny the motions to seal and direct that Plaintiff either file Exhibits 15, 16, and 17-A through 17-C on the public record or withdraw them from the Court's consideration.

---

[1] Plaintiff has withdrawn its request (ECF No. 625) for the Court to conduct an in camera inspection of its unredacted billing records. ECF No. 628 at 3. The Clerk shall **TERMINATE** ECF No. 625 as withdrawn.

**I. Motions to Seal**

The public and press have a "qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). There are two sources of the public right of access: the common law and the First Amendment. Under the common law, there is a presumptive right of access to all judicial records and documents, but this presumption can be rebutted if "the public's right of access is outweighed by competing interests." *In re Application for an Order Pursuant to 18 U.S.C. § 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013) ("*In re § 2703(d)*") (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The First Amendment's right of access is "more rigorous" but only applies to a narrow class of documents, including documents filed in connection with a motion for summary judgment. *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 171 (4th Cir. 2024); *see also Johnson v. Balt. City Police Dep't*, No. ELH-12-2519, 2013 WL 497868, at *2 (D. Md. Feb. 7, 2013) (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575-76 (4th Cir. 2004)). Documents subject to the First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Oberg*, 105 F.4th at 171 (quoting *Doe*, 749 F.3d at 265-66).

"Thus, while common-law protections are broad but shallow, First Amendment protections are narrower but deeper." *Id.* "Regardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Wash. Post*, 386 F.3d at 576 (quoting *Stone v. Univ. of Md. Med. Sys.*, 855 F.2d 178, 182 (4th Cir. 1988)). Before ruling on a motion to seal, the Court must determine the source of the right of access with respect to each document, give the public notice of the request to seal and a reasonable opportunity to oppose the request, and consider less drastic alternatives to sealing. *Id.* Local Rule 105.11

implements these requirements. Under this rule, a motion to seal must include "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Loc. R. 105.11.

Plaintiff's billing records are judicial records. Plaintiff filed them to prove that its request for more than $11 million in attorney's fees and costs is reasonable, and the Court will be required to consider the records in crafting its report and recommendation on Plaintiff's motion. *See In re § 2703(d)*, 707 F.3d at 290 ("[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights.").

Because the exhibits that Plaintiff seeks to seal are judicial records, the common law presumption of access attaches to them. And while the Fourth Circuit has not specified what level of scrutiny applies to documents like these (the "countervailing interests" test under the common law or the "compelling interest" test under the First Amendment), the Court finds that Plaintiff cannot satisfy even the less demanding countervailing-interests test. The Court will therefore assume that this test applies.

Plaintiff does not contend that sealing is necessary to protect against the disclosure of privileged information.[2] Instead, it argues that the partially redacted billing records "reveal the dates and duration of specific tasks, and sufficient detail to allow inferences about Plaintiff's litigation strategy, areas of focus, and resource allocation throughout this case." ECF No. 628 at 2; *see also* ECF No. 634 at 2 ("Even with the redactions, the narratives reveal the dates and duration

---

[2] Plaintiff has redacted portions of the billing narratives that contain privileged or confidential information, and the portions of the records that relate to work that Plaintiff has elected to exclude from its fee petition. ECF Nos. 628 at 2 ("Plaza has redacted . . . those portions of the narrative descriptions that contain privileged or confidential information."); 634 at 2 ("Plaza has redacted from the Additional Invoices those portions of the narrative descriptions that contain privileged or confidential information.").

of specific tasks, and sufficient detail to allow inferences about Plaintiff's litigation strategy, areas of focus, and resource allocation throughout this case."). Plaintiff argues that, even with redactions, the exhibits contain "confidential business information of both Plaintiff and its counsel" and that public disclosure "would cause competitive harm to Plaintiff and its counsel, with no corresponding benefit to the public." ECF Nos. 628 at 3; 634 at 2. Plaintiff supposes that its invoices are of no significant public concern and that any public interest in the records is "minimal." *Id.*

Plaintiff has not demonstrated sufficient cause to justify sealing the partially redacted records.[3] Plaintiff's concern that the disclosure of "confidential business information" would cause "competitive harm" is conclusory and nonspecific. But even if the Court were to accept this justification in a general sense, it is unclear how disclosure could harm Plaintiff or its attorneys. The litigation in this case has gone on for over six years. Judgment has been entered in Plaintiff's favor, the Fourth Circuit has affirmed that judgment, and the Fourth Circuit has issued its mandate. The judgment is final and Plaintiff has prevailed. Defendants, the only adversaries who might have been able to exploit Plaintiff's litigation strategy to their advantage, already have access to the partially redacted records. Sealing would only shield the records from the public.

Plaintiff has already disclosed the substance of what it now seeks to protect. To support its request, Plaintiff publicly described each attorney's role in the litigation, the research and strategy behind key motions, its staffing decisions, and the work reflected in the invoices. *See* ECF Nos. 624-1, 626 & 633-1. Defendants, in turn, publicly analyzed the partially redacted invoices in detail, and Plaintiff responded on the public record without seeking to seal any of it. See ECF Nos. 632

[3] Plaintiff also fails to show that alternatives to sealing would not provide sufficient protection.

& 633. Plaintiff does not identify any narrative-level detail in Exhibits 15, 16, or 17-A through 17-C whose disclosure would cause competitive harm beyond what it has already chosen to reveal. Much of the information in the invoices is also already public: Plaintiff's attorneys' hourly rates, the discounts Plaintiff received, the amounts billed on each invoice, and the hours Plaintiff's lawyers billed for each phase of the litigation. That the public already has access to this information cuts against Plaintiff's argument that the same sort of information should be sealed.

For these reasons, the Court finds that Plaintiff has not carried its burden to justify sealing Exhibits 15, 16, and 17-A through 17-C. The motions to seal are denied. In accordance with Local Rule 105.11, Plaintiff may either file the partially redacted records on the public docket or withdraw them entirely from the Court's consideration. Plaintiff shall advise the Court of its election within 14 days of the date of this Order, as instructed below.

## II. Rule 502(d) Order

If Plaintiff chooses to file the partially redacted records on the public docket, the redactions themselves will present a separate problem. Plaintiff bears the burden of proving that the fees it seeks are reasonable. Defendants argue that they are unable to fully test the reasonableness of Plaintiff's fees because certain narratives are redacted, and that the Court should either order Plaintiff to produce unredacted copies or deny any award of fees for the redacted entries. ECF No. 632 at 46-47.[4] Plaintiff responds that the partially redacted records are sufficient and offers to submit unredacted entries to the Court for in camera review if the Court wishes to "test the entries without forcing disclosure of privileged strategy to Defendants." ECF No. 633 at 17, 18 n.14.

---

[4] Defendant Rock Springs Drive LLC principally argues that it is not subject to an award of fees, regardless of whether they are reasonable. ECF No. 631. But in the alternative, it adopts Defendant Investors Warranty of America, LLC's arguments as to the reasonableness of the claimed fees. *Id.* at 2 n.1.

Given the circumstances of this case, the Court is not satisfied with either side's suggested approach. In camera review would require the Court to review a substantial portion of Plaintiff's fee request without the benefit of adversarial testing. This would burden the Court by requiring it to decide the reasonableness of fees in the abstract, without adversarial argument, and without the institutional knowledge of the judge who presided over the case. And it would deprive Defendants of the ability to fairly respond to Plaintiff's fees because they have not seen what they are responding to. Defendants' approach is also problematic. It would have Plaintiff choose between waiving privilege and forfeiting fees.

Federal Rule of Evidence 502(d) offers a better approach. This rule provides that a federal court may order that the attorney-client privilege or work-product protection "is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). Unlike an agreement between the parties, which "is binding only on the parties to the agreement," *see* Fed. R. Evid. 502(e), an order under Rule 502(d) binds parties, non-parties, and other courts.

The Court intends to enter an order under Rule 502(d) that would allow Plaintiff to produce unredacted invoices to Defendants without waiving privilege or work-product protection in this case or in any other proceeding, as to Defendants or as to anyone else.[5] Defendants would be permitted to fully review the narratives for the work they may be ordered to pay for. And the Court would be able to resolve the parties' arguments about specific entries on a full record. The Court would not order Plaintiff to file the unredacted invoices on the public record but would instead permit Plaintiff to file them under seal. If Plaintiff does not agree to this proposal, the Court would

[5] This production would be subject to appropriate confidentiality restrictions, redaction for any entries for which Plaintiff does not seek recovery of fees, and other redactions of information not material to the issue of whether Plaintiff's attorneys' rates and hours were reasonable.

likely order Plaintiff to re-redact its billing records and prepare a privilege log for each redacted entry. Plaintiff will be spared the time, effort, and (likely) uncompensated expense of doing so if it agrees to entry of a Rule 502(d) order.

The Court proposes the following language for the order. The Court's intention is for the order to be sufficiently broad to allay any concerns that Plaintiff's disclosure of unredacted billing records might constitute a waiver of privilege or work-product protection in any proceeding, in any court, and as to any other person or entity.

> Pursuant to Federal Rule of Evidence 502(d), Plaintiff Rock Spring Plaza II, LLC's production of billing records that may be protected by privilege or work-product protection shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by Plaintiff Rock Spring Plaza II, LLC of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

Within 14 days of the date of this Order, the parties shall file a joint status report addressing the following topics:

1. Whether the parties consent to entry of a Rule 502(d) order, and if not, why not.

2. Whether any party suggests a modification to the Court's proposed Rule 502(d) order.

3. A proposed timeline for the production of unredacted billing records and a proposed supplemental briefing schedule for Defendants to address *only* the reasonableness of the entries that were previously redacted and for Plaintiff to reply to Defendants' limited argument.

4. Whether Plaintiff will file the partially redacted records (Exhibits 15, 16, and 17-A through 17-C) on the public record or withdraw them from the Court's consideration.

5. Whether the parties wish to be referred to another magistrate judge for a settlement conference. Any referral for a settlement conference will not delay the work of the undersigned in reviewing the parties' submissions and preparing a report and recommendation for the presiding judge.

It is so ordered.

Date: November 9, 2026

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge